**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH COUNTY DIVISION**

| | |
|---|---|
| **ILLOOMINATE MEDIA, INC.**, a Florida Corporation, and **LAURA LOOMER**, a Florida Individual, )<br>)<br>)<br>) | **Case No. _____** |
| Plaintiffs, )<br>) | |
| v. )<br>) | |
| **CAIR FLORIDA, INC.**, a Florida Corporation, **CAIR FOUNDATION**, a District of Columbia Corporation,[1] TWITTER, INC., a Delaware Corporation, and John Does 1-5, , *et al.;* )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

**TO THE CLERK OF COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant CAIR Foundation, with the consent of Defendant Council on American Islamic Relations, Florida Chapter (collectively, "Defendants"),[2] removes this case from the Circuit Court of Palm Beach County, Florida, where it is currently pending as case No. 50-2019-CA-5121-XXXX, to the United States District Court for the Southern District of Florida, West Palm Beach Division.

---

[1] The Complaint incorrectly alleges that CAIR Foundation is an Oklahoma Corporation.

[2] John Does 1-5 and Twitter, Inc., a Delaware Corporation headquartered in California, have not been served. Twitter was voluntarily dismissed without service.

Plaintiffs served CAIR Foundation on July 23, 2019.   Exhibit A.   CAIR Foundation files this notice within 30 days of service as required by 28 U.S.C. § 1441(b)(2)(B).[3]

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all non-fraudulently-joined-parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

CAIR Foundation is a District of Columbia nonprofit headquartered in the District of Columbia. Illoominate Media, Inc. is a Florida business headquartered in Florida, and Laura Loomer is a citizen of Florida.   The only barrier to complete diversity is the presence in this lawsuit of CAIR Florida, a Florida nonprofit headquartered in Florida.   But CAIR Florida was fraudulently joined

The only time CAIR-Florida is even discussed in the factual allegations (that is, other than the description of the Parties and the listing of Counts that refers to Defendants collectively) in the Amended Complaint (Exhibit B) are as follows:

> Para. 9: Rather than being the result of a [Terms of Service] violation, Ms. Loomer's ban from Twitter was, upon information and belief, proximately caused by defendants CAIR Florida, organization [sic] the Federal Bureau of Investigation has identified as the U.S. "face" of the Mideast terrorist group Hamas, and CAIR National (collectively, "CAIR" or "CAIR / Hamas").

> Para. 59: Notwithstanding the foregoing, in late November of 2018, Twitter permanently banned Ms. Loomer from Twitter per the

---

[3] Defendants were to file Motions to Dismiss in state court August 26 based on agreement of the parties. CAIR Foundation is prepared to file its Motion to Dismiss in this Court on or before August 29, *see* Federal Rule of Civil Procedure 81(c)(2)(C), unless this Court or the parties prefer a different deadline or prefer to deal with any Motion to Remand first.

instruction of defendant CAIR, and on information and belief, in concert with defendant CAIR Florida, using her tweet about Rep. Omar as a pretext.

Para. 104: CAIR/Hamas has chapters throught the U.S., including South Florida, where defendant CAIR Florida is based.

Paragraph 105: Because of her reporting activism on issues relating to terrorism and the State of Israel, Ms. Loomer, a resident of Palm Beach County, has been a thorn in the side of CAIR National, and of CAIR Florida in particular.

Para. 106: For example, in March of 2018 CAIR Florida prevented Ms. Loomer from attending, as a journalist, observer or otherwise, the trial of Noor Salman, who was accused of assisting her husband, Pulse Nightclub Omar Mateen, with planning and executing mass murder in the name of ISIS.

Para: 110, That same month, Ms. Loomer again incurred the wrath of CAIR Florida because of her support of Hallandale Beach Commissioner Anabelle Lima-Taub in her opposition to another Muslim elected to Congress, Michigan Rep. Rashida Tlaib.

Para.: 186: Rather, Ms. Loomer was banned, on information and belief, above all because Twitter and CAIR, and on information and belief Qatar, targeted her because of her past run-ins with CAIR Florida and because her strident criticism of CAIR's "favorite daughters"….

Paragraph 9 attempts to conflate CAIR Foundation and CAIR Florida, two separate entities.  The rest of the Complaint makes clear that the Complaint means CAIR Foundation when it says "CAIR" or the defamatory slur "CAIR/Hamas," and "CAIR Florida" when the Complaint means CAIR Florida.  Paragraph 9 also avers "on information and belief" a legal conclusion of causation but provides no facts in support of that conclusion.

Paragraphs 106 states that CAIR Florida banned Loomer from attending the trial of Noor Salman.  Ignoring that the Complaint does not explain how CAIR Florida could possibly do that, there are no causes of action based on that supposed ban.

Rather, the case is entirely about Twitter's ban of Loomer. Paragraphs 104-105 and 110 suggest that CAIR Florida did not like Loomer or Loomer's Islamophobia (illustrated by Loomer throughout her Complaint), which may very well be true, but does not allege CAIR Florida of doing anything.  Paragraph 186 suggests that CAIR Foundation may have "targeted" Loomer because Loomer had "run-ins" with CAIR Florida but again does not suggest that CAIR Florida did anything.

That leaves Paragraph 59.  Paragraph 59 alleges that CAIR Foundation (not CAIR Florida) instructed Twitter to ban Loomer.  This is not an allegation against CAIR Florida.  It then alleges, "on information and belief," that CAIR acted "in concert with defendant CAIR Florida."  This is a legal conclusion.

