UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

| | |
|---|---|
| **ILLOOMINATE MEDIA, INC.**, *et al.*,<br><br>*Plaintiffs*,<br><br>vs.<br><br>**CAIR FLORIDA, INC.**, *et al.*,<br><br>*Defendants*. | Civil Action: 9:19-cv-81179 |

**PLAINTIFFS' MOTION TO REMAND
TO THE CIRCUIT COURT OF PALM BEACH, FLORIDA**

Plaintiffs Illoominate Media, Inc. and Laura Loomer ("**Plaintiffs**"), by and through their undersigned counsel, move to remand this action to the Circuit Court of Palm Beach, Florida for lack of complete diversity, which was improperly removed by defendant CAIR Foundation, Inc. ("**CAIR Foundation**").

## INTRODUCTION

Plaintiff Laura Loomer ("**Loomer**") is a resident of Florida. (ACompl. Doc 1-2 at ¶12).[1] Plaintiff Illoominate ("**Illoominate**") is Florida corporation with its principal place of business in Palm Beach County. (Id. at ¶11). CAIR Foundation's co-defendant, CAIR Florida, Inc. ("**CAIR Florida**") is also a Florida corporation. (Id. at ¶13). Diversity, therefore, is incomplete.

CAIR Foundation however, claims that removal is proper based on this Court's diversity jurisdiction. (Notice of Removal, ECF 1). According to CAIR Foundation, there is diversity because CAIR Florida was fraudulently joined. As established below CAIR Foundation's removal was improper. The Amended Complaint clearly and explicitly sets out independent claims against

---

[1]The Amended Complaint, Notice of Removal Exhibit B (Doc 1-2) is cited as "**ACompl.**"

CAIR Florida that, to say the least, could lead to liability for that party under Florida law. CAIR Foundation's assertions to the contrary are not sustainable based on the applicable law nor the language of the Amended Complaint. Moreover, its self-serving offer to submit testimony in the form of affidavits would impermissibly require the Court to make dispositive findings on the merits of Plaintiffs' claims without an opportunity for discovery. CAIR Foundation fails to set out sufficient grounds to overcome the strong presumption in favor of remand in circumstances such as these, and remand is appropriate.

## MEMORANDUM AND ARGUMENT

**A MOTION TO REMAND BASED ON INCOMPLETE DIVERSITY MUST BE GRANTED IF THERE IS ANY POSSIBILITY THAT PLAINTIFFS COULD MAINTAIN A CAUSE OF ACTION AGAINST THE RESIDENT DEFENDANT IN STATE COURT**

Removal of a case from state to federal court is not a motion to dismiss. On a motion for remand based on a claim of fraudulent joinder, the Court is not tasked with assessing the plausibility of claims, i.e., their ability to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), nor the likelihood of their success. Rather, as the Eleventh Circuit has explained:

> [O]n a motion for remand, the federal court's analysis "*must* be limited to determining whether Plaintiffs *have even an arguable claim*. So, any ambiguity or doubt about the substantive state law favors remand to state court." *Crowe v. Coleman,* 113 F.3d 1536, 1539 (11th Cir.1997). We hold that, if there is *any possibility* that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is *necessary*. *Henderson,* 454 F.3d at 1284; *Crowe,* 113 F.3d at 1540; *see also Parks v. The New York Times Co.,* 308 F.2d 474, 477 (5th Cir.1962) ("[D]etermination of fraudulent joinder is to be based on whether there was a real intention on colorable grounds to procure a joint judgment. Doubt as to whether under the state law a case of joint liability is stated ... will not render the joinder fraudulent.")

*Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1298–99 (11th Cir. 2007) (emphasis added).

Here, however, CAIR Foundation's notice of removal reads like a motion to dismiss albeit a motion to dismiss another party (CAIR Florida). CAIR Foundation elides relevant, background allegations in the Amended Complaint with those that actually allege actionable conduct by CAIR Florida. Many of the allegations quoted in the notice of removal indicate why, in fact, CAIR Florida would have reason to act in concert with its national affiliate, CAIR Foundation, against Plaintiffs. These allegations demonstrate motive (not necessarily conduct), which is an entirely permissible and frequently a necessary component of factual pleadings.

