UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ILLOOMINATE MEDIA, INC., a Florida Corporation, and LAURA LOOMER, a Florida Individual,<br><br>**Plaintiffs,**<br><br>v.<br><br>CAIR FLORIDA, INC., a Florida Corporation, CAIR FOUNDATION, a District of Columbia Corporation, TWITTER, INC., and JOHN DOES 1-5, et al.<br><br>**Defendants.** | Case No.:  9:19-cv-81179-RAR |

## AFFIRMATION OF STEVEN W. TEPPLER

Steven W. Teppler, being over the age of 18, hereby affirms under penalty of perjury and states the following:

1. I am a partner in the firm of Mandelbaum Salsburg PC and, as an attorney practicing in Florida and admitted to this Court and the bar of the State of Florida, counsel of record for Plaintiffs Illoominate Media, Inc. and Laura Loomer in this matter.

2. I entered my appearance on August 23, 2019 (Doc. 5) following removal of the state court complaint and am the only individual to whom ECF notices were sent at all relevant times.[1] I submit this Affirmation in support of Plaintiffs' motion for leave to file their Response Nunc Pro Tunc to Defendants' Motion to Dismiss (Doc. 11) and to Stay Defendants' Motion Pending Determination on Plaintiffs' Motion to Remand.

3. During the pendency of Plaintiffs' Motion to Remand (Doc. 7), Defendants and Plaintiffs moved jointly to set a briefing schedule for the pending motion to remand by Plaintiffs and their own anticipated motion to dismiss this action (Doc. 10).

4. Unfortunately, my mother passed away in Pennsylvania during mid-August. Besides the toll of this event on me as a strictly personal matter, this event required me to travel between Florida, where I live; New Jersey, where our firm's main office is located; Pennsylvania, where my mother lived; and New Jersey, to attend to funeral preparations and services, which were also held in Pennsylvania, and to attend to the myriad affairs arising from my

---

[1] Plaintiffs' counsel has since added an additional email address for ECF notices.

1

mother's death.

5. As a result of all this, I did not have the opportunity to arrange with my colleagues to insure that notifications for this matter, i.e., in this Court, were forwarded to them or that their email addresses were added to ECF notifications as would normally have been our practice. This administrative oversight was compounded by the fact that the other lawyers working on this matter were admitted *pro hac vice* in the state court matter and were receiving notifications, as was our paralegal, only in that matter.

6. On August 29, during the pendency of Plaintiffs' Motion to Remand, Defendants filed their Joint Motion to Dismiss State Court Complaint contained within Notice of Removal with Prejudice (Doc. 11). Plaintiffs' response was due September 12, 2019. Unfortunately, because of the events recounted above, I failed properly to forward the ECF notifications regarding this filing, as well as the filing of the opposition to Plaintiffs' remand motion.

7. The delay resulting from the combination of my bereavement and subsequent involvement in addressing my late mother's affairs was compounded by the subsequent evacuation order imposed on my family in connection with Hurricane Dorian. Our primary residence is in Jacksonville, Florida. These unexpected events, on the heels of dealing with my late mother's affairs, overwhelmed my systems for managing and calendaring my work and deadlnes, my communications and, frankly, my state of mind.

8. Yesterday, September 25th, of my colleagues checked the PACER record for this case in light of the lack of communication regarding filing subsequent to Doc. 11 and discovered the subsequent filings by defendants.

9. We immediately approached counsel for Defendants and requested that they stipulate to a motion requesting an extension of time, nunc pro tunc, to respond to their filings, in light of the circumstances. Defendants declined to do so, and we prepared this motion for filing as soon as was practical.

10. I sincerely apologize to the Court and to Defendants for my omission, but urge that our clients not be penalized for it, especially considering the unusually compelling circumstances of the loss of a parent and being evacuated by a state of emergency due to a hurricane.

I hereby affirm under penalty of perjury that the foregoing is true to the best of my knowledge and belief.

DATED: September 26, 2019

/s/ *[signature]*

Steven W. Teppler, Esq.
Florida Bar Number 14787

4814-6383-6328, v. 1

MANDELBAUM SALSBURG, P.C.
11891 US Highway One, Suite 100
North Palm Beach, FL 33408
Office: (646) 946-5659
Fax Line: (973) 325-7467
Email: steppler@lawfirm.ms
**Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2019 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Steven W. Teppler*

Steven W. Teppler