UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

| | |
|---|---|
| **ILLOOMINATE MEDIA, INC.**, *et al.*,<br><br>*Plaintiffs*,<br><br>vs.<br><br>**CAIR FLORIDA, INC.,** *et al.*,<br><br>*Defendants*. | Civil Action: 9:19-cv-81179 |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A RESPONSE, NUNC PRO TUNC,
TO DEFENDANTS' MOTION TO DISMISS AND TO STAY DEFENDANTS'
MOTION PENDING DETERMINATION ON PLAINTIFFS' MOTION TO REMAND**

Plaintiffs Illoominate Media, Inc. and Laura Loomer ("**Plaintiffs**"), respectfully move for leave to file an out of time response, *nunc pro tunc,* to Defendants' Joint Motion to Dismiss (the "**Motion to Dismiss**") [D.E. 11], and to stay the briefing and a ruling on the Motion to Dismiss until after the Court rules on Plaintiffs' Motion tor Remand [D.E. 7], and determines it has subject matter jurisdiction in this action.  In the alternative if the Court declines to permit Plaintiffs to file a response to the Motion to Dismiss, and determines there is subject matter jurisdiction, Plaintiffs request an opportunity to conduct jurisdictional discovery with respect to the argument of defendant CAIR Foundation ("**CAIR National**") that the Motion to Dismiss should be granted as to that defendant for lack of personal jurisdiction.

## BACKGROUND

1.  Plaintiff Laura Loomer ("**Loomer**") is a resident of Florida. (Compl. Doc 1-2 at ¶12).[1]  Plaintiff Illoominate ("**Illoominate**") is a Florida corporation with its principal place of business in Palm Beach County. (*Id*. at ¶11).  CAIR National is a District of Columbia non-

---

[1] The Amended Complaint (Doc 1-2) is cited as "**ACompl.**"

1

profit. (Motion to Dismiss at 15). Defendant CAIR Florida, Inc. ("**CAIR Florida**") is, like Illoominate, a Florida corporation. (ACompl. at ¶13). Accordingly, *diversity is not complete*.

2. On May 3, 2019, Plaintiffs filed their Amended Complaint in the 15th Judicial District Circuit, for Palm Beach County Florida. [D.E. 1-2].

3. Five (5) months later, on August 22, 2019, CAIR National filed a Notice of Removal, in which it alleged that but for CAIR Florida's having been "fraudulent joined," the Court has diversity jurisdiction under 28 U.S.C. §1332(a). (Notice of Removal at p. 2, D.E.).

4. One (1) day later, on August 23, 2019, Plaintiffs filed their Motion to Remand pursuant to 28 U.S.C. §1447(c) (the "**Remand Motion**") [D.E. 7]. As established in the Remand Motion, CAIR Florida *is* a proper party and *not*, as Defendants claim, improperly joined. Accordingly, since Plaintiffs and CAIR Florida are both Florida residents, the parties are not completely diverse, and the case should be remanded State court.

5. On or about August 27, 2019, the parties entered into a stipulated briefing schedule with respect Plaintiffs' pending Motion for Remand and Defendants' intended motion to dismiss, which they submitted to the Court that same day. [D.E. 9]. The Court, however, declined to enter the stipulation as a Consent Order. [D.E. 10].

6. On August 29, 2019, Defendants filed the Motion to Dismiss. Among other arguments, Defendants contend that the Court lacks personal jurisdiction with respect to CAIR National. [D.E. 11].

7. As detailed in the accompanying Affirmation of Plaintiffs' counsel, Steven W. Teppler, Esq. ("**Teppler**"),[2] in and around this same time, beginning in mid-August, Teppler's mother passed away in Pennsylvania. (Aff. at ¶5). In the course of the ensuing funeral and

---

[2]Teppler's Affirmation is cited as "**Aff. at ¶ __**."

service arrangements, the need for counsel to travel from Florida (where he resides) to Pennsylvania and New York (services were held in both States), and New York (where counsel's firm's main offices are located), and the myriad of other matters related to his mother's passing, counsel did not have the opportunity to ensure that his colleagues received the Court's ECF notifications as well. (*Id*. at ¶¶6-8). This administrative oversight was compounded by the evacuation order imposed on counsel and his family in Florida in connection with Hurricane Dorian. (*Id*. at ¶8).

