**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH COUNTY DIVISION**

| | |
|---|---|
| **ILLOOMINATE MEDIA, INC.**, *et al*, ) | |
| ) | **Case No. 9:19-cv-81179-RAR** |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **CAIR FLORIDA, INC.,** *et al,* ) | |
| ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A BELATED RESPONSE AND OTHER ASSORTED RELIEF (Dkt. 15)**

While Defendants CAIR Foundation and CAIR Florida, Inc. are sympathetic to Mr. Teppler, Plaintiffs' explanation for the delay does not comport with the timeline regarding the missed deadline. The Court must assess Plaintiffs' delay in the full context of this case. In that context, leave to file belated briefs is not warranted.

Laura Loomer is an internet personality. She along with her company are suing two Muslim rights organizations (one of them, CAIR-Florida, purely for fraudulent joinder reasons), because Twitter banned her for Islamophobia. This lawsuit is, at heart, a political and fundraising ploy; Loomer seeks to punish Defendants and develop fame and financial support in the process. *See* Laura Loomer, *Laura Loomer Files Suit Against CAIR And Twitter*, #Loomered (Apr. 18, 2019)[1]; *see also* freeloomer.com (receiving $87,905 as of October 9, 2019, in funding for "fighting back against CAIR and Twitter for silencing her!"); *see also* Stephanie Dillon, *Exposed! Apple and Google Fund Ilhan Omar, Target Laura Loomer and Free* Speech, New Right Network (Sept. 18, 2019) (Podcast with one of Loomer's attorneys)

---

[1] Available at https://lauraloomer.us/2019/04/18/laura-loomer-files-suit-against-cair-and-twitter/#.XZdJQUZKiUl.

1

(discussing the case as part of a larger campaign against "big tech social media companies" as well as Ilhan Omar and her relationship with Muslim organizations). Plaintiffs' goal in this case is not to win, it is to inflict expenses on Defendants. This is a classic strategic lawsuit against public participation.

The Court should deny Plaintiffs' motions to file out-of-time briefing. It should also deny Plaintiffs' request for jurisdictional discovery, which cannot be sought after dismissal and is not warranted given the lack of any Florida-related allegations against CAIR Foundation.

## ARGUMENT

### I. The Court Should Deny the Motion for Leave to File a Response Several Weeks Out of Time

#### A. Plaintiff's Counsel Abandoned This Case

Sometime in mid-August (and specifically, on August 15[2]), Mr. Teppler's mother passed away. At the time, Plaintiffs were represented in state court by three lawyers in this case, Steven Teppler, Ronald Coleman, and Lauren Tophelson, all of the law firm Mandlebaum Salsburg. *See Illoominate Media, Inc. v. CAIR Florida, Inc.*, Case No. 50-2019-5121-XXXX-MB.[3] Funeral services took place on August 18, with shiva (Jewish mourning) taking place through August 22. *See* n.2, above.

On August 22, the last day of shiva, Defendants removed this case to federal court. Dkt. 1.[4] The Notice of Removal specifically stated that, absent the Court changing any deadlines, CAIR Foundation would be filing a motion to dismiss on or before August 29. *Id.* at 2 n.3. The Notice of Removal also asserted that CAIR Foundation would be providing affidavits to prove fraudulent joinder. *Id.* at 6.

---

[2] *See* http://www.legacy.com/obituaries/legacy/obituary.aspx?n=elsa-teppler-berger&pid=193659012&fhid=4366.
[3] Docket available at https://applications.mypalmbeachclerk.com/eCaseView/search.aspx.
[4] Defendants were not aware of Mr. Teppler's mother passing until he sought leave to file this Motion on September 25.

2

The next day, August 23, Mr. Teppler noted an appearance (Dkts. 5-6) and filed a seven-page Motion to Remand (Dkt. 7). Then, on August 27—with consent from Mr. Teppler's colleague Ronald Coleman—CAIR Foundation filed a motion to modify case deadlines so Defendants would not have to file a Motion to Dismiss until the Motion to Remand was over. Dkt. 9. The Court denied that Motion the next day. Dkt. 10.

