UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-81179-RAR

ILLOOMINATE MEDIA, INC. and
LAURA LOOMER,

    Plaintiffs,
v.

CAIR FLORIDA, INC. *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO REMAND TO STATE COURT

**THIS CAUSE** comes before the Court on Plaintiffs' Motion to Remand to the Circuit Court of Palm Beach, Florida [ECF No. 7], filed on August 23, 2019. Plaintiffs ask the Court to remand the present action to state court for lack of complete diversity. Defendant Council on American-Islamic Relations ("CAIR") Foundation counters that complete diversity exists, but for the fraudulent joinder of Defendant CAIR Florida. As explained herein, Plaintiffs' Motion to Remand [ECF No. 7] is **DENIED**.

## BACKGROUND

Plaintiffs allege that in November 2018, Defendant Twitter, Inc. improperly banned Plaintiff Laura Loomer's ("Loomer") Twitter account at the behest of Defendants CAIR Foundation and CAIR Florida. *See* Am. Comp. [ECF No. 1-2] ¶ 59. CAIR Foundation is a self-described Muslim civil rights and advocacy group, which has independent chapters across the country, such as CAIR Florida. Plaintiffs contend that CAIR Foundation and CAIR Florida were displeased with Loomer's pro-Israel advocacy, and thus instructed Twitter to ban Loomer's account. On May 3, 2019, Plaintiffs filed an Amended Complaint in the Circuit Court of Palm Beach County, Florida against CAIR Florida, CAIR Foundation, Twitter, and John Does 1-5,

alleging five counts: breach of contract (Count I); tortious interference with advantageous business relationship (Count II); unlawful agreement in restraint of trade (Count III); civil conspiracy (Count IV); and violations of Florida's Deceptive and Unfair Trade Practices Act (Count V). Defendants counter that Loomer's allegations are based on a verifiable prank, which purposefully sought to mislead Loomer into believing CAIR Foundation and CAIR Florida were responsible for her Twitter ban when, in reality, the organizations had nothing to do with the decision to ban Loomer from Twitter.

On August 22, 2019, CAIR Foundation removed the case to the United States District Court for the Southern District of Florida [ECF No. 1] on the basis of diversity jurisdiction.  In its Notice of Removal, CAIR Foundation acknowledges that complete diversity does not currently exist because both Plaintiffs are citizens of Florida, as is Defendant CAIR Florida.[1]  However, according to CAIR Foundation, CAIR Florida was fraudulently joined, and as such should not be considered for purposes of diversity jurisdiction.  Plaintiffs counter that CAIR Florida is a legitimate party to the instant action, divesting the Court of subject matter jurisdiction.  In that vein, on August 23, 2019, Plaintiffs filed a Motion to Remand [ECF No. 7], requesting that the instant matter be remanded to the Circuit Court of Palm Beach, Florida.

## LEGAL STANDARDS

### A. Request for a Remand

Under 28 U.S.C. section 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently.  The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court.  *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936).  Moreover, courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction

---

[1] Defendants allege that CAIR Foundation is a citizen of the District of Columbia.

is doubtful.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### B.  Complete Diversity and Fraudulent Joinder

District courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of one state and citizens or subjects of a foreign state.  *See* 28 U.S.C. § 1332(a).  Diversity jurisdiction requires complete diversity, meaning that every plaintiff must be diverse from every defendant.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).  Courts have recognized an exception to the complete diversity requirement in cases where a non-diverse party has been fraudulently joined.  *See Triggs*, 154 F.3d at 1287.  Where a defendant is fraudulently joined, its citizenship is not considered in determining whether complete diversity exists.  *Simon v. Howmedica Osteonics Corp.*, 981 F. Supp. 2d 1232, 1236 (S.D. Fla. 2012).  In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court.  *See Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

As with any request for remand, the removing party bears the burden of demonstrating fraudulent joinder, *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and must do so by clear and convincing evidence.  *See Henderson*, 454 F.3d at 1281.  "The determination of whether a defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties."  *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).  All factual allegations must be resolved in the light most favorable to the plaintiff.  *See Crowe*, 113 F.3d at 1538.  "Where a plaintiff states even a colorable claim against the resident defendant, joinder is

proper and the case should be remanded to state court." *Pacheco*, 139 F.3d at 1380 (internal citations and quotations omitted).  However, when the defendants' affidavits are undisputed by the plaintiffs, "the court cannot…resolve the facts in the [p]laintiffs' favor based solely on the unsupported allegations in the [p]laintiffs' complaint." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005).

