UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-81179-RAR

ILLOOMINATE MEDIA, INC. and
LAURA LOOMER,

      Plaintiffs,
v.

CAIR FOUNDATION and
JOHN DOES 1-5,

      Defendants.
_____/

### ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendants' Joint Motion to Dismiss [ECF No. 11], filed on August 29, 2019. Defendant CAIR Foundation[1] ("Defendant") argues that Plaintiffs' only remaining claim—tortious interference with a business relationship—fails as a matter of law. On November 18, 2019, the Court heard argument from all parties ("Hearing"). For the reasons stated on the record, and as explained herein, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Joint Motion to Dismiss is **GRANTED**.

### BACKGROUND

On May 3, 2019, Plaintiffs Laura Loomer ("Loomer") and Illoominate Media, Inc. filed an Amended Complaint in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida against CAIR Florida, CAIR Foundation, Twitter, and John Does 1-5, alleging five counts: breach of contract (Count I); tortious interference with an advantageous business relationship (Count II);

---

[1] Although the Motion to Dismiss was filed by both CAIR Foundation and CAIR Florida, Inc., CAIR Florida was dismissed as a party by this Court. *See* Order Denying Plaintiffs' Motion to Remand [ECF No. 19]. Similarly, although Twitter, Inc. was originally a Defendant in this lawsuit, Plaintiffs voluntarily dismissed their claims against Twitter prior to service, and Plaintiffs have no live counts against John Does 1-5. Accordingly, CAIR Foundation is the only remaining Defendant in this lawsuit.

unlawful agreement in restraint of trade (Count III); civil conspiracy (Count IV); and violations of Florida's Deceptive and Unfair Trade Practices Act (Count V). On August 22, 2019, CAIR Foundation removed the case to the United States District Court for the Southern District of Florida on the basis of diversity jurisdiction. *See* Notice of Removal [ECF No. 1]. On August 23, 2019, Plaintiffs moved to remand. *See* Motion to Remand [ECF No. 7]. On October 22, 2019, the Court denied Plaintiffs' Motion to Remand, finding Plaintiffs had failed to state a cause of action against the non-diverse party, CAIR Florida, and dismissing all claims against CAIR Florida. As such, the only remaining claim in this lawsuit is Count II for tortious interference of a business relationship against CAIR Foundation.

## **LEGAL STANDARD**

When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). However, a court need not accept plaintiff's legal conclusions as true. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (emphasis added) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when the plaintiff states enough facts for the court to draw a "reasonable inference" that the defendant is liable for the alleged conduct. *Id.* The factual allegations must provide more than a "sheer possibility." *Id.*

## **ANALYSIS**

To state a valid claim for tortious interference of a business relationship under Florida law, "the plaintiff must demonstrate (1) the existence of a business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with the relationship; and

(3) damage to the plaintiff as a result of the tortious interference with that relationship." *Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 849 F.2d 1336, 1348–49 (11th Cir. 1987).

To satisfy the first prong of a tortious interference claim, the plaintiff may allege "tortious interference with present or prospective customers but no cause of action exists for tortious interference with a business's relationship to the community at large." *Ethan Allen, Inc. v. Georgetown Manor, Inc.,* 647 So. 2d 812, 815 (Fla. 1994) (citation omitted). "As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Id.* at 815. As such, "in order to establish the tort of tortious interference with a business relationship, the plaintiff must prove a business relationship with identifiable customers." *Ferguson Transp., Inc. v. N. Am. Van Lines, Inc.,* 687 So. 2d 821, 821 (Fla. 1996).

In Count II, Plaintiffs allege that Defendant tortiously interfered with an advantageous business relationship by orchestrating the ban of Loomer's Twitter account, thereby eliminating her expected financial gains from the use of her Twitter handle. When pressed at the Hearing to identify the nature of the business relationship at issue, Plaintiffs identified two relationships: (1) Loomer's business relationship with her Twitter followers, some of whom are potential donors to her ventures and (2) Loomer's business relationship with Twitter itself as a user of the platform. However, as explained by the Court during the Hearing, neither of these relationships demonstrate the existence of a business relationship under which Plaintiffs have a legal right. As such Plaintiffs' claim for tortious interference with a business relationship necessarily fails.

