UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

| | |
|---|---|
| **ILLOOMINATE MEDIA, INC.**, *et al*, | ) |
| | )     **Case No. 9:19-cv-81179-RAR** |
| Plaintiffs, | ) |
| v. | ) |
| **CAIR FOUNDATION, INC., and** CAIR FLORIDA, INC. | ) |
| Defendant. | ) |

**CAIR FOUNDATION. INC. AND CAIR FLORIDA, INC.'S JOINT MOTION FOR ATTORNEYS' FEES AND ADDITIONAL COSTS**

CAIR Foundation, Inc. ("CAIR Foundation") and CAIR Florida, Inc. ("CAIR FL") moves for attorneys' fees and additional costs under the Florida Offer of Judgment Statute, Fla Stat. § 768.79.

On October 2, 2019, CAIR Foundation and CAIR Florida made a joint offer of judgment under the Florida Offer of Judgment Statute. Exhibit A. The offer was in writing, named the Plaintiffs, stated that it was made under Section 768.79, stated with particularity that no amount of the offer was set aside for punitive damages, and stated the total amount, which was $1. The offer also noted that the $1 was to be split between the two plaintiffs and payment would be split by the two defendants. The offer noted that it included attorneys' fees, that no non-monetary conditions were being offered, and that the offer was to resolve "all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served," with a caption and case number listed in the offer.

The offer was not accepted within 30 days.

On March 25, 2021, counsel for Defendants had a telephonic meet and confer with counsel for Plaintiffs. During this call, counsel for Plaintiffs respectfully informed counsel for Defendants that Plaintiffs would be opposing Defendants' motion. Counsel for Defendants noted the requirement in Local Rule 7.3(a) that "[w]ithin fourteen (14) days after service of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." Counsel for Defendants respectfully noted that Defendants would not be complying with this requirement.

## ARGUMENT

**I.   CAIR National and CAIR FL are Entitled to Attorneys' Fees and Additional Costs under the Florida Offer of Judgment Statute**

The Court in this case has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. In diversity actions, federal courts are to apply state substantive rules. *See McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001). Statutes such as Florida's offer of judgment that allow for recovery of attorneys' fees are substantive. *See id.* at 1132; *see also Tanker Management, Inc. v. Brunson*, 918 F.2d 1524, 1527 (11th Cir. 1990); *Walker v. Bozeman*, 243 F.Supp.2d 1298, 1304 (N.D. Fla. 2003); *Dictiomatic, Inc. v. United States Fidelity & Guaranty Co.*, 127 F.Supp.2d 1239, 1244-45 (S.D. Fla. 1999); *Garan Inc. v. MN Aivik*, 907 F. Supp. 397, 399 (S.D. Fla. 1995); *Hold v. Manzini*, 736 So.2d 138 (Fla. 3d DCA 1999). So Florida's offer of judgment statute applies to CAIR Foundation and CAIR FL's request.

Florida's offer of judgment statute creates a right of recovery for attorneys' fees when: (i) a party has served a demand or offer of judgment and (ii) the final judgment is at least twenty-five percent less than the offer or demand. *See Fla. Stat*. § 768.79; *Dictiomatic*, 127 F.Supp.2d at

1244; *Vines v. Mathis*, 867 So.2d 548, 549 (Fla, 1st DCA 2004) (a finding of no liability triggers the statute after an offer of judgment has been made).

As explained above, Defendants made a joint offer of judgment of $1 on October 2, 2019 (Exhibit A), that was not accepted by Plaintiffs. In making that offer, Defendants complied with the technical aspects of the statute and the accompanying rule of civil procedure. *See* Fla Stat. § 78.79 and Fla. R. civ. P. 1.442; *see also McMahon*, 256 F.3d at 1131. The offer of judgment statute and Fla. R. Civ. P. 1.442 require that an offer must: (i) be in writing; (ii) name the party making it and the party to whom it was made; (iii) state the amount offered to settle a claim for punitive damages, if any; (iv) state the total amount of the offer and all non-monetary terms of the proposal; (v) identify the claim or claims the proposal is attempting to resolve; (vi) state with particularity any relevant conditions; (vii) state whether the proposal includes attorneys' fees; and (viii) include a certificate of service. Fla. R. Civ. P. 1.442. Defendants' offer satisfied all of these requirements.

