# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH COUNTY DIVISION**

| | | |
|---|---|---|
| **ILLOOMINATE MEDIA, INC.**, *et al*, | ) | |
| | ) | **Case No. 9:19-cv-81179-RAR** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CAIR FOUNDATION, INC.,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF RAMON A. ABADIN**

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, and based on my own personal knowledge, I, Ramon A. Abadin, hereby declare that the following is true and correct:

1.      I am over eighteen (18) years of age and am competent to testify as to the facts and opinions set forth in my Declaration.  Unless and except where expressly stated otherwise, I have personal knowledge of the facts set forth in this Declaration. The opinions expressed in this Declaration are my professional opinions based upon the facts and circumstances set forth in this Declaration after an evaluation of those facts and circumstances.

2.      I am an attorney licensed to practice law in the State of Florida since 1987.  I am a member in good standing of The Florida Bar and of the Bars of the United States Supreme Court, the United States Court of Appeal for the Eleventh Circuit, and the United States District Court for the Southern and Middle Districts of Florida.  I am a sole practitioner of the law firm of Ramón A. Abadin, P.A.  I have been in the active and continuous practice of civil litigation in Florida for over 30 years, during which time I have handled actions both as plaintiff's and defendant's counsel, in both federal and state courts.  I have previously given expert testimony in open court and by way of declarations

1

and affidavits as to the reasonable amount of attorneys' fees in state court in Miami Florida.  Attached

is my curriculum vitae which accurately sets forth my background and experience.

3.      I have been asked to render an opinion as to the reasonableness of the attorneys' fees

incurred by counsel for CAIR Foundation, Inc. and CAIR-Florida in the above-styled action.

4.      I have reviewed the litigation file and related billing records consisting of time entries

by counsel for CAIR Foundation and CAIR-Florida.

5.      I am familiar with the type of work and time required to successfully litigate cases such

as this case, the difficulties of the issues involved, particularly in this case, the skill necessary to perform

the required legal services properly, and other aspects of this and similar civil litigation.  I am also

familiar with the local marketplace of lawyers who handle cases such as this.

6.      In reaching my conclusions, I have considered the factors set forth in *Florida Patients*

*Comp. Funds v. Rowe,* 472 So.2d 1145 (Fla. 1985), its progeny, and the provisions of Florida Bar Rules

of Professional Conduct at Rule 4-1.5(b).  Those factors include (1) the time and labor required and the

novelty, complexity, and difficulty of the questions and the required skill to deal with them; (2)

preclusion of other employment by the lawyer; (3) the customary rate in the locality for comparable

legal services; (4) the significance of the subject matter or amount of the representation and the

responsibility involved; (5) any additional or special time demands imposed by the client or by the

circumstances; (6) the nature and length of the professional relationship, if any, with the client; (7) the

experience, reputation, diligence, and ability of the lawyers and their skill or efficiency reflected in the

record; and (8) whether the fee is fixed or contingent and whether the client's ability to pay rested to

any significant degree on the outcome.

7.      Based on my review of this case, the experience of counsel for the defense, and the

prevailing and customary rates in the City of Fort Lauderdale, Florida, it is my opinion that the

following rates per hour charged for the services of defense counsel are reasonable and the following hours worked by defense counsel in this case are fair and reasonable for the work performed in this matter:

CAIR Legal Defense Fund (on behalf of CAIR Foundation)

- Justin Sadowsky's reasonable hourly rate of $591 multiplied by 166.8 hours amounts to a loadstar of $98,578.80.

- Carolyn Homer reasonable hourly rate of $388 multiplied by 28.6 hours amounts to a loadstar of $11.096.80.

- Gadeir I. Abbas's reasonable hourly rate of $532 multiplied by 26.5 hours amounts to a loadstar of $14,098.

- Lena F. Masri's reasonable hourly rate of $532 multiplied by 15.5 hours amounts to a loadstar of $8,246.

- Danette Zaghari-Mask's reasonable hourly rate of $591 multiplied by 13.6 hours amounts to a loadstar of $8,037.60.

Concept Law Group/Kain Spielman (on behalf of CAIR-FL)

- Darren Spielman's reasonable hourly rate of $300-$325 multiplied by 19.65 hours amounts to a loadstar of $6,463.75.


8.      Based upon the foregoing, it is my opinion that the loadstar and reasonable fee for CAIR Foundation is $140,057.20, and the lodestar and reasonable fee for CAIR-Florida is $6,463.75.

9.      As for costs, I have reviewed the post-October 2, 2019 costs in this case, which amount to $1,622.77, and I have determined that such costs were reasonably necessary in litigating this matter.

10.      CAIR Foundation and CAIR Florida retained me in this matter to serve as an expert

witness for the purposes of their fee motion.

11.     I am providing my services as an expert witness at an hourly rate of $800.00.

12.     I have reasonably spent 6 hours reviewing the attorneys' time and cost submissions and case file, determining reasonableness, and preparing this declaration.

13.     I hereby request that my fees be awarded in the amount $4,800 as part of an award of fees and costs.

14.     I declare under penalty of perjury that the forgoing is true and correct. I am willing to testify in support of this declaration at the request of the Court.

Dated this 12th day of March, 2021.

_____
RAMÓN A. ABADIN