UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-81179-Ruiz/Reinhart

ILOOMINATE MEDIA, INC., and
LAURA LOOMER

                Plaintiffs,

v.

CAIR FLORIDA, INC., *et al.*,

                Defendant.

_____/

## **ORDER DIRECTING PLAINTIFFS TO OBTAIN PROPER COUNSEL**

Currently before me is Defendants' Joint Motion for Attorney's Fees and Costs. ECF No. 55. This motion was referred to me by the Honorable Rodolfo A. Ruiz. ECF No. 57. When the time for Plaintiff to file a Response had passed, I ordered Plaintiff to Show Cause why Defendants' Joint Motion for Attorneys' Fees and Costs should not be granted. ECF No. 58. Plaintiff did not file a Response to the Order to Show Cause. On June 1, 2021, I received an email from attorney Ronald D. Coleman. *See* Exhibit 1 ("Ex. 1"). Mr. Coleman is a licensed attorney in New Jersey. He is not a member of the Florida Bar. On October 31, 2019, Steven W. Teppler, who is a member in good standing of the Florida Bar, moved for the admission pro hac vice of Mr. Coleman on behalf of Plaintiffs. ECF No. 23. That motion was granted and Mr. Coleman was admitted pro hac vice to appear on behalf of Plaintiffs for all purposes related to this case. ECF No. 26. At the time of Mr. Coleman's admission, both Mr.

Teppler and Mr. Coleman worked for the law firm Mandelbaum Salsburg, P.C. However, Mr. Coleman's email explains that in August 2020 he left Mandelbaum Salsburg. In March 2021, Mandelbaum Salsburg withdrew from the case. ECF No. 53. In its Order Granting Madelbaum Salsburg's Motion to Withdraw as Counsel for Plaintiffs, the Court noted that Mr. Coleman was still representing Plaintiffs, but was no longer affiliated with Mandelbaum Salsburg. *See id*. However, the docket was not updated with Mr. Coleman's new contact information. Thus, Mr. Coleman states that he never received notice of Defendants' Joint Motion for Attorneys' Fees and Costs, nor the Court's Order to Show Cause.

Regardless, under clearly established law, a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that . . . cannot appear *pro se*, and must be represented by counsel."); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court."); *Udoinyion v. The Guardian Security*, 440 Fed. Appx. 731, 735 (11th Cir. 2011) ("A corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel.").

Although Ms. Loomer is an individual, Illoominate Media is a Florida corporation and thus must be represented by counsel who is licensed to practice in this District. Therefore, **Plaintiffs are hereby ordered** to obtain counsel in this district who is willing to sponsor Mr. Coleman's pro hac vice admission. Alternatively, Plaintiffs may certainly hire new counsel who is licensed to practice in Florida. **Plaintiffs shall have until July 6, 2021 to abide by this Order. Failure to do so may result in the Court granting Defendants' Joint Motion for Attorneys' Fees and Costs by default.**

**DONE AND ORDERED** in Chambers this 3rd day of June, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE