UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

| | |
|---|---|
| ILLOOMINATE MEDIA, INC. and<br>LAURA LOOMER<br><br>   *Plaintiffs*,<br><br> v.<br><br>CAIR FLORIDA, INC., *et al.*,<br><br>   *Defendant.* | Civil Action: 9:19-cv-81179-RAR |

**PLAINTIFFS' OPPOSITION TO JOINT MOTION
FOR ATTORNEYS' FEES AND ADDITIONAL COSTS**

  The text of the Offer of Judgment offered by Defendants CAIR Foundation and CAIR FL, submitted by Defendants as Exhibit A to their motion, stated, in relevant part, as follows (emphasis added):

> The proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served. Fla. R. Civ. P. 1.442(c)(2)(B). The Offer relates to all claims, specifically all Counts 1-5 in the Amended Complaint. The amount offered to settle all claims in this matter is $0.50 each from each Defendant, for a total amount of $1. The judgment would be paid by each Defendant split equally ($0.50 from each Defendant total, or $0.25 from each Defendant to each Plaintiff). Punitive damages are not currently sought but the right to seek them is purportedly reserved in the Amended Complaint. To the extent that punitive damages are implicated, no amount of this Offer is specifically set aside for the settlement of any claim for punitive damages. Within the total Offer amount stated, it includes any costs and attorney's fees attorneys' fees, which are sought or by which Plaintiffs are or may be entitled, by the current Amended Complaint. There is no nonmonetary component of this offer of judgment and specifically does not include any of the requested injunctive relief. There are no relevant conditions other than that accepting **this judgment will be deemed a final resolution of all the claims in this case against CAIR Foundation and CAIR-Florida, requiring a stipulation of dismissal**. Each offeree may independently

decide whether to accept this joint offer. *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 650 (Fla. 2010)

## I. THE OFFER OF JUDGMENT DOES NOT QUALIFY FOR AN AWARD OF ATTORNEYS' FEES BECAUSE IT WAS PREMISED ON DISMISSAL OF PLAINTIFFS' NON-MONETARY CLAIMS.

The offer of judgment statute, § 768.79, provides that offers of judgment apply only to "any civil action for damages." "Courts have consistently interpreted this phrase as being applicable to a claim in a civil action in which a party seeks only money damages." *Starboard Cruise Servs., Inc. v. DePrince*, 259 So. 3d 295, 298 (Fla. Dist. Ct. App. 2018). The Eleventh Circuit summarized the legal rule concerning the eligibility of an offer of judgment to lawsuits including equitable claims under Florida law in *Highland Holdings, Inc. v. Mid-Continent Cas. Co.*, 725 F. App'x 906 (11th Cir. 2018):

> Under Florida law, which the parties agree applies, a defendant who prevails "[i]n any civil action for damages" can recover its attorney's fees when it made "an offer of judgment which [was] not accepted by the plaintiff within 30 days." Fla. Stat. § 768.79(1). By its plain language, section 768.79 "is applicable to a claim in a civil action in which a party seeks only damages, i.e., monetary relief." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So.3d 362, 373 (Fla. 2013). **If the plaintiff requests injunctive relief and monetary damages and the defendant serves a general offer of judgment that seeks release of all claims, the defendant cannot recover its attorney's fees under section 768.79**. *Id*. at 374.

> The district court did not err by denying the motion of Mid-Continent to recover its attorney's fees under section 768.79. Mid-Continent made a general offer of judgment to settle "all claims" in the amended complaint, and that pleading sought both equitable relief and a monetary judgment. The complaint by Highland Holdings and Adams for a declaratory judgment about "insurance coverage for [its] underlying tort action" did not constitute "a civil action for damages within the meaning of" section 768.79. *See Nat'l Indem. Co. of the S. v. Consol. Ins. Servs.*, 778 So.2d 404, 408 (Fla. Dist. Ct. App. 2001). Because Highland Holdings and Adams sought "both monetary and nonmonetary relief, and [Mid-Continent] ma[de] a general offer of settlement, section 768.79 is not applicable." *Diamond Aircraft*, 107 So.3d at 373.

*Id*. at 907–08. Here the Offer of Judgment was at pains to state, obviously with an eye to the prohibition of an attorneys' fees award for a release of non-monetary claims, "There is no nonmonetary component of this offer of judgment and specifically does not include any of the requested injunctive relief." In the very next sentence, however, the Offer of Judgment takes back not only what it said, but then some: "There are no relevant conditions other than **that accepting this judgment will be deemed a final resolution of all the claims in this case against CAIR Foundation and CAIR-Florida, requiring a stipulation of dismissal**." (Emphasis added.) This formulation is much like that found to have been insufficient in Highland Holdings, which was contingent on "a full and complete release of all claims that [plaintiffs] have asserted, or could have asserted, against [Mid-Continent]." *Id*. at 907.

