UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

| | |
|---|---|
| **ILLOOMINATE MEDIA, INC.**, *et al*, | ) |
| | ) Case No. 9:19-cv-81179-RAR |
| Plaintiffs, | ) |
| v. | ) |
| **CAIR FOUNDATION, INC., and** CAIR FLORIDA, INC. | ) |
| Defendants. | ) |

**CAIR FOUNDATION. INC. AND CAIR FLORIDA, INC.'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND ADDITIONAL COSTS**

Plaintiffs expressly refused to follow Local Rule 7.3, then failed to respond to the CAIR Defendants' Motion for Fees. Now, months later in response to a Court Order, Plaintiffs finally file an objection to fees. But their only real objection—waived in any event due to failure to comply with Local Rule 7.3—is that their lawsuit sought injunctive relief against the CAIR Defendants, not just damages, and suits for injunctive relief are not covered by the Offer of Judgment statute. And despite some fake pro forma language in their Complaint to the contrary, Plaintiffs do not have any claims for injunctive relief against the CAIR Defendants. In light of this and for all the reasons previously stated, the Court should award Defendants their full fee request.

**ARGUMENT**

**I.   Plaintiffs waived their objection to fees by failing to comply with Local Rule 7.3.**

Local Rule 7.3 requires, as part of the pre-filing meet and confer requirements, for respondents to fee motions to "describe with reasonable particularity each time entry or non-taxable expense to which it objects, both as to issues of entitlement and as to amount, and

1

shall provide supporting legal authority." It also requires that "[i]f a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate."[1]

As the Motion for Fees indicated, the CAIR Defendants "expressly noted the requirement in Local Rule 7.3(a) that "[w]ithin fourteen (14) days after service of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." Dkt. 55 at 10 (Certification of Justin Sadowsky). Plaintiffs' counsel "respectfully noted that he would not be complying with this requirement." *Id.*[2]

"Local Rule 7.3's requirements are not optional, but mandatory." *Sriskada v. Harbor Pita, Inc.*, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014). The "failure to comply with Local Rule 7.3 is grounds for granting the City's requested amount of fees, if otherwise reasonable." *Club Madonna, Inc. v. City of Miami Beach*, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015). Waiving a nonmovant's objections to a fee motion as a sanction for noncompliance is particularly appropriate "when a party flippantly disregards the Local Rules—especially rules that are designed to conserve the Court's resources." *Id.*; *see also Perez v. Praetorian Ins. Co.*, 2019 WL 2255578, at *5 (S.D. Fla. Feb. 26, 2019) ("any objections to defense counsel's time entries would have been waived because Local Rule 7.3's requirements are mandatory, not optional").

---

[1] The CAIR Defendants complied fully with their obligations under Local Rule 7.3, *see* Dkt. 55 at 10, and Plaintiffs do not contend otherwise.
[2] Nor is this the first time Plaintiffs' counsel has ignored Local Rule 7.3. *Carnival Corp. v. McCall*, 2021 WL 2338647, at *2-5 (S.D. Fla. Apr. 26, 2021), *report and recommendation adopted*, 2021 WL 2333102 (June 8, 2021).

2

By failing to comply with Rule 7.3, Plaintiffs have waived both "issues of entitlement" and "amount." The Court should grant the Motion for Fees for this reason alone.

## II. Plaintiffs did not seek any injunctive relief against the CAIR Defendants under the True Relief rule.

Even ignoring waiver, Plaintiffs' primary objection holds no water. The premise behind this objection is that the CAIR Defendants' offer of judgment required them to settle their injunctive relief claims against the CAIR Defendants. The problem with this premise is that Plaintiffs never had any injunctive relief claims against the CAIR Defendants.

To be sure, Plaintiffs had an injunctive relief claim against Twitter, a never-served Defendant that was already voluntarily dismissed from the case at the time of the Offer of Judgment. *See* Dkt. 11 at 1. Plaintiffs sought from Twitter "recission or reformation of those provisions of the Twitter Terms of Service which, as a matter of equity, might otherwise prevent or limit this Court's ability to provide just and complete remedies for defendants' unlawful conduct." Dkt. 1-2 at 40 (Prayer for Relief).