In contrast, there are extensive allegations against actions taken against Loomer by other CAIR chapters and individuals who are employed by those chapters. Paragraph 126 accuses the Michigan CAIR chapter of hosting a Muslim Imam. Paragraphs 171-72 attack CAIR's San-Francisco Bay executive director (part of an entity known as CAIR-California) for her criticism of Israel. Paragraph 190 accuses the director of litigation of the CAIR New York chapter for attacking Loomer on Twitter.  Paragraph 191 does the same to the director of outreach for the CAIR New York chapter.  But Loomer brings no causes of action against CAIR-Michigan, CAIR-California, or CAIR-New York.

The test for determining whether or not a defendant has been fraudulently joined is whether "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs v. John Crump Toyota*, 154 F.3d

1284, 1287 (11th Cir. 1998) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983)); *see, e.g., Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979) ("If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal.").  In order to make this determination, a court must "pierc[e] the pleadings," *Keating v. Shell Chem. Co.*, 610 F.2d 328, 331 (5th Cir. 1980), which requires them to look at the actual factual basis for alleging claims against a particular defendant, *Dodd v. Fawcett Publications,* Inc., 329 F.2d 82, 85 (10th Cir. 1964), *cited by Keating*; *see also Charest v. Olin Corp.*, 542 F. Supp. 771, 775 (N.D. Ala. 1982) ("a district court must evaluate all factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff") (citing *Keating*).

As a result, Plaintiffs' conclusory speculation that CAIR-Florida must have done something to cause Twitter to ban Loomer is simply insufficient even if Twitter banning Loomer was something giving rise to a cause of action against anyone. *See Ferrell v. BGF Glob., LLC*, 15-cv-404, 2015 WL 6438988, at *3 (W.D. Okla. Oct. 21, 2015) ("[a]lthough defendant bears a heavy burden of proof on the fraudulent joinder issue, plaintiffs cannot rely on conclusory allegations and speculation in light of the evidence offered by defendant") (cleaned up) (quoting *In re Train Derailment Near Amite*, No. CIV.A. MDL 1531, 2003 WL 21715000, at *2 (E.D. La. July 18, 2003)); *Simmerman v. Ace Bayou Corp.*, 14-cv-382, 2014 WL 6633129, at *3 (E.D. Ky. Nov.

21, 2014) ("speculation" of a defendant's involvement in a complaint insufficient to avoid fraudulent joinder).

Defendants will be prepared to resolve any motion to remand by providing affidavits to the Court which will show that Plaintiffs' speculation is just that, and that CAIR and CAIR Florida did not have any discussions about Laura Loomer prior to this lawsuit at all, much less acted in any way that could constitute acting "in concert." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (both parties may supplement the pleadings with affidavits in determining fraudulent joinder, in proceedings akin to summary judgment).

Since CAIR Florida has been fraudulently joined, complete diversity of citizenship exists.

Although Plaintiffs do not expressly assert how much in damages they are seeking in their frivolous lawsuit, Plaintiffs allege that CAIR's conduct "caused [Loomer's] income to be reduced by 90% as well as other damage such as the loss of future employment and speaking opportunities as well as reduced access to online and other resources for publishing, fundraising, and financial services." Amended Complaint ¶ 195. Plaintiff also seeks injunctive relief and statutory attorneys' fees under the Florida Deceptive Trade Practices Act. Amended Complaint at Prayer for Relief; *see DeRochemont v. Volkswagen Grp. of Am., Inc.,* No. 8:15-CV-2726-T-23TBM, 2016 WL 11491346, at *1 (M.D. Fla. Jan. 28, 2016) (statutory fees included in determining jurisdictional amount in controversy). And Plaintiffs also reserve the right to obtain punitive damages. Amended Complaint at Reservation of Rights

Regarding Punitive Damages; *see also id.* at Trial by Jury Demanded (seeking a jury on punitive damages).

Common sense dictates that claims for loss of 90% of ones' income, punitive damages, attorneys' fees, and injunctive relief, when combined, exceed $75,000. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010). The jurisdictional minimum amount in controversy has been met.

DATED this 22nd day of August, 2019

<div style="margin-left:40%">

CAIR LEGAL DEFENSE FUND

/s/ YASIR BILLOO
Yasir Billoo
Florida Bar No.: 718351
INTERNATIONAL LAW PARTNERS
LLP
2122 Hollywood Blvd.
Hollywood, FL 33020
Phone: (954) 374-7722
Fax: (954) 212-0170
ybilloo@ilp.law
zkhanani@ilp.law

LENA F. MASRI (DC Bar # 1000019)*
JUSTIN SADOWSKY (DC: 977642)*
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
jsadowsky@cair.com

*Pro hac vice motion forthcoming*

</div>

**CERTIFICATE OF SERVICE**

I, _____, have served on the 22nd of August, 2019, this Notice of Removal on the Palm Beach County Circuit Court by filing it electronically with that Court.  I have also served this Notice of Removal on Plaintiffs' counsel, Steven W. Teppler, through this filing.

I have also caused this Notice of Removal to be served by email and US Mail upon the following counsel for Plaintiffs:

Steven W. Teppler
Mandelbaum Salsburg PC
11891 US Highway One, Suite 100
North Palm Beach, FL  33408
steppler@lawfirm.ms

Ronald D. Coleman
Mandelbaum Salsburg PC,
1270 Avenue of the Americas – Suite 1808
New York, NY 10020
rcoleman@lawfirm.ms

Lauren X. Topelsohn
Mandelbaum Salsburg PC,
3 Becker Farm Road
Roseland, NJ 07068
ltopelsohn@lawfirm.ms

/s/ Maha Elkolalli_____
Maha Elkolalli