As CAIR Foundation notes, "Paragraph 59 alleges that CAIR Foundation (not CAIR Florida) instructed Twitter to ban Loomer. This is not an allegation against CAIR Florida. It then alleges, 'on information and belief,' that CAIR acted 'in concert with defendant CAIR Florida.' This is a legal conclusion." CAIR Foundation's argument is flawed in several respects. First, even on a motion to dismiss, while "allegations based 'upon information and belief' need not be taken as true. . . . pleading on information and belief is permissible where the relevant facts are 'peculiarly within the possession and control of the defendant.' *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1311 (S.D. Fla. 2011) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010))." *Data Dimensions, LLC v. Golino*, No. 617CV951ORL40KRS, 2018 WL 1305886, at *3 (M.D. Fla. Mar. 13, 2018). Obviously, at this stage, Plaintiffs are not yet privy to the communications between CAIR Foundation and CAIR Florida.

Secondly, it is not a "legal conclusion" to allege that parties have acted in concert; it is a factual allegation, even if it is generalized. As the court explained in *Gerhart v. Com. of Pa.*, No. CIV.A. 09-CV-1145, 2009 WL 2581715, at *6 (E.D. Pa. Aug. 13, 2009), "[w]hile the 'mere incantation of the words "conspiracy" or "acted in concert" does not talismanically satisfy' the pleadings requirements of a conspiracy claim," the requirements are met where the pleading has "sketched out the persons responsible – along with the conduct, approximate timing,

and motive of the conspiracy – sufficient for the Court to reasonably infer the existence of a conspiratorial agreement." That is precisely why Plaintiffs include "context" and "motive" allegations in the Amended Complaint. Similarly, in *Dickieson v. DER Travel Serv., Inc.*, 149 F. Supp. 2d 1011 (N.D. Ill. 2001), the Court rejected the corporate defendants' argument that they "are not alleged to have conspired with one another," and found plaintiff had alleged

> [i]n paragraph 47, … that DER–DE has "acted in concert and by agreement with DER–CA, Wesner and Schmidt to continue the discipline and the illegal scheme of reprisal against [plaintiff]...." Under federal notice pleading, this is a sufficient allegation of concerted conduct to withstand a motion to dismiss or judgment on the pleadings.

*Id*. at 1016.  Plaintiffs allege that much here as well. Indeed, the claims in Plaintiffs' Amended Complaint more strongly require remand based on *Ronald Lane, Inc. v. Antero Res. Appalachian Corp.*, No. 1:10CV137, 2011 WL 3102116 (N.D.W.Va. July 25, 2011).  As in the instant case, in *Ronald Lane*, the plaintiffs asserted claims that the defendants acted "in concert … to sabotage their business relationships" and cause plaintiffs "economic injuries." *Id*. at *2.  In granting the plaintiffs' motion to remand, the court rejected defendants' argument that the allegations of joint action were so vague as to justify a finding of fraudulent joinder, finding:

> While the plaintiffs' amended complaint admittedly contains few details concerning Arvilla Oilfield's involvement in the case, the plaintiffs have sufficiently pled that RLS Consulting, acting in concert with its co-defendants, tortiously interfered with the plaintiffs' business relationship with Antero. . . .
>
> [I]t is of no moment whether these allegations satisfy the pleading standards of Fed. R. Civ. P. 8(a) . . . to establish that the plaintiffs fraudulently joined RLS Consulting, the defendants must show that the plaintiffs have no possibility of obtaining relief under West Virginia law. Here, having pled a claim of tortious interference with a business relationship under West Virginia law, the plaintiffs have clearly demonstrated at least a "possibility of establishing a cause of action" against RLS Consulting. The defendants therefore have failed to establish that RLS Consulting was fraudulently joined post-removal by the plaintiffs.

*Id*. at *8.

4

The two cases cited by CAIR Foundation are inapposite. In *Ferrell v. BGF Glob., LLC*, No. CIV-15-404-D, 2015 WL 6438988 (W.D. Okla. Oct. 21, 2015), joinder of the non-diverse party was premised on fact that required the court to accept an entirely speculative, unprecedented and implausible technological sequence of events which, if true, would have implicated that party's liability. *Id*. at *4. Here, in contrast, the allegation is that two related entities (CAIR Foundation and CAIR Florida), with a common antagonist – plaintiff Laura Loomer – acted in concert to tortuously interfere with her business, and to cause other actionable harm. As demonstrated above, this is no more "speculative" than any other notice pleading involving conduct by two related entities. Similarly, in *Simmerman v. Ace Bayou Corp.*, No. CIV.A. 5: 14-382-DCR, 2014 WL 6633129 (E.D. Ky. Nov. 21, 2014), the court found that an employee of the defendant beanbag chair manufacturer had been fraudulently joined as an individual defendant in a product liability case. The Court found that this was a bridge way too far, and held:

> The plaintiffs have offered nothing beyond the speculation of paragraph 23 to indicate that Spears had any direct or indirect involvement in the manufacture of the allegedly defective chair or its selection for sale at the store she managed. . . . The Complaint does not allege that Spears was present on the day the product was purchased or that she had any contact with the grandparents or plaintiffs at any time.
>
> Likewise, the plaintiffs do not cite to any Kentucky authority that extends product liability from retailers to their employees. To the contrary, Kentucky law does not impose liability on store managers beyond their own tortious actions.

*Id.*, at *3. The foregoing facts are entirely distinguishable – indeed have nothing to do with – those alleged here.

CAIR Foundation has also offered to "supplement" the record and asks this Court, in the context of removal, to determine an essential claim in the case: whether defendants committed tortious acts. According to CAIR Foundation, "Defendants will be prepared to resolve any motion to remand by providing affidavits to the Court which will show that Plaintiffs' speculation is just

5

that, and that CAIR and CAIR Florida did not have any discussions about Laura Loomer prior to this lawsuit at all, much less acted in any way that could constitute acting 'in concert.'" If fraudulent joinder could be established by the submission of affidavits merely denying a Complaint's allegations, however, removal would be virtually ubiqitous.  Moreover, CAIR Foundation's proposal imposes an inequitable and incongruous burden on Plaintiffs, requiring that they submit rebuttal evidence on a subject that is within defendants' exclusive knowledge at this stage.

CAIR Foundation's reliance on *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) in support of its proposal is unavailing.  The ruling in *Legg*, which involved procedurally complex issues not implicated here, was not intended to turn every claim of fraudulent joinder into an occasion for a mini-trial to decide substantive factual issues on the merits in a summary fashion, conceivably with prejudicial effect in future proceedings. Indeed, because the notice of removal itself contains no authenticated proof (though CAIR Foundation offers to provide it at some later date), remand is further justified to avoid protracted jurisdictional discovery and hearings in order to protect Plaintiffs' due process rights.  As the court observed in *Roberson v. Am. Gen. Life & Acc. Ins. Co.*, 607 F. Supp. 2d 1248 (N.D. Ala. 2009):

> The only sworn testimony before this court was filed by American General two weeks after the removal, and the single affidavit then submitted was, in effect, no more than a general denial of the allegations Roberson makes against White. To take *Legg v. Wyeth* as far as American General and White apparently now want to take it would obligate every federal court in the United States, upon receiving a diversity removal based on "fraudulent joinder", to undertake the task of determining what material facts are disputed, and whether the undisputed facts entitle the non-diverse defendant to summary judgment. The Eleventh Circuit surely did not intend to place such a burden on district judges and to open the flood gates to removals under § 1332.

*Id*. at 1252–53.

The *Roberson* Court also noted that under *Legg,* as well as *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir.2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery*, 553 U.S. 1080, 1215 (2008), any such evidence must be submitted with the notice of removal. ("In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents"). As the Eleventh Circuit explained in *Lowery*, "[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them. . . . The court should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction." 483 F.3d at 1215–17.

## LOCAL RULE 7.1 STATEMENT

Plaintiffs' counsel contacted counsel for defendant CAIR FOUNDATION FLORIDA, INC. by telephone, who stated that that defendant takes no position on Plaintiffs' instant motion. Plaintiffs' counsel contacted the office of defendant CAIR FOUNDATION's counsel by telephone. Defendant CAIR FOUNDATION's counsel was not in the office; however, it is assumed that defendant CAIR FOUNDATION will oppose the instant motion.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully ask the Court to remand this matter to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

/s/ *[signature]*
Steven W. Teppler, Esq.
Florida Bar Number 14787
MANDELBAUM SALSBURG, P.C.

4832-9990-1602, v. 2

11891 US Highway One, Suite 100  
North Palm Beach, FL 33408  
Office: (646) 946-5659  
Fax Line: (973) 325-7467  
Email: steppler@lawfirm.ms  
**Counsel for Plaintiffs**

Dated:  August 23, 2019

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 23, 2019 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Steven W. Teppler*
      Steven W. Teppler