8. As a result, Plaintiffs did not have an opportunity to respond to the Motion Dismiss (or to submit a reply in further support of the Remand Motion).

9. On September 19, 2019 Defendants filed their Reply in further support of the Motion to Dismiss. [D.E. 13].

10. Yesterday, September 25, 2019, having received no response to the Remand Motion, Teppler's colleague consulted the Court's docket and informed him of the status of the subsequent filings. (*Id*. at ¶9).

11. Teppler immediately contacted CAIR Florida's counsel, Darren Spielman, Esq. to request Defendants' consent to file a late response to Motion to Dismiss. (*Id*. at ¶10). Defendants declined. (*Id*).

Accordingly, as a result of counsel's excusable neglect, Plaintiffs did not have an opportunity to respond to the Motion to Dismiss. Plaintiffs respectfully submit that they should not be prejudiced by counsel's error and therefore respectfully request an extension of time to file their response to the Motion to Dismiss, *nunc pro tunc*. In addition, Plaintiffs request stay of the Motion to Dismiss until such time as the Remand Motion is decided. A stay of briefing and ruling on the Motion to Dismiss is necessary to promote judicial economy and preserve the parties' resources. If the Remand Motion is granted, the Court will be without subject matter

3

jurisdiction to adjudicate the Motion to Dismiss.

Further, by way of the Remand Motion, Plaintiffs requested as alternative relief leave amend the Complaint to state additional facts that will (further) establish – in the event any doubt remains upon review of that motion – that CAIR Florida was properly named as a defendant. Plaintiffs' request to amend further warrants staying the Motion to Dismiss, since the Court's determination as to diversity may be based on an as-yet-not filed amended pleading. Until the threshold issue of subject matter jurisdiction is decided, Defendants' Motion to Dismiss is premature.

Finally, in the event the Court declines to grant Plaintiffs' request to respond to the Motion to Dismiss, to the extent that CAIR Foundation demands that the action be dismissed as to said defendant for lack of personal jurisdiction, Plaintiffs respectfully request leave to conduct discovery on that limited issue.

In short, equity dictates that Plaintiffs be permitted to oppose the Motion to Dismiss.  Such relief will not prejudice Defendants since the outcome of the Remand Motion will dictate where and how the Motion to Dismiss is decided, and therefore, a stay is necessary.

## ARGUMENT

### POINT I

**PLAINTIFFS SHOULD NOT BE PREJUDICED BY
COUNSEL'S EXCUSABLE NEGLECT**

"Excusable neglect is generally an 'equitable inquiry' based upon the particular circumstances of the case." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009), *quoting*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In *Pioneer*, the Court held that an attorney's inadvertent failure "to timely file a proof of claim can constitute excusable neglect" under the Bankruptcy Rules. *Id*.

In determining the meaning of excusable neglect, "the Court identified four factors pertinent to the determination: whether conduct: 'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id., citing, Pioneer*, at 395.

The Court of Appeals for the Eleventh Circuit first adopted the "Pioneer factors" in *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996). In *Cheney*, the Court held that the plaintiffs' counsel's late filing of a request for a trial *de devo,* as a result of a miscommunication between plaintiff's lead counsel and his associate, was excusable neglect. Thereafter, in *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir. 2009), the Court held that "the district court [had] abused its discretion" by failing to "consider the Pioneer factors" at the time it denied the plaintiffs' request to vacate a default judgment. *Id.* at 1356. In *Connecticut,* the plaintiffs' counsel appeared in the main case, but failed to comply with the Court's Order to appear "in the tag along cases." *Id*. at 1355. Subsequently, plaintiffs' counsel received electronic notice of the Court's Order in the main case to file a status report in the "tag along case," and still "erroneously filed" the report on the main docket. *Id*. As a result of plaintiffs' counsel's failure to appear in the "tag along case" counsel was unaware that the Court had issued a scheduling Order in that and the defendant had renewed its motion to dismiss, although "they did receive a paper copy of the motion by mail." *Id*. at 1355.

Based on plaintiffs' failure to oppose defendant's motion, the Court granted the motion and dismissed the case. *Id*. Plaintiffs moved to vacate the judgment "ten days" later, asserting that their failure to respond was "excusable neglect." *Id*. In support of plaintiffs' motion, counsel explained that they had mistakenly believed "that they were receiving all

5

electronic filings from both" cases, "and were unaware that [defendant] had refiled its motion to dismiss." Id. The Court denied plaintiffs' motion to vacate "reason[ing] that the Plaintiffs' failure to comply with its Order to enter an appearance" in the tag along case, to file its status report in that case, and to respond to the motion to dismiss, although they "had received a paper copy of the motion by mail," did not constitute excusable neglect.