So, on August 29, Defendants filed the promised Joint Motion to Dismiss. Dkt. 11. The Docket Entry expressly states: "Responses due by 9/12/2019." CAIR Foundation then filed its Opposition to the Motion to Remand on September 6. Dkt. 12. That Opposition, which included multiple declarations as promised, referenced the Joint Motion to Dismiss twice, *id.* at 9 and 15.

Plaintiffs' Opposition to the Motion to Dismiss was due September 12 and their reply to their own Motion to Remand due September 13. They filed nothing. Defendants noted the failure to respond to the Motion to Dismiss in a September 19 reply. Dkt. 13. Still nothing.

Then, according to Mr. Teppler's affidavit, on September 25, a colleague checked the PACER account, and Mr. Teppler first learned that the Motion to Dismiss was filed on August 29. Dkt. 15-1 at ¶ 8. Plaintiffs sought consent for filing a motion for leave to file out of time which both CAIR Foundation and CAIR-Florida refused. Plaintiffs did not seek consent for conditional jurisdictional discovery or to stay the motion to dismiss briefing. The next day, Plaintiffs filed the Motion seeking leave to file out of time, a stay of briefing, and conditional jurisdictional discovery. Dkt. 15.

It seems improbable that Mr. Teppler was unaware that the Motion to Dismiss was filed in this case until September 25. He never provided notice to the Court or opposing counsel of his circumstances which may have warranted relief from the Court in advance. And, while Plaintiffs also suggest that the Jacksonville evacuation from September 1-4 further affected Mr. Teppler's failure to respond, Dkt. 15 at 7, nothing relevant to their missed deadlines occurred on those days.

3

Mr. Teppler made an informed decision to enter an appearance in this case on August 23. The death of his mother is tragic and this response should not diminish such an event. But if he was unable to fulfill the basic obligations of an attorney in this District, he should not have made such an appearance and/or should have withdrawn. Florida Rules of Professional Conduct 4-1.16(a)(2). Mr. Teppler, who is affiliated with both a national (Mandlebaum Salsberg) and a local (Abbott Law Group) law firm, could have asked for help in monitoring the docket in this case from another attorney, or had another attorney barred in the Southern District of Florida also enter an appearance. After all, Mr. Coleman and Topelsohn made appearances *pro hac vice* in this case before the state court, and Mr. Coleman's involvement continued on removal, as he gave Plaintiffs consent to file the Motion to Extend deadlines. At minimum, Mr. Teppler could have informed the Court or opposing counsel of his situation or asked for an extension before missing Plaintiffs' deadline. Plaintiffs' counsel availed himself of none of these options, and because he did not, this Court should not grant Plaintiffs' motion.

### B. The Court Has the Discretion to Refuse Plaintiffs' Request

Courts have discretion to enforce deadlines. *E.g., Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004) (tardy opposition to motion for summary judgment); accord *Mosley v. MeriStar Management Co.*, 137 Fed. App'x 248, 250 (11th Cir. 2005) ("The district court's refusal to consider an untimely opposition to [a] summary judgment motion is not an abuse of discretion.") (unpublished opinion). "[I]n order to ensure the orderly administration of justice, [a trial court] has the authority and responsibility to set and enforce reasonable deadlines." *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002). The Court has the authority to enforce Local Rule 7.1(c), which required a timely response and even goes so far as to permit a penalty of default for failure to comply.

The Eleventh Circuit has confirmed that when a represented party violates a local rule setting strict deadlines for responding to motions, the decision of whether to dismiss a complaint is within

4

the discretion of the trial court. *Magluta v. Samples*, 162 F.3d 662, 664-65 (11th Cir. 1998); *McDuffie v. Broward County, Florida*, 654 Fed. App'x 408, 412 (11th Cir. 2016) (unpublished opinion). This Court should, in its discretion, enforce Local Rule 7.1(c) as written.