## ANALYSIS

The genesis of all of Plaintiffs' claims against CAIR Florida are derived from an alleged agreement to silence Loomer on Twitter between Twitter, CAIR Foundation, and CAIR Florida. As it pertains to CAIR Florida, the Amended Complaint alleges: "[i]n late November 18, Twitter permanently banned Ms. Loomer from Twitter per the instruction of defendant CAIR, and, on information and belief in concert with defendant CAIR Florida, using her tweet about Rep. Omar as pretext." Am. Comp. ¶ 59.  Plaintiffs offer nothing beyond the speculation of paragraph 59 to indicate that CAIR Florida had any direct or indirect involvement in the decision to ban Loomer from Twitter.  While Plaintiffs' forty-two page Amended Complaint is rife with accusations, the references to CAIR Florida are few and far between, and none provide any detail as to CAIR Florida's specific involvement in the alleged conspiracy, or what its role in triggering Loomer's Twitter ban may be.  Plaintiffs' allegations are nothing but conclusory in nature and do not intimate in any specific manner how CAIR Florida acted "in concert with" CAIR Foundation to sabotage Loomer's Twitter account.

By contrast, Defendants have provided several sworn affidavits to buttress their claims of fraudulent joinder.  In his affidavit, Nathan T. Bernard admits that he and Chris Gillen devised a prank in which they sought to convince Loomer that her banning was caused by CAIR Foundation. *See* Bernard Aff. [12-1] ¶ 3.  In so doing, Bernard explicitly notes that CAIR Foundation and CAIR Florida had no involvement in the prank, and that in fact, CAIR Florida was never mentioned to

Loomer during the entirety of the prank. *Id.* at ¶¶ 5, 11.  In addition, Defendants provide the affidavit of Hassan Shibly, the Executive Director of CAIR Florida, who states that prior to this lawsuit he had "not spoken with anyone at CAIR Foundation about Laura Loomer or Illoomiante Media in any way," or spoken to anyone at Twitter about Loomer.  Shibley Aff. [12-3] ¶¶ 5, 9.  Shibley also notes that no one at CAIR Florida has spoken with CAIR Foundation about Laura Loomer.  *Id.* at ¶ 10.  The same facts are confirmed by Wilfredo Ruiz, the Communications Director of CAIR Florida, *see* Ruiz Aff. [ECF No. 12-4], and Ibrahim Hooper, the Communications Director of CAIR Foundation, *see* Hooper Aff. [ECF No. 12-5].

Plaintiffs do not dispute the veracity of these sworn affidavits.  Moreover, Plaintiffs offer no evidence at all to rebut Defendants' contention that CAIR Florida is an entirely unrelated party to the dispute at hand.  Instead, Plaintiffs contend that it is "inequitable" for Plaintiffs to be "burden[ed]" with submitting rebuttal evidence on a subject that is within Defendants' exclusive control at this stage in the proceeding.  *See* Mot. to Remand [ECF No. 7] at 6.  Plaintiffs argument reveals a fatal misunderstanding of the law.  The Eleventh Circuit has made abundantly clear that where a plaintiff offers no evidence to dispute defendants' sworn statements supporting a claim of fraudulent joinder, the Court cannot resolve uncertainties in the plaintiff's favor.  *See Legg*, 428 F.3d at 1323.

Here, Plaintiffs have offered nothing beyond vague speculation to indicate that CAIR Florida had any involvement, direct or otherwise, in Plaintiffs' alleged conspiracy.  There is simply no evidence, alleged or otherwise, to suggest CAIR Florida was involved in any of the wrongdoings Plaintiffs allege.  With no evidence that CAIR Florida acted in concert with CAIR Foundation or had anything to do with the decision to ban Loomer from Twitter, there is no dispute of fact for the Court to resolve.  Quite simply, there is no reasonable basis to predict that a Florida

court would find CAIR Florida liable for any of the wrongful acts alleged. As such, Plaintiffs' allegations are insufficient to state any colorable claim against CAIR Florida.

## CONCLUSION

Because Plaintiffs do not plead any facts supporting a claim against CAIR Florida, nor offer any evidence to rebut Defendants' contention of fraudulent joinder, there is no possibility that a state court would find the Amended Complaint states a cause of action against CAIR Florida. *See Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (noting fraudulent joinder is established where "there is no possibility the plaintiff can establish a cause of action against the [non-diverse] defendant") (quoting *Crowe*, 113 F.3d at 1538 (11th Cir. 1997)). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Remand [ECF No. 7] is **DENIED**.

2. The claims against Defendant CAIR Florida are **DISMISSED with prejudice**. CAIR Florida is dismissed as a party from this action.

3. A hearing on Defendants' Joint Motion to Dismiss the State Court Complaint [ECF No. 11] is set for **Monday, November 18, 2019 at 4:00 PM**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, 22nd day of October, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**