With respect to the relationship between Loomer and her Twitter followers, the Court finds that Loomer has failed to establish an actual business relationship with identifiable customers. *See*

*Ferguson*, 687 So. 2d at 821. As the Florida Supreme Court has made clear time and again, an action for tortious interference with a business relationship does not lie where the business relationship alleged is one with the "community at large" as opposed to one with identifiable customers. *See Ethan Allen*, 647 So. 2d at 815; *see also Ferguson*, 687 So. 2d at 821. Here, Plaintiffs fail to identify discernable customers and instead allege a business relationship with Loomer's Twitter community at large.

Specifically, Loomer contends that Defendant tortiously interfered with the business relationship between Loomer and her Twitter followers by convincing Twitter to ban Loomer from its platform. While the Court accepts all well-pleaded allegations as true, Loomer's relationship with her Twitter followers—no matter how economically beneficial such a relationship may have been—is a relationship with the community at large, not with identifiable customers. *See Coach Servs., Inc. v. 777 Lucky Accessories, Inc.,* 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010); *See also Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 228 F. Supp. 3d 1292, 1301 (M.D. Fla. 2017). Given that Loomer's alleged business relationship with her followers does not sufficiently identify customers, Plaintiffs fail to satisfy the first prong of a claim for tortious interference with a business relationship.

Similarly, with respect to Loomer's alleged business relationship with Twitter, Plaintiffs have pleaded nothing to suggest Loomer and Twitter had a business relationship as "evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *See Ethan Allen*, 647 So. 2d at 815. For starters, Count II of Plaintiffs' Amended Complaint is devoid of any allegations suggesting the existence of a business relationship between Loomer and Twitter. Still, at the Hearing, Plaintiffs' counsel argued that Defendant interfered with Loomer's right to use Twitter as a platform. However, when pressed to identify the nature of the business relationship between Loomer and Twitter, and

Plaintiffs' corresponding legal rights pursuant to that relationship, Plaintiffs could not do so. Put simply, no business relationship can be inferred merely from Loomer's decision to use Twitter, and Defendant cannot be found liable for tortious interference with a business relationship where no business relationship has been established.

Moreover, even if Plaintiffs had established a business relationship between Loomer and Twitter, Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(b)(1)-(2), insulates internet providers, such as Twitter, from exactly the kind of liability Loomer now seeks to impose upon Defendant. Under the CDA, Twitter cannot be held liable for its decision to exercise traditional editorial functions, such as moderating content on its platform. *Mezey v. Twitter, Inc.*, No. 1:18-CV-21069-KMM, 2018 WL 5306769, at *2 (S.D. Fla. July 19, 2018). Here, Plaintiffs seek to hold Defendant liable for just that.

At the Hearing, Plaintiffs' counsel argued that by urging Twitter to ban Loomer, Defendant had interfered in Loomer and Twitter's business relationship. However, even accepting as true Plaintiffs' proposition that Defendant reported Loomer's account and convinced Twitter to ban Loomer, doing so does not create a cause of action for tortious interference with a business relationship. Plaintiffs' suggestion that the mere reporting of a Twitter user—however insistent such reporting may be—is sufficient to constitute tortious interference in a business relationship between Twitter and the targeted user is, to put it mildly, nonsensical. A cause of action for tortious interference simply cannot exist each time an individual reports another Twitter user. And at the Hearing, Plaintiffs' counsel could not overcome this line-drawing problem. Put simply, Plaintiffs cannot use a claim of tortious interference with a business relationship as an end-run around the CDA's explicit prohibition that Twitter cannot be held liable for its decision to moderate content on its platform.

In sum, Plaintiffs' pleading fails to allege sufficient facts to satisfy the first prong of the tortious interference requirement and also runs afoul of the CDA.  As such, the Court must dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

For the foregoing reasons it is,

**ORDERED AND ADJUDGED** that Defendants' Joint Motion to Dismiss **[ECF No. 11]** is **GRANTED**.  The above-styled action is **DISMISSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of November, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**