On October 22, 2019 this Court dismissed all claims against CAIR FL. Dkt. 19. On November 19, 2019 this Court dismissed all claims against CAIR Foundation. Dkt. 33. Plaintiffs appeal was rejected, a mandate was issued, and fees for the appeal was transferred to this Court. Dkt 50. The final judgment was thus $0, which is more than twenty-five percent less than the offer or demand.

Unless an offeree demonstrates that a settlement offer was not made in good faith, the award of attorneys' fees, from the date of service of the offer of settlement, is mandatory. *See Eagleman v. Eagleman*, 673 So.2d 946, 947 (Fla. 4th DCA 1996) (noting that once statutory prerequisites have been satisfied, the statute creates a mandatory right to attorney's fees); *Schmidt*

*v. Fortner*, 629 So.2d 1036, 1040 n.6 (Fla. 4th DCA 1993) (burden of establishing absence of good faith is on offeree).

To satisfy the good faith requirement, an offeror need have had merely a reasonable foundation upon which it based its offer. See Schmidt, 629 So.2d at 1039. A $1 offer is in good faith when the offeror "believes it has no liability and should not be a part of the litigation." This is what CAIR Foundation believed—in particularly in light of the Bernard Affidavit, *see* Dkt. 12-1—and what the Court so found.

Defendants are thus entitled to its attorneys' fees from October 2, 2019. *See Vines*, 867 So.2d at 549.

## II. CAIR Foundation and CAIR FL Are Entitled to Attorneys Fees

A court is to determine what fees are reasonable under Florida Rules of Professional Conduct 4-1.5. *See Standard Guaranty Ins. Co. v. Quanstrom*, 555; So.2d 828, 830 n.3 (Fla. 1990); *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985). Those factors are:

> (1) The time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) The significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and (8) Whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

Florida Rules of Professional Conduct 4-1.5.

In general, the Court adopts the "federal lodestar approach." *Rowe*, 472 So.2d at 1150, which is congruous.

Under the federal lodestar approach, "[i]t is well-settled that attorneys' fees and costs should be awarded for litigation performed by in-house counsel if such fees would be awarded for the same work performed by outside counsel. *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, 98-cv-7128, 2004 WL 213032, at *6 (S.D.N.Y. Feb. 3, 2004) (citing *Blum v. Stenson*, 465 U.S. 886 (1984) (other citation omitted)); *see Ennia Schadeverzekering, N.V. v. Buzinski, 468 So.2d 541, 542 (Fla. 1985)* ("the amount established by the court may not be based solely on the" contract); *Key West Seaside, LLC v. Certified Lower Keys Plumbing, Inc.*, 208 So.3d 718, 721 (Fla. 2015) ("The fact that another party or a nonparty may have paid the offeror's attorney's fees is of no consequence to the question of whether he offeror is entitled to fees and costs pursuant to the offer of judgment statute or rule"). "Courts usually determine an appropriate fee for in-house counsel's services based on what the appropriate fee would be for work performed by 'independent counsel for similar services.'" *Video-Cinema Films,* 2004 WL 213032 at *6 (quoting *Broadcast Music v. R Bar*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996)). "Therefore, when applying the lodestar calculation, the court may use a reasonable hourly rate that the in-house counsel would be awarded if he or she was acting in the capacity of an outside counsel." *Video-Cinema Films,* 2004 WL 213032 at *6 (citing *Blum* 465 U.S. at 900)).