The law is clear that defendants cannot have it both ways, especially in the context of the offer of judgment statute. *See*, *Campbell v. Goldman*, 959 So.2d 223, 226 (Fla. 2007). ("When construing the language of section 768.79 and rule 1.442, the law is clear: both provisions must be strictly construed because they are in derogation of the common law rule that each party is responsible for its own attorney's fees.") And indeed, a similar attempt to disguise a general offer of settlement as one "only for damages" failed in *Starboard Cruise Servs., Inc. v. DePrince*, 259 So. 3d 295 (Fla. Dist. Ct. App. 2018), in which the court explained as follows:

> [A]lthough Starboard's "proposal for settlement" under section 768.79 initially stated that the proposal was to resolve all claims for damages and specifically directed the proposal to counts II and III of the amended complaint (claims for breach of contract and conversion), **the proposal also required DePrince to release all of the claims asserted by DePrince against Starboard in this action and to dismiss with prejudice all counts of the amended complaint**. Additionally, the proposed release attached to the proposal for settlement contained similar language requiring DePrince to "release and forever discharge Starboard ... of and from all claims that were asserted by [DePrince] against [Starboard]" in the instant action, with prejudice as to counts I, II, and III. As count I was DePrince's claim for specific performance, the proposed release clearly required DePrince to

>also release and discharge DePrince's equitable claim against Starboard as a condition of the proposal for settlement.

*Id*. at 301–02.  Because it was impossible to dismiss the complaint without construing the settlement offer as one including that complaint's equitable claims, "Starboard's proposal for settlement was unambiguous, and the proposal was conditioned on DePrince releasing all of his claims asserted in the lawsuit and dismissal of all of his claims with prejudice" and no attorneys' fees were awarded. 259 So. 3d at 302.  The same applies here:  The language in Defendants' Offer of Judgment stating that "this judgment will be deemed a final resolution of **all the claims** in this case against CAIR Foundation and CAIR-Florida, requiring a **stipulation of dismissal**" is an unambiguous general offer of judgment, and ineligible as a basis for awarding attorneys' fees under § 768.79.

**II. NO FEES SHOULD BE AWARDED BECAUSE THE CALCUATION OF FEES AND BASIS OF FEES INCURRED SET FORTH IN DEFENDANTS' MOTION DOES NOT COMPORT WITH FLORIDA LAW AND IS NOT REASONABLE.**

A fee "award must be supported by evidence detailing the nature and extent of the services performed and by expert testimony regarding the reasonableness of the fee." *Morton v. Heathcock*, 913 So.2d 662, 669 (Fla. 3d DCA 2005); *see Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla.1985) ("Florida courts have emphasized the importance of keeping accurate and current records of work done and time spent on a case, particularly when someone other than the client may pay the fee. To accurately assess the labor involved, the attorney fee applicant should present records detailing the amount of work performed."); *Brewer v. Solovsky*, 945 So.2d 610, 611 (Fla. 4th DCA 2006) ("An award of attorneys' fees requires competent and substantial evidence. Competent evidence includes invoices, records and other information detailing the services provided as well as the testimony from the attorney in support of the fee.")  While Exhibits B-F to Defendants' motion do constitute documentation of the time allocated, they make no attempt to

4

allocate that portion of the fees attributable to the amount that, in theory (*contra* the previous section) would have been recoverable under the offer of judgment law – that is, fees attributable to Plaintiff's claims for monetary damages. Making this showing, or setting forth why it could not be made, was their burden. *Rockledge Mall Assoc., Ltd. v. Custom Fences of Brevard, Inc.*, 779 So.2d 558, 559 (Fla. 5th DCA 2001) (the party seeking attorney's fees on multiple claims who has an affirmative burden to demonstrate what portion of the effort was expended on the claim that authorized attorney's fees); *Lubkey v. Compuvac Sys., Inc.*, 857 So.2d 966, 968 (Fla. 2d DCA 2003) ("[T]he party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible."; *see also Ocean Club Cmty. Ass'n v. Curtis*, 935 So.2d 513, 517 (Fla. 3d DCA 2006) (party seeking an award of attorney's fees bears "affirmative burden" to demonstrate what portion of the effort was expended on the claim which allowed attorney's fees). This alone invalidates Defendants' fee submission.

 Other flaws are fatal to it as well, however. Apart from the documentation in Exhibits B-F, Defendants' application hinges on the Declaration of Ramon A. Abadin, a solo practitioner who is offered as Defendants' requisite expert on the reasonableness of their fees under *Morton, supra.* v. Heathcock, 913 So.2d 662, 669 (Fla. 3d DCA 2005)Mr. Abadin testifies, in ¶ 2 of this Declaration, that he has previously testified regarding the reasonableness of attorneys' fees in Florida state court and refers to his curriculum vitae, which, however, is not attached. In the absence of that attachment, Plaintiffs searched Westlaw for cases involving Mr. Abadin in an attempt to corroborate his statement that he has over 30 years of litigation experience and is "familiar with the type of work and time required to successfully litigate cases such as this case,

the difficulties of the issues involved, particularly in this case, the skill necessary to perform the required legal services properly, and other aspects of this and similar civil litigation." *Id*.