Otherwise, the only injunctive relief sought was "preliminary and permanent injunctions to prevent defendants from continuing their unlawful conduct." *Id.* Yet there are no allegations against either CAIR National or CAIR Florida that it was continuing to engage in any unlawful conduct. Instead, the allegations were that CAIR National, working with Twitter and CAIR Florida in some undefined way, instructed Twitter to ban Laura Loomer's Twitter account, and Twitter complied. Dkt. 1-2 at ¶¶ 181-84. The rest of the Complaint is Islamophobic drivel directed at CAIR and its chapters that have nothing to do with the case, except perhaps otherwise to show why CAIR supposedly disliked Ms. Loomer. *See id.* at ¶¶ 64-77, 90-91, 93, 95, 97-100, and 177.

And there is no request in the Complaint that the CAIR Defendants act affirmatively, such as by instructing Twitter to unban Loomer. Absent that, with no-longer-a-defendant-Twitter having permanently banned Loomer, there is nothing for CAIR to stop doing anyway.

As Plaintiffs' own proffered case explains, when "the 'true relief' sought" is "monetary damages," an offer of judgment seeking to settle the case remains valid against a plaintiff. *Starboard Cruise Services, Inc. v. DePrince*, 259 So.3d 295, 300 (Fla. DCA 3d 2018). A "passing reference to 'equitable relief' in the operative complaint" does not change the true relief sought from monetary damages. *Faith Freight Forwarding Corp. v. Anias*, 206 So. 3d 753, 755 (Fla. DCA 3d 2016). Nor do Plaintiffs explain anywhere in their Opposition what equitable relief they were seeking from the CAIR Defendants. *See id.* (True Relief rule applies "particularly where, as here, the Employer could not identify any equitable relief that was ever at issue"); *see also Nelson v. Marine Group of Palm Beach, Inc.,* 677 So. 2d 998, 999 (Fla. 4th Dist. App. 1996) ("As evidenced both by the real issues in dispute and the counterclaim which clearly framed this case as an action for damages, the offer of judgment statute properly applied"). In *Starboard*, the True Relief law did not apply because the injunctive relief sought was concrete—the plaintiff wanted defendant to provide a particular diamond. 259 So. 3d at 302.

A full reading of the Complaint confirms this was an action for damages. The counts at issue, for instance, refer to being injured "in an amount that will be proved at trial." Dkt. 1-2 at ¶¶ 209, 218, 229.[3] Nowhere do Plaintiffs allege that they continue to be injured by the

---

[3] On the voluntarily dismissed restraint-of-trade claim, Plaintiffs only say "have been injured," but still do not allege any ongoing or future harm.

4

CAIR Defendants' conduct. And nowhere do Plaintiffs allege the CAIR Defendants are committing any ongoing injury.

Looking beyond the Complaint only confirms the application of the True Relief rule. Plaintiffs claimed they were seeking "preliminary and permanent injunctions" but never filed for a preliminary injunction during the pendency of the case. And they describe their claims against the CAIR Defendants in the opposition to the Motion to Dismiss as "tort claims." Dkt. 24 at 1, 10.

Were the Court to interpret the single throwaway and generic line in the Prayer for Relief that "defendants" should be enjoined "from continuing their unlawful conduct," then the Offer of Judgment statute would be a nullity against plaintiffs, who could add this throwaway to any Complaint in order to defeat any Offer of Judgment settlement. In the end, Plaintiffs' pro forma claim for injunction is no different—and should be given no more legal effect—than their pro forma, fraudulently-joined claims against CAIR Florida were as an attempt to defeat federal jurisdiction.

Because, under the True Relief rule, Plaintiffs had no equitable relief claims against the CAIR Defendants, the Offer of Judgment rule applies. But even if equitable claims existed, then the proper way to interpret the resulting inconsistency between the language that the offer "specifically does not include any of the requested injunctive relief" and that "[t]here are no relevant conditions other than that accepting this judgment will be deemed a final resolution of all the claims in this case against CAIR Foundation and CAIR-Florida, requiring a stipulation of dismissal," is to deem the settlement offer one for monetary damages only. *Shoma Coral Gables, LLC v. Gables Inv. Holdings, LLC*, 307 So. 3d 153, 161 (Fla. 3d Dist. App.