The Court of Appeals reversed. In doing so, the Court found that plaintiffs' failure to comply with the District Court's Order and to respond to the motion to dismiss was due to "counsel's erroneous assumption, rather than purposeful disregard of the district court's order." Id. at 1357. "Turning to the Pioneer factors," the Court "concluded that they all weigh[ed] in favor of granting Plaintiffs' relief." Id. According to the Court:

> First, in spite of [defendant's] arguments to the contrary, there is no discernable prejudice to [defendant] as a result of the delay. The delay was brief. Plaintiffs filed their motions only ten days after the district court entered the orders granting [the] motions to dismiss and only seven days after counsel first learned of the district court's order. … Second, there is no reason to conclude that allowing Plaintiffs to file their untimely response to [defendant's] motion would adversely affect the judicial proceedings or impose an additional burden on the district court. … Certainly, the district court would have to commit resources to deciding [defendant's] motion if it considered Plaintiffs' late response, but this is typically the case for any motion for relief from judgment. Third, the reason for the delay was counsel's erroneous assumption that its previous appearances had been filed in the tag along cases and that it was receiving all ECF filings as well as local counsel's failure to notify Plaintiffs' Connecticut counsel that they had received the motion by mail, presumably due to the same erroneous assumption that Plaintiffs' Connecticut counsel was receiving the ECF filings… . While counsel certainly could have done more, there is no indication that they acted willfully. Finally, there is no suggestion in the record that Plaintiffs exhibited a lack of good faith in failing to file an appearance on the tag along dockets or in not responding to [defendant's] motion. On the contrary, Plaintiffs' active record in the litigation clearly shows that Plaintiffs' counsel intended to respond to all of [defendant's] motions and that its failure to do so was careless, but excusable, conduct.

Id. at 1356–57.

6

The Pioneer factors favor Plaintiffs' request here even more forcefully than they did in *Connecticut*. The passing of Plaintiffs' counsel's mother in mid-August, the preparations for the funeral and services, the travel required (among four States), combined with the personal toll of his loss, followed in turn by the evacuation order imposed on counsel and his family in Jacksonville, Florida in connection with Hurricane Dorian, all contributed to counsel having inadvertently, albeit excusably, overlooked the ECF notices, his business and personal email. (Aff. at ¶¶5-8). In light of these facts, it should be plain that Plaintiffs' counsel did not lack good faith in failing to file a timely response to the Motion to Dismiss. Further, upon learning that the Motion to Dismiss had been filed, counsel immediately (that *same* day) contacted CAIR Florida's counsel to request Defendants' consent to file a late response *(id.* at ¶10), and when Defendants' declined, prepared this Motion for filing the next day, which was as soon as possible.

In view of the foregoing, the *Pioneer* factors, and the fact that this action is in its infancy, Plaintiffs urge the Court not to penalize Plaintiffs for counsel's omission, and to exercise its broad discretion and permit them to file a response to the Motion to Dismiss.

## POINT II

### THE COURT SHOULD EXERCISE ITS DISCRETION TO STAY BRIEFING AND RULING ON THE MOTION TO DISMISS UNTIL AFTER IT RULES ON PLAINTIFFS' MOTION FOR REMAND

The Court has broad discretion to control the "fair and efficient" adjudication of matters before it. *Republic of Venezuela v. Philip Morris Cos., Inc.*, Case No. 99-cv-0586, 1999 WL 33911677 at (S.D. Fla. April 28, 1999).[3]  "'[T]he power to stay proceedings is incidental to

---
[3] Unpublished decisions are included in Exhibit 1.

the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Brady v. Ally Fin., Inc.,* No. 3:17-cv-638-J-39, 2017 WL 10651307 at *1 (M.D. Fla. Nov. 21, 2017), *quoting, Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting that federal courts have inherent authority to stay proceedings to conserve judicial resources and ensure efficient handling of cases). "Deciding whether to stay a case 'calls for the exercise of judgment, which must weigh competing interests.'" *Id., quoting, Landis*, 299 U.S. at 254-55. This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 255.