      **C.**      **Plaintiffs' Neglect Was Not Excusable**

Plaintiffs argue that the Court lacks the discretion to apply Local Rule 7.1(c) because their failure constitutes excusable neglect. But Mr. Teppler's explanation does not rise to the level of excusable neglect. "[I]gnorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) (quoting *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391 (1993)). Nor is "understaffing" excusable neglect. *Fey v. Panacea Management Group LLC*, 261 F. Supp.3d 1297 (N.D. Ga. 2017) (citing *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1569 (11th Cir. 1987) (other citations omitted). Nor is the fact that Mr. Teppler was busy handling other affairs excusable neglect. *Id.* ("[T]he fact that counsel has a busy practice does not establish 'excusable neglect.'"); *see Clinkscales*, 831 F.2d at 1569 (same); *see also United States v. Dumas*, 94 F.3d 286, 289 (7th Cir. 1996) ("'Excusable neglect' requires something more than a simple failure to meet the deadline due to a busy schedule."); *cf. Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir. 2003) ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.").

The principal case that Plaintiffs rely on is *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir. 2009). But in that case, counsel's reasons for missing a deadline was not just ignoring the case wholesale. Instead, in a case that involved multiple dockets, counsel accidentally failed to file appearances in one of the dockets, thus never being served the filing in question at all. *Id.* at 1354-55. The court saw this as an understandable "mistake of fact" which could give rise to excusable neglect. No similar "clerical error" or "miscommunication between counsel" happened

5

here. *Coal. Am., Inc. v. Nat'l Health Benefits Corp.*, 03-cv-4012, 2010 WL 11493659, at *2 (N.D. Ga. Sept. 27, 2010). Mr. Teppler was served first with the Notice of Removal, which prompted his appearance and motion to remand in the federal case within 24 hours. *See* Dkt. 1, 5, 6, 7. Mr. Teppler was then served via ECF with CAIR Foundation's Consent Motion to Extend Deadlines (Dkt. 9), the Court's denial (Dkt. 10), a Motion to Dismiss (Dkt. 11), the Opposition to Plaintiffs' Motion to Remand (Dkt. 12), and the Reply in Support of the Motion to Dismiss (Dkt. 13), each of which referred to the Motion to Dismiss. None of these events prompted any action from Plaintiffs or from Plaintiffs' counsel.

Without an adequate explanation for explaining the delay, the rest of the factors are immaterial. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) (holding as a "matter of law" that the *Pioneer* factors cannot create excusable neglect when the wrongful conduct is not excusable in the first instance); *In re Ayala*, 06-cv-60799, 2007 WL 9700941, at *5 (S.D. Fla. Feb. 23, 2007) (no need to undergo *Pioneer* factors when movant fails to demonstrate excusable neglect in the first instance); *Mason v. AmSouth Bank*, 04-cv-0843 2007 WL 9711980, at *4 (N.D. Ala. May 25, 2007) (explaining that absent extraordinary circumstances, the only relevant *Pioneer* factor is the reason for the delay); *Metro. Life Ins. Co. v. Katz*, 13-cv-1236, 2014 WL 12633681, at *1 (M.D. Fla. Aug. 6, 2014) ("Lack of attention to detail in reading Court Orders is inexcusable absent some circumstance sufficient to justify the careless conduct; this is the essence of the *Pioneer* factors").

To the extent the other factors apply, *see Pioneer*, 507 U.S. at 395, they favor Defendants. The *Pioneer* factors only confirm the lack of excusable neglect. (1) Defendants are prejudiced both because CAIR Foundation's own motion to extend the deadlines was denied *and* because further delay may subject them to the expense of jurisdictional discovery (*see* § III(A), below); (2) the length of delay is long, as re-filing a Motion to Dismiss after remand briefing will likely delay resolution of the case by

several months; and (3) whether Plaintiffs acted in good faith with respect to delay is unclear, but ultimately this whole case has been brought in bad faith (*see* Introduction, above).

The Court should deny Plaintiffs' Motion to file an opposition out of time.