CAIR Foundation retained CAIR Legal Defense Fund to represent them in this case. Masri Declaration, Exhibit B at ¶ 6. Although CAIR Legal Defense Fund did not charge CAIR Foundation specific fees, CAIR Legal Defense Fund—which normally charges a contingency fee arrangement to civil rights plaintiffs in cases that support CAIR Legal Defense Fund's mission— ate its typical fees, which diverted legal resources. *Id.* at ¶¶ 7-8.

The CAIR Legal Defense Fund Attorneys who worked on this matter were Justin Sadowsky, Carolyn Homer, Gadeir I. Abbas, Lena F. Masri, and Danette Zaghari-Mask. The hours spent on this matter by attorneys are set forth in the billing summaries attached. *See* Exhibits B-F (Attorney Declarations). A summary of the reasonable value of the attorneys' time that CAIR Legal Defense Fund Attorneys exercised in this matter, and are requested in this motion, are as follows:

Justin Sadowsky – 166.8 hours at $ 591/hour ($98,578.80)
Carolyn Homer – 28.6 hours at $388/hour ($11.096.80)
Gadeir I. Abbas – 26.5 hours at $532 /hour ($14,098)
Lena F. Masri – 15.5 hours at $532 /hour ($8,246)
Danette Zaghari-Mask – 13.6 hours at $591/hour ($8,037.60)

TOTAL – 251.0 hours, $140,057.20 (blended rate $558/hr)

Also attached hereto is a declaration from Ramon Abadin regarding the reasonableness of the fees charged by CAIR Legal Defense Fund attorneys in this case. Mr. Abadin has concluded that the attorneys' fees of $140,057.20 are reasonable. *See* **Exhibit G;** *see also Greenberg v. Bilotti,* 15-cv-61730, 2016 WL 524219, at *5 (S.D. Fla. Feb. 10, 2016) ($400 per hour reasonable rate); *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1329 (S.D. Fla. 2015) (same); *Jackson v. Grupo Indus. Hotelero, S.A.*, 07-cv-22046, 2010 WL 750301, at *3 (S.D. Fla. Mar. 3, 2010) (same).

CAIR FL retained The Concept Law Group (and formerly Kain Spielman, P.A., who merged with the current firm) to represent them in this case. *See* Darren Spielman Declaration, Exhibit H.

The attorneys who worked on this matter on behalf of CAIR FL included Darren Spielman, Robert Kain, and Nicole Valdivieso. However, during the relevant time period (October 2, 2019 and forward) being sought herein, only Darren Spielman has time entries. The hours spent on this matter by attorneys are set forth in the billing summaries attached. Mr. Spielman's reasonable

value of the attorneys' time that CAIR FL incurred in this matter, and are requested in this motion, include Darren Spielman 19.65 hours at a reduced rate of $300 and $325 per hour for a total of $6,463.75. Mr. Spielman's normal hourly rate is $425.00 but provided CAIR FL a reduced rate of $300-325/hr given their status as a non-profit organization and adjusted based upon the District Court and Appellate Court proceedings.  Mr. Abadin has concluded that the attorneys' fees of $6,4363.75 for CAIR FL and $146,520.95 overall are reasonable. See **Exhibit G.**

### III.     CAIR National Is Entitled to $1,622.77 in Costs

CAIR National is also entitled to recover its reasonable statutory costs from the date of service of the offer. Under Fla. Stat. Ann. §768.79(1), Greenwich is entitled to "reasonable costs and attorney's fees incurred." Under Fla. Stat. Ann. § 987.843(1), "costs" include "copying, electronic research, long distance telephone, facsimile, Federal Express, postage, Pacer, and court fees." *N.Y. Life Ins. Co. v. Waxenberg*, 2009 WL 5214986, at *6 (M.D. Fla. Dec. 29, 2009) (calling such costs "ordinary litigation expenses and for the most part, self explanatory as reasonable and necessary") (original numbers omitted). Reasonable travel expenses are likewise included in costs. *Beyel Bros., Inc. v. Lemenze*, 720 So. 2d 556 (Fla. 4th DCA 1998) (affirming "the award of travel costs in connection with a deposition") (citation omitted).  As the declaration of Lena Masri states, Masri Declaration (Exhibit B) at ¶¶ 15-16, CAIR Legal Defense Fund seek the following costs, all incurred after October 2, 2019:

**Motion to Dismiss hearing costs**

Zaghari-Mask Flight $258.30

Zaghari-Mask Travel Insurance $5

Zaghari-Mask Transportation to and from MIA $72.36

Zaghari-Mask Hotel $159.78

Zaghari-Mask Per Diem $50

Homer Flight (for MTD hearing) $295.96

Homer Per Diem $50

Homer – Transportation to DCA $17.76

Homer – Transportation to Hearing $19.31

Homer – Transportation from DCA $24.58

Homer – Print Job for hearing $4.81

Homer – WiFi on Airline $8

Transcript from hearing - $280.80

**11th Circuit Appeal Costs**

11th Circuit Admission fee for Justin Sadowsky - $221

Printing cost for 11th Circuit Briefs - $155.11

**TOTAL: $1,622.77**

As the Masri declarations also states, those costs were necessary incurred in this litigation. As the declaration of Ramon Abadin also states, those costs were reasonable. None of these costs were included in the Bill of Costs issued in this case. Dkt. 41-42.

    IV.    **Ramon Abadin is entitled to $4,800 in fees**

The cost of retaining a testifying expert is a taxable cost under the Offer of Judgment statute. *See generally R.J. Reynolds Tobacco Co. v. Lewis*, 275 So. 3d 747, 749 (Fla. 5th Dist. App. 2019). Ramon Abadin was retained to testify by affidavit as to the reasonableness of Defendants'

fee request, and is further willing to provide live testimony at the request of the Court. Exhibit G. He has incurred $4,800 in fees. The Court should award him these fees.

## CONCLUSION

The Court should award CAIR National $140,057.20 in attorneys' fees and $1,622.77 in costs, for a total of $141,679.97 This Court Should award CAIR Florida, Inc. $6,463.75 in attorney's fees. The Court should award Ramon Abadin $4,800 in expert fees. The total award should be $152.943.72.

April 12, 2021

LENA F. MASRI (DC: 1000019)#
GADEIR I. ABBAS (VA: 81161)*#
JUSTIN SADOWSKY (DC: 977642)#
DANETTE ZAGHARI-MASK (FL: 789771)
CAIR LEGAL DEFENSE FUND
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
jsadowsky@cair.com

# *Admitted Pro Hac Vice*
**Licensed in Virgnia, not D.C. Practice limited to federal matters*

*Attorneys for CAIR Foundation*

/s/Darren Spielman
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
Counsel for CAIR Florida, Inc.

## CERTIFICATE OF COMPLIANCE

I certify that on March 12, 2021, in compliance with Local Rule 7.3(b), I served by email a draft of this fee motion compliant with Local Rule 7.3(a)(1)-(8) on counsel of record for Plaintiffs.

/s/ Malick Joof
Malick Joof
Paralegal
CAIR Legal Defense Fund

I certify that on March 25, 2021, I (counsel for Defendant CAIR Foundation, Inc.) and Darren Spielman (counsel for CAIR-Florida) had a telephonic meet and confer with Ronald Coleman (counsel for Plaintiffs). During this call, counsel for Plaintiffs respectfully informed us that he would be opposing our motion. Mr. Spielman and I expressly noted the requirement in Local Rule 7.3(a) that "Within fourteen (14) days after service of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." Mr. Coleman respectfully noted that he would not be complying with this requirement.

I further verify, to the extent not already done so by the accompanying affidavits, the contents of this motion.

/s/ Justin Sadowsky
Counsel for CAIR Foundation