Two cases were located in which Mr. Abadin was counsel of record: *Epic Hotel, LLC v. Culligan Int'l Co.*, 159 So. 3d 1014 (Fla. Dist. Ct. App. 2015), a products liability matter; and *Del Valle v. Sanchez*, 170 F. Supp. 2d 1254, 1257 (S.D. Fla. 2001), a lawsuit involving medical malpractice. A third case, *Rodriguez v. Geovera Specialty Ins. Co.*, No. 18-23585-CIV, 2020 WL 2732337 (S.D. Fla. May 26, 2020), was a breach of insurance contract action in which Mr. Abadin is credited, in an opinion taxing costs under the federal offer of judgment rule, with an affidavit averring that plaintiffs were entitled to recover $41,718.95 in costs. The Court awarded a total of $9,175.97, or less than a quarter of the amount Mr. Abadin calculated. *Id*. at *1. Although a Westlaw search cannot be deemed dispositive in this matter, neither is there evidence in the record to support the claims of Mr. Abadin of qualification to testify on an expert regarding the reasonableness of attorneys' fees in any matter, much less that he has experience in "cases such as this case" – which, it is submitted, is a very small set of cases indeed.

Mr. Abadin's qualification as an expert is further undermined by his submission of the hourly rates charged by the various CAIR lawyers, three of whom were billed at over $500 an hour and one of whom was billed at just under $600 an hour, as appropriate under the lodestar method. While "the burden is upon the fee applicant to supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate," *Williams v. Target Corp*., No. 3:10-CV-367-J-37JRK, 2012 WL 13098496, at *2 (M.D. Fla. Jan. 23, 2012), report and recommendation adopted, No. 3:10-CV-367J-37JRK, 2012 WL 13098497 (M.D. Fla. Feb. 7, 2012), Mr. Abadin makes no effort whatsoever to do so – merely stating that the rates are "fair and reasonable" and approving the fee total of $140,057.20 for the work done here. This *ipsi dixit*

assertion of fairness and reasonableness does not meet the standard for assessing either quality, making no reference to the respective billers' credentials, seniority, experience, efficiency or how their rates compare to those charged by comparable attorneys in the relevant market. "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996).

Considering the extraordinary "blended rate" of **$558 per hour** for lawyers of undetermined qualifications, Mr. Abadin's refusal to set forth the basis, applying these criteria, for his "fair and reasonable" conclusion is inexplicable – and insufficient as a matter of law. See, *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate").

There is more. As the court observed in *Williams*:

> Florida's Offer of Judgment statute directs the Court to consider the following factors in considering the reasonableness of an award of attorney's fees:
>
> 1. The then apparent merit or lack of merit in the claim.
>
> 2. The number and nature of offers made by the parties.
>
> 3. The closeness of questions of fact and law at issue.
>
> 4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
>
> 5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
>
> 6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

*Id*. at *3. These factors – required by the statute to be weighed by the Court – are simply disregarded in Defendants' submission. While the parties will obviously dispute the correct

characterization of the "then apparent merit or lack of merit in the claim," factor (1), and the "closeness of questions of fact and law," factor 4, the other factors can be addressed readily. There was only one offer made, and, as set forth above, it was of a nature not amenable to an attorneys' fees calculation, because it did not address the issue of equitable relief (factor (2)); the offering party did not, on the record, unreasonably refuse to furnish information (factor (4)); and the case was indeed "in the nature of a test case presenting questions of far-reaching importance affecting nonparties," as evidenced by the national attention bestowed on it by both opponents and proponents of the claim (the former including Defendants themselves) (factor (5)). As for factor (6), the amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged, this appears to be of no relevance here.

Thus, even if a fee award were permitted here under Florida law, Defendants have failed to make even a prima facie showing of the fairness and reasonableness of the fees they seek in terms of the amount billed, to segregate the fees that would in theory be recoverable (monetary damages claims) from those that are not (equitable relief) or explain why they cannot be segregated. They have failed even to show their proffered expert regarding the fairness and reasonableness of these fees is competent to opine on the subject. And even if these failures were themselves not – each of them – dispositive here, which they are, consideration of the six factors required by the statute set forth above militate in favor of a significant downward departure of the award sought under the lodestar method.

## CONCLUSION

For the forgoing reasons, Defendants' motion for fees and costs should be denied in its entirety.

Dated: July 21, 2021

*Craig W. Young, Esq.*
Craig W. Young, Esq.

CWY LEGAL & CONSULTING, LLC
2500 Quantum Lakes Dr., Suite 100,
Boynton Beach, FL 33426
561-568-1000

Ronald D. Coleman (*pro hac vice*)
Dhillon Law Group, Inc.
8 Hillside Plaza, Ste 103
Montclair, NJ 07042
973-298-1723
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF.

*Craig W. Young, Esq.*
**Craig W. Young, Esq.**
CWY LEGAL & CONSULTING, LLC