5

2020) ("specific terms and provisions, moreover, control over more general ones"). The CAIR Defendants could not have intended to settle a claim they did not even realize existed.

### III. Plaintiffs' hodgepodge of waived objections should not decrease any award.

Section II of Plaintiffs' Opposition mainly argues that the Motion for Fees should be denied because Plaintiffs failed to segregate their fees between those relating to damages and those relating solely to injunctive relief. This argument fails because—for the reasons explained in Section II, above—Plaintiffs were not seeking any injunctive relief against the CAIR Defendants. But even had Plaintiffs been seeking injunctive relief against the CAIR Defendants, the fees in this case were inherently insegregable as this case was decided at the 12(b)(6) stage, without Plaintiffs moving for any injunctive relief.

Plaintiffs make a hodgepodge of other attacks on the motion. Like their arguments relating to injunctive relief, these arguments are waived due to failure to comply with Rule 7.3. In any event, none of these arguments are valid:

    A.    Plaintiffs' objection (at 6) as to Ramon Abadin being designated an expert is that one time, in one case, the taxable costs he certified as reasonable was reduced by 75%. *Rodriguez v. Geovera Specialty Ins. Co.*, 2020 WL 2732337 (S.D. Fla. May 26, 2020). That case involves costs, not fees. Plaintiffs omit that in that same case, Abadin was used as an expert on fees as well. 2020 WL 6800451 (Nov. 19, 2020). Although the Court made modest reductions to fees, those reductions were based on significant showings and particularized objections of the nonmovants, as well as a counterexpert. *Id*. No such objections exist here.

    B.    Plaintiffs next object that Abadin did not specify the basis for the fee rates. Local Rule 7.3 requires challenges to an hourly rate to be supported by "an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other

arrangements that could change the effective hourly rate." Plaintiffs' failure to do so is dispositive on their challenge to the hourly amount.

Further, the basis is easily identifiable from the combined affidavits. *See* Dkt. 55-2 at ¶ 13; 55-3 at ¶ 12; 55-4 at ¶ 12; 55-5 at ¶ 11; 55-6 at ¶ 9. The fees Abadin approved come directly from the Department of Justice's *Laffey* Matrix as to what is a reasonable fee rate in civil cases in the District of Columbia in fee-shifting cases.[4] *Id.*; *see also* Dkt. 55-7 at ¶ 7 (rates are similar to prevailing rates in Fort Lauderdale). The market rates in the District of Columbia and Southern Florida are similar, which is why multiple cases in this District have applied the *Laffey* Matrix in determining a reasonable fee. *Figueroa v. Maximum Recovery Sols., Inc.*, 2012 WL 13134301, at *7 (S.D. Fla. Dec. 12, 2012) ("consistent with the [Court's] knowledge and experience concerning prevailing rates in this jurisdiction"); *Torres-oquendo v. Correa-Kahil Auto Sales, Inc*, 2014 WL 11822751, at *2 (S.D. Fla. Apr. 3, 2014), *report and recommendation adopted*, 2014 WL 11822752 (Apr. 30, 2014). But even if Abadin did not provide sufficient detail in his declaration, the declaration specifically states he is "willing to testify in support of this declaration at the request of the Court." Dkt. 55-7 at ¶ 14.

And even without Abadin's declaration, this Court would still need to decide a reasonable hourly rate. *Figueroa*, 2012 WL 13134301 at *7 (citing *Norman v. Hous. Auth. of of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The *Laffey* Matrix rates are reasonable and should be adopted even in the absence of expert testimony. *See* § C, below.

---

[4] https://www.justice.gov/usao-dc/page/file/1305941/download at n.1.