Staying a motion to dismiss while a plaintiff's motion to remand is pending is proper because it preserves the resources of both the Court and the parties to the action. *See*, *Kelly v. LVNV Funding, LLC,* No. 2:15-cv-498-FtM-29CM, 2015 U.S. Dist. LEXIS 144887 at *2-3 (M.D. Fla. Oct. 26, 2015) ("agree[ing]" that, "for instance, should this Court grant Plaintiff's Motion to Remand, Defendant's Motion to Dismiss will be rendered moot and therefore no response will be required.") Moreover, "the hypothetical possibility that there might be complete diversity if the [certain d]efendants are dismissed from this case is not sufficient to create diversity jurisdiction." *Calcerrada v. Securitas Sec. Servs., USA, Inc.,* No. 507-CV-295-OC-10GRJ, 2008 WL 1925269 at *2 (M.D. Fla. Apr. 29, 2008) (adopting Report and Recommendation of Magistrate Judge who resolved motion to remand before motion to dismiss and held that "the hypothetical possibility that there might be complete diversity if the individual Defendants are dismissed from this case is not sufficient to create diversity jurisdiction").

In the event that Plaintiffs' Remand Motion is decided in their favor, the Court need never reach the issues raised in the Motion to Dismiss. Further, although Plaintiffs believe that the Remand Motion establishes that CAIR Florida was properly joined, Plaintiffs requested

8

leave to file an amended pleading in the event any doubt remains. (See, Remand Motion, D.E. 7). Accordingly, the issue of subject matter jurisdiction, a predicate to whether this Court ever reaches the Motion to Dismiss, may be determined by reference to an amended pleading. This additional procedural step further justifies staying the Motion to Dismiss until such time as the threshold issue of the Court's diversity jurisdiction is determined.

Based on the forgoing, Plaintiffs respectfully request that the Motion to Dismiss be stayed until such time as the issue of subject matter jurisdiction is determined.

## POINT III

### PLAINTIFFS ARE ENTITLED TO DISCOVERY ON THE ISSUE OF PERSONAL JURISDICTION AS TO CAIR NATIONAL

In the event the Court declines stay the determination of Defendants' Motion to Dismiss until the Remand Motion is decided and there is a finding of diversity jurisdiction, Plaintiffs respectfully request leave to conduct discovery regarding CAIR National's claim that the Court does not have personal jurisdiction as to that defendant.

The "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) (holding "that the district court's dismissal for lack of subject matter jurisdiction was premature. Plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction"), citing, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). Indeed, the Eleventh Circuit Court of Appeals has held "that such jurisdictional discovery is not entirely discretionary" and "the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction." *Id.* at 731, quoting, *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980)

Here, Plaintiffs' factual allegations demonstrate that discovery will likely reveal

9

that CAIR National has sufficient contacts with Florida to subject it to personal jurisdiction.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court permit Plaintiffs to file response, *nunc pro tunc,* to Defendants' Joint Motion to Dismiss [D.E. 11], and to stay the briefing and a ruling on the Motion to Dismiss until after the Court rules on Plaintiffs' Motion tor Remand [D.E. 7].  In the alternative, if the Court declines to permit Plaintiffs to file a response to the Motion to Dismiss and determines there is subject matter jurisdiction, Plaintiffs request an opportunity to conduct jurisdictional discovery with respect to the argument of defendant CAIR National that the Motion to Dismiss should be granted as to that defendant for lack of personal jurisdiction.

### Local Rule 7.1 Certification

The undersigned hereby certifies that, as required by Local Civil Rule 7.1(a)(3), Plaintiffs' counsel has conferred with Defendants' counsel in connection with this motion: Defendants will oppose the instant motion.

Dated:  September 26, 2019

>Respectfully submitted,
>By: /s/ Steven Teppler
>Steven W. Teppler, Esq.
>Florida Bar Number 14787
>MANDELBAUM SALSBURG, P.C.
>11891 US Highway One, Suite 100
>North Palm Beach, FL 33408
>Office: (646) 946-5659
>Fax Line: (973) 325-7467
>Email: steppler@lawfirm.ms
>*Attorneys for Plaintiffs*

4828-1280-7591, v. 3

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on September 26, 2019 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Steven W. Teppler*
Steven W. Teppler

4828-1280-7591, v. 3