## II. The Court Already Rejected Plaintiffs' Request to Amend the Deadlines

This Court has already rejected the relief Plaintiffs' Request to Amend the Deadlines. CAIR Foundation requested that same relief on August 27 via a motion to which Plaintiffs and CAIR-Florida consented. Dkt. 9 at 2. But the Court denied this Motion the next day. Dkt. 10. So the Court already rejected the relief Plaintiffs seek now. It would be prejudicial to allow Plaintiffs to avoid their abandonment of the case (and potentially the cost and expense of the work involved) after Defendants, respecting the rules, incurred the cost and expense of drafting and filing a Motion to Dismiss.

## III. Plaintiffs Are Not Entitled to Jurisdictional Discovery

### A. Post-Dismissal Conditional Jurisdictional Discovery Is Not Allowed

Plaintiffs seek—though only in the event this Court dismisses for lack of jurisdiction—jurisdictional discovery. While jurisdictional discovery is not 'entirely discretionary," Dkt. 15 at 9 (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982), it is not permitted once a court rules on a motion to dismiss. *Bosdorf v. Beach*, 79 F. Supp. 2d 1337, 1342 (S.D. Fla. 1999); *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1146 (S.D. Fla. 2007); *Hinkle v. Cont'l Motors, Inc.*, 268 F. Supp. 3d 1312, 1327 (M.D. Fla. 2017); *United Techs. v. Mazer*, 556 F.3d 1260, 1281 (11th Cir. 2009); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999). This is true even when jurisdictional discovery is requested prior to ruling on a motion to dismiss as an alternative to dismissal. *Mazer*, 556 F.3d at 1280-81. Jurisdictional discovery is also waived when it is raised for the first time in an opposition to a motion to dismiss, as Plaintiffs do here. *Bosdorf*, 79 F. Supp. 2d at 1342 (citing *Posner*, 178 F.3d at 1214 n.7).

7

### B. There Is No Relevant Discovery In This Case Plaintiffs May Obtain

In any event, Plaintiffs do not even suggest what specific discovery might be relevant or useful, which is separately fatal to their request. *Posner*, 178 F.3d at 1214 n.7. Nor could they. Plaintiffs do not allege any conduct by CAIR Foundation related to this case which took place in Florida. *See* Motion to Dismiss (Dkt. 11) at 15-16. And it is simply not plausible that CAIR Foundation, a District of Columbia nonprofit with offices only in Washington D.C., could be subject to general jurisdiction in Florida. *Id.* at 15.

"[J]urisdictional discovery is "not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing [of] personal jurisdiction." *Hinkle*, 268 F. Supp. 3d at 1327-28 (quoting *Bernardele v. Bonorino*, 608 F.Supp.2d 1313, 1321 (S.D. Fla. 2009)). Absent showing "a genuine dispute on a material jurisdictional fact," Plaintiffs are not entitled to jurisdictional discovery. *Hinkle*, *id.* at 1328 (citing *Brown v. Carnival Corp.*, 202 F.Supp.3d 1332, 1346 (S.D. Fla. 2016) and *Peruyero v. Airbus S.A.S.*, 83 F.Supp.3d 1283, 1286–87 (S.D. Fla. 2014)).

### CONCLUSION

The Court should deny Plaintiffs' Motion in its entirety.

October 9, 2019

/s/ Danette Zaghari-Mask
LENA F. MASRI (DC: 1000019)*
JUSTIN SADOWSKY (DC: 977642)*
DANETTE ZAGHARI-MASK (FL: 789771)
CAIR LEGAL DEFENSE FUND
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
ldf@cair.com

*Pro hac vice motion forthcoming*

*Attorneys for CAIR Foundation, Inc.*

By: /s/Darren Spielman
Darren Spielman (FL Bar 010868)
Dspielman@ComplexIP.com
KAIN SPIELMAN, P.A.
900 S.E. 3rd Ave. Suite 205
Ft. Lauderdale, FL
Tel: (954) 768-9002;
Fax: (954) 768-0158

*Attorneys for Defendant CAIR Florida, Inc.*