C. Plaintiffs complain about the blended rate of $558 per hour. As explained in Section § B, above, this argument is waived.[5]

In any event, the attorneys who worked on this case are exceedingly skilled attorneys with who have spent much of their careers at large law firms or national civil rights firms. The reasonableness is confirmed not only by the Laffey Matrix, *see* § B, above, but also because similar or higher rates for similarly experienced counsel have been approved in other recent complex civil cases in this District. *See Roche Diagnostics Corp. v. Surplus Diabetic, Inc.,* 2020 WL 8082367, at *7 (S.D. Fla. July 6, 2020), *report and recommendation adopted,* 2020 WL 8079821 (July 21, 2020); *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, 2021 WL 1200422, at *17 (S.D. Fla. Mar. 5, 2021), *report and recommendation adopted*, 2021 WL 1198322 (Mar. 30, 2021); *Kleiman v. Wright*, 2020 WL 1980601 (S.D. Fla. Mar. 17, 2020); *Domond v. PeopleNetwork APS*, 750 F. App'x 844 (11th Cir. 2018) (unpublished); *Heron Dev. Corp. v. Vacation Tours, Inc.*, 2019 WL 4694147 (S.D. Fla. Aug. 27, 2019).

D. Finally, Plaintiffs wave vaguely at the additional lodestar factors listed in Fla. Stat. § 768.79(7)(b). *See Williams v. Target Corp.,* , 2012 WL 13098496, at *3 (M.D. Fla. Jan. 23, 2012), *report and recommendation adopted*, 2012 WL 13098497 (Feb. 7, 2012). Respectfully, if there were to be any lodestar multiplier in this case, it would be a lodestar multiplier increasing, not decreasing the award.

This case was frivolous from the start. It was based on a since-discredited Wall Street Journal article and publicly admitted hoax. Dkt. 12 at 2-4. It was not filed as a legitimate case that might win but as a political and fundraising ploy designed to punish CAIR for supporting

---

[5] For what it is worth, it appears Plaintiffs' counsel—who practices in New Jersey—billed at a rate of $595 per hour in 2019. *See IOB Realty, Inc. v. Patsy's Brand, Inc.*, 19-cv-27776, Dkt. 140-1, at 3 (S.D.N.Y. May 28, 2020) (Exhibit A).

Muslim rights while enriching the coffers of Plaintiffs through donations from Plaintiffs' Islamophobic supporters. Dkt. 17 at 1-2. The Complaint was replete with irrelevant and Islamophobic allegations against the CAIR Defendants that had nothing to do with this case. *See* Dkt. 1-2 at ¶¶ 64-77, 90-91, 93, 95, 97-100, and 177. While Plaintiffs suggest this was filed as a "test case," the claims against the CAIR Defendants—that they conspired with the Government of Qatar to order a Fortune 500 company to do its bidding in blocking a single Twitter account—are as one-off as they are absurd. And at no point did Plaintiffs ask this Court or the Court of Appeals to overturn any precedent or certify any question of state law to the Florida Supreme Court.

## IV. CAIR Defendants are entitled to additional fees preparing this reply.

This reply was mostly prepared by Justin Sadowsky, who certifies that he spent 13.6 hours preparing it. *See* Reply Certificate of Compliance. This was a reasonable time to spend on a fee response such as this. At a rate of $591, that is an additional $8,037.60. In order to keep costs down and this reply simple, the CAIR Defendants waive the hours of all other individuals who worked on this reply.

## CONCLUSION

The Court should award CAIR National $148,094.80 in attorneys' fees and $1,622.77 in costs, for a total of $149,717.57. This Court Should award CAIR Florida, Inc. $6,463.75 in attorney's fees. The Court should award Ramon Abadin $4,800 in expert fees. The total award should be $160,981.32.

July 28, 2021                                             Respectfully submitted,

LENA F. MASRI (DC: 1000019)#
GADEIR I. ABBAS (VA: 81161)*#
JUSTIN SADOWSKY (DC: 977642)#
DANETTE ZAGHARI-MASK (FL: 789771)
CAIR LEGAL DEFENSE FUND
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
jsadowsky@cair.com

# *Admitted Pro Hac Vice*
**Licensed in Virgnia, not D.C. Practice limited to federal matters*

*Attorneys for CAIR Foundation, Inc.*

/s/Darren Spielman
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for CAIR Florida, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify and otherwise verify the contents of this motion, including the number of hours worked on reply.

<u>/s/ Justin Sadowsky</u>