UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81179-RAR

ILLOOMINATE MEDIA, INC., et al.,

        Plaintiff,

v.

CAIR FLORIDA, INC., and
CAIR FOUNDATION, INC.,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
JOINT MOTION FOR ATTORNEYS' FEES AND ADDITIONAL COSTS**

        Plaintiffs sued Defendants CAIR Florida, Inc. and the CAIR Foundation (collectively, "CAIR Defendants") and former Defendant Twitter, Inc., after Plaintiff Laura Loomer was barred from the Twitter social media platform. The CAIR Defendants made an offer of judgment under Florida law. Plaintiffs did not accept the offer. Their claims were then dismissed in full. Before me is a Joint Motion for Attorneys' Fees and Additional Costs (the "Motion") filed by the CAIR Defendants. ECF No. 55. It was referred to me by the Honorable Rodolfo A. Ruiz, II for appropriate disposition. ECF No. 57. I have reviewed the Motion and attached exhibits, Plaintiffs' Response (ECF No. 64), and the CAIR Defendants' Reply (ECF No. 65). The Motion is ripe for decision. For the reasons contained herein, the Motion is **GRANTED IN**

**PART** and **DENIED IN PART**.[1]

I. BACKGROUND

On March 3, 2019, Illoominate Media, Inc. and Ms. Laura Loomer (collectively, "Plaintiffs") filed a First Amended Complaint against the CAIR Defendants and Twitter, Inc. in state court, alleging violations of state law. ECF No. 1-2.[2] In essence, Plaintiffs alleged that the defendants had colluded to have Ms. Loomer banned from the Twitter social media platform. *Id*. The Amended Complaint was served on July 23, 2019. ECF No. 1 at 2.

CAIR Defendants removed the action to federal court under a valid claim of diversity jurisdiction. ECF Nos. 19, 50. The CAIR Defendants filed a Motion to Dismiss Plaintiffs' claims. ECF No. 11. On October 2, 2019, while their Motion to Dismiss was pending, the CAIR Defendants made a written offer of judgment to Plaintiffs pursuant to Florida Statute 768.79 ("Florida's Offer of Judgment Statute") and Florida Rule of Civil Procedure 1.442(c)(2). ECF No. 55-1. There is no evidence before the Court that Plaintiffs accepted this offer. Instead, Plaintiffs opted to litigate the CAIR Defendants' Motion to Dismiss. ECF No. 24.

The Court granted the CAIR Defendants' Motion to Dismiss on November 19, 2019. ECF No. 33. Plaintiffs appealed the decision and the Eleventh Circuit affirmed

---

[1] Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Rules of Civil Procedure, I have the authority to enter a final order on the Motion for Attorneys' Fees and Costs because it is not case-dispositive. *See, e.g., Collar v. Abalux, Inc.*, No. 16-20872-CIV, 2018 WL 3328682, at *13-14 (S.D. Fla. July 5, 2018) (J. Goodman) ("magistrate judges have jurisdiction to enter orders that do not strike claims, completely preclude defenses, or generate litigation-ending consequences").

[2] The record does not reflect when the original Complaint was filed.

2

the dismissal of the claims. ECF Nos. 34, 50.

The CAIR Defendants filed a timely motion to stay the fee briefing until after the appeal, which the Court granted. ECF Nos. 40, 42. The Eleventh Circuit granted Defendants' motion to transfer the consideration of attorneys' fees to this Court. ECF No. 49.

The CAIR Defendants filed the instant motion for attorney's fees and costs on April 12, 2021. ECF No. 55. Plaintiffs did not respond to the Motion, so I issued an Order to Show Cause why Defendants' Motion should not be granted. ECF No. 58. Plaintiffs' attorney, Ronald Coleman, a member of the New Jersey Bar who was admitted pro hac vice, emailed me personally to explain why he had not been receiving notices. ECF No. 59-1. Because of Plaintiff Iloominate Media's status as a corporation, I ordered Plaintiffs to either a) obtain new counsel who is properly admitted to the Florida Bar, or b) find local counsel to sponsor Mr. Coleman's pro hac vice admission. ECF No. 59. Plaintiffs obtained local counsel and filed a Response (ECF Nos. 60, 64). Defendants filed a timely Reply. ECF No. 65.

## II. ENTITLEMENT TO FEES AND COSTS

### 1. Legal Standard

In making determinations of state law in a diversity action, federal courts must apply the substantive laws of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). However, federal courts must apply federal procedural laws. *McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001) (citing *Erie*, 304 U.S. at 78).

Federal courts regularly find Florida's Offer of Judgment Statute to be

3

substantive law. *McMahan*, 256 F.3d at 1332; *Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007) ("This circuit has found § 768.79 to be substantive law for *Erie* purposes."); *Five for Ent. S.A. v. El Cartel Records, Inc.*, 725 F. App'x 793, 796 n.4 (11th Cir. 2018); *Olivia v. NBTY, Inc.*, No. 11-80850, 2012 WL 12850142, at *3 (S.D. Fla. Feb. 2, 2012); *see also S. Waste Sys. v. City of Coral Springs*, No. 06-61448, 2008 WL 11333838, at *4 (S.D. Fla. Jan. 28, 2008) (applying Florida's Offer of Judgment Statute when exerting supplemental jurisdiction over a Florida state law claim). Furthermore, Rule 1.442's requirements for the contents of an offer of judgment are also substantive law. *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) ("[T]he [Eleventh Circuit] awarded attorney's fees on the basis of the offeror's compliance with Rule 1.442(c)(2)(F) as well as other requirements of Rule 1.442 . . . ."). Thus, I will apply Florida's Offer of Judgment Statute and Rule 1.442 in determining whether Defendants' are entitled to attorneys' fees.

### 2. Application

#### a. Defendants' Offer of Judgment

Under Florida law, an offer of judgment must (1) be in writing; (2) name the party making the offer and the party to whom the offer is made; (3) state that the offer resolves all damages that would otherwise be awarded in a final judgment; (4) state with particularity all nonmonetary terms of the proposal; (5) state with particularity any relevant conditions; (6) state with particularity the amount offered to settle a claim for punitive damages, if any; and (7) state whether the offer includes attorney's fees. Fla. Stat. § 768.79(2); Fla. R. Civ. P. 1.442(c)(2); *see Horowitch*, 645

4

F.3d at 1258 ("[W]e conclude that Rule 1.442(c)(2)(G)—which requires an offer to include a certificate of service . . .—is procedural for *Erie* purposes . . . ." (internal quotation omitted)). If a plaintiff does not accept the offer of judgment within 30 days, "the defendant shall be entitled to recover reasonable costs and attorney's fees . . . if the judgment is one of no liability . . . ." Fla. Stat. § 768.79(1). So long as these statutory criteria are met, an attorney's fee award is mandatory unless the offer was not made in good faith. Fla. Stat. § 768.79(7)(a); *Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 856 (Fla. 2016). Here, there is no dispute as to whether Defendants' offer was made in good faith.

Plaintiffs' Response does not argue that the content of the offer of judgment failed to meet the statutory criteria. ECF No. 64. Therefore, any challenge on this basis is waived. *See, e.g., MSPA Claims 1, LLC v. First Acceptance Insurance Co.*, No. 16-20314-CIV, 2017 WL 3671033, at *4 (S.D. Fla. Aug. 24, 2017) (J. Williams). Nevertheless, I will address these criteria for completeness of the record.

(1) <u>The offer must be in writing.</u>

The CAIR Defendants' offer of judgment was in writing. ECF No. 55-1. It was served on Plaintiffs on October 2, 2019. ECF No. 55-1, at 3.

(2) <u>The offer must name the party making the offer and the party to whom the offer is made.</u>

The CAIR Defendants' offer of judgment named themselves and Plaintiffs. In relevant part it stated, "CAIR Foundation, Inc., and CAIR-Florida, Inc., based on Florida Rule 1.442 and Florida Statutes § 768.79 (2019), make a joint offer of

5

settlement to Plaintiffs Laura Loomer and Illoominate Media, Inc." ECF No. 55-1, at 1.

(3)  <u>The offer must state that the offer resolves all damages that would otherwise be awarded in a final judgment.</u>

The CAIR Defendants' offer of judgment states, "The proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served." ECF No. 55-1, at 1.

(4)  <u>The offer must state with particularity all nonmonetary terms of the proposal.</u>

The CAIR Defendants' offer of judgment states, "There is no nonmonetary component of this offer of judgment . . . ." ECF No. 55-1, at 2.

(5)  <u>The offer must state with particularity any relevant conditions.</u>

The CAIR Defendants' offer of judgment states, "There are no relevant conditions other than accepting this judgement will be deemed a final resolution of all the claims in this case against CAIR Foundation and CAIR-Florida, requiring a stipulation of dismissal." ECF No. 55-1, at 2.

(6)  <u>The offer must state with particularity the amount offered to settle a claim for punitive damages, if any.</u>

The CAIR Defendants' offer of judgment states, "[N]o amount of this Offer is specifically set aside for the settlement of any claim for punitive damages." ECF No. 55-1, at 2.

(7)  <u>The offer must state whether the offer includes attorney's fees.</u>

6

The CAIR Defendants' offer of judgment states, "Within the total Offer amount stated, it includes any costs and attorney's fees attorney's fees [sic], which are sought or by which Plaintiffs are or may be entitled . . . ." ECF No. 55-1, at 1–2.

In sum, I find that the CAIR Defendants' offer of judgment meets all the substantive criteria of Florida's Offer of Judgment Statute and Rule 1.442(c)(2).

### b. Plaintiff's Arguments

Plaintiffs argue that Florida's Offer of Judgment Statute does not apply because Plaintiffs sought both damages and injunctive relief. They note that Section 768.79(1) allows for offers of judgment "in any civil action for damages." They further argue that the offer of judgment here proposed to resolve "all the claims in this case against CAIR Foundation and CAIR-Florida," which would include the request for injunctive relief. ECF No. 64 at 2-4. The CAIR Defendants respond that they can recover under the "true relief" test. ECF No. 65 at 3-6.

Because Florida's Offer of Judgment Statute gives litigants a substantive right to attorney's fees, it is directly in conflict with the standard American Rule that each party pays their own attorneys. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010). Accordingly, the statute must be strictly construed. *Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007).

In a mixed action for both damages and equitable relief, Florida's Offer of Judgment Statute generally does not apply, even if the equitable relief claim is meritless. *S. Specialties, Inc. v. Farmhouse Tomatoes, Inc.*, 259 So. 3d 869, 871 (Fla. 4th DCA 2018). However, the statute does apply when the "true relief" sought is only

7

monetary damages and not equitable relief. *See Starboard Cruise Servs., Inc. v. DePrince*, 259 So. 3d 295, 300 (Fla. 3d DCA 2018) ("[W]e recognize that the 'true relief' test is a valid and viable consideration in some cases."); *MYD Marine Distributor v. Int'l Paint Ltd.*, 187 So. 3d 1285, 1287 (Fla. 4th DCA 2016) (applying the "true relief" test and finding that the Florida Offer of Judgment Statute applied in a mixed action for declaratory judgment and damages). "[A] court should look behind the procedural vehicle used in the complaint to discern what true relief is sought." *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.,* 599 Fed. Appx. 875, 883 (11th Cir. 2015).

A "passing reference to 'equitable relief' in the operative complaint" does not prevent an action from being a civil action for damages. *see also Faith Freight Forwarding Corp. v. Anias*, 206 So.3d 753, 755 (Fla. 3d DCA 2016). "[A] plaintiff can[not] avoid an otherwise valid offer of judgment by merely adding a declaratory judgment count to a cause of action in which the true relief sought is money damages." *Tower Hill Signature Ins. Co. v. Javellana*, 238 So. 3d 372, 375–76 (Fla. 3d DCA 2017). The "true relief" sought is monetary damages when a party only pursues damages throughout litigation and does not pursue its equitable claim. *See MYD Marine*, 187 So.3d at 1286.

The present action was disposed of on a Motion to Dismiss. Accordingly, I must look to the allegations in the Complaint to determine whether the true relief sought against the CAIR Defendants was only monetary damages. For the following reasons, I find that Plaintiffs' claim is a "civil action for damages" as used in Florida's Offer of

8

Judgment Statute.

The CAIR Defendants are named in Counts II, III, IV, and V of the Complaint. Count II alleges tortious interference with advantageous business relationship. It alleges that Plaintiffs "had a reasonable expectation of economic gain in the form of revenue that they would obtain from Ms. Loomer's use of Twitter." ECF No. 1-2 ¶201. It further alleges that the CAIR Defendants' conduct "resulted in the loss of the expectancy and realization of economic gain." *Id.* ¶ 207. It concludes, "Plaintiffs have been injured by the actions of defendants as alleged above *in an amount to be proved at trial.*" *Id.* ¶ 209 (emphasis added).

Count III alleges an unlawful agreement in restraint of trade, in violation of Florida Statute 542.34. It concludes, "Plaintiffs have been injured in their business or property by reason of defendants' unlawful act, combination, or conspiracy in restraint of trade." *Id.* ¶ 213.

Count IV alleges a civil conspiracy whose purpose was "impairing or destroying plaintiffs' business relationship with their readers, donors and fundraising resources." *Id.* ¶ 215. It concludes, "Plaintiffs have been injured by the actions of defendants as alleged above *in an amount to be proved at trial.*" *Id.* ¶ 218 (emphasis added).

Count V alleges a violation of the Florida Deceptive and Unfair Trade Practice Act. It concludes, "Illoominate and Ms. Loomer have been injured by virtue of Twitter's and CAIR and CAIR Florida's deceptive and unfair trade practices as contemplated by Fla. Stat. § 501.204, *in an amount to be proved at trial.*" *Id.* ¶ 229

9

(emphasis added).

The Prayer for Relief section of the Complaint states that Plaintiffs seek "(a) judgment for damages in an amount to be proved at trial; (b) recission or reformation of those provisions of the Twitter Terms of Service which, as a matter of equity, might otherwise prevent or limit this Court's ability to provide just and complete remedies for defendants' unlawful conduct; (c) preliminary and permanent injunctions to prevent defendants from continuing their unlawful conduct; (d) attorney's fees and costs . . . and (e) for such other and further relief as the Court deems just and proper." *Id.* at 41.

I find that the true relief sought against the CAIR Defendants in the Amended Complaint was only monetary damages and that the Amended Complaint makes only a "passing reference" to equitable relief. The only equitable relief directly mentioned in Plaintiffs' complaint is a summary request for "preliminary and permanent injunctions to prevent defendants from continuing their unlawful conduct." ECF No. 1-2, at 41. During the 8 1/2 month period between the filing of the Amended Complaint (March 3, 2019) and the District Court's dismissal order (November 19, 2019), Plaintiffs never filed a motion for a preliminary injunction or temporary restraining order. This evidence circumstantially shows that Plaintiffs were not actually pursuing equitable relief. And, in addition to Plaintiffs not seeking an injunction, the Amended Complaint is framed in terms of monetary damage; it repeatedly and exclusively alleges economic harm to Plaintiffs "in an amount to be proved at trial." *See* ECF No. 1-2 ¶¶ 209, 218, 229.

10

Accordingly, I find that the true relief sought here was monetary damages, so Florida's Offer of Judgment Statute applies. The CAIR Defendants have a mandatory right to reasonable attorneys' fees and additional costs incurred after October 2, 2019.

## III. CALCULATION OF FEES AND COSTS

Under Florida's Offer of Judgment Statute, if a party meets the threshold statutory requirements, it is entitled to "reasonable costs and attorney's fees . . . ." Fla. Stat. 768.79(1); *Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 856 (Fla. 2016). Attorney's fees are properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate—i.e., the "lodestar method." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The result of this method may be adjusted by the court depending on the results obtained. *Barnes*, 168 F.3d at 427.

When requesting attorneys' fees, a party's counsel must exercise "billing judgment" by not including "excessive, redundant, or otherwise unnecessary" hours. *In re. Home Depot Inc.*, 931 F.3d 1065, 1087 (11th Cir. 2019). If counsel does not exercise billing judgment, the trial court will do it for them. *Id.*; *see also H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1283 (S.D. Fla. 2019) (reducing a party's requested number of hours by 20% before awarding attorney's fees). "A fee applicant seeking to recover expenses incurred from non-local counsel generally 'must show a lack of attorneys practicing in that place who are willing and able to handle [its] claims.'" *Maner v. Linkan LLC*, 602 F. App'x 489, 492 (11th Cir. 2015) (quoting *Barnes*, 168 F.3d at 437); *see also Martinez v. Hernando Cnty. Sheriff's Off.*, 579 F. App'x 710, 714

11

(11th Cir. 2014) ("[W]e do not think it reasonable to pass the costs of [Plaintiff Attorney's] travel to the [Defendant] without a showing of a lack of local counsel.").

"Failing to lodge specific objections is generally deemed fatal" for a party opposing a motion for attorney's fees. *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, No. 06-80073, 2008 WL 11412068, at *6 (S.D. Fla. Feb. 6, 2008) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997)), *report and recommendation adopted*, 2008 WL 11412069 (Feb. 26, 2008). However, courts have a duty to conduct an independent analysis of attorney's fees requests. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

1. **Attorneys' Fees**

   a. **Number of Hours**

   Plaintiffs were required to "describe with reasonable particularity each time entry or nontaxable expense to which [they] object[]." S.D. Fla. Loc. R. 7.3(a). However, they only claim that the CAIR Defendants' attorney's fee expert is not qualified. Plaintiffs do not object to any particular time entry. That fact alone may function as a waiver of any objections. However, I still must conduct a thorough, independent review of Defendants' time logs to determine if there are any "excessive, redundant, or otherwise unnecessary" hours.

   I find all of the hours expended on this litigation by counsel for the CAIR Defendants to be reasonable with one notable exception. I find time charged for travel from Washington, D.C. to the Southern District of Florida "otherwise unnecessary." The CAIR Foundation has not shown a lack of local counsel, nor has it provided any

12

evidence that they attempted to retain counsel in the Southern District of Florida. Therefore, I find it appropriate to reduce Ms. Homer's time by 9.3 hours and reduce Ms. Zaghari-Mask's time by 7.5 hours to reflect case-related travel to this District.

Accordingly, I find that the following number of hours were reasonably expended on litigation:

CAIR Foundation

| | |
|---|---|
| Ms. Masri: | 15.5 hours |
| Mr. Abbas: | 26.5 hours |
| Mr. Sadowsky: | 166.8 hours |
| Ms. Homer: | 19.3 hours (reduced from 28.6 hours) |
| Ms. Zaghari-Mask: | 6.1 hours (reduced from 13.6 hours) |

CAIR Florida

| | |
|---|---|
| Mr. Spielman: | 19.65 hours |

**b. Hourly Rate**

In calculating reasonable hourly rates, courts must consider "prevailing market rates in the relevant community, regardless of whether [the party] is represented by private or nonprofit counsel." *Blum*, 465 U.S. at 895. The "relevant community" for purposes of calculating a reasonable hourly rate is the place where the case was filed. *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012). The fee applicant bears the burden of establishing the claimed market rate. *Barmapov v. Amuail*, No. 18-80390, 2020 WL 5899504, at *8 (S.D. Fla. Feb 24, 2020) (citing *Barnes*, 168 F.3d at 427).

13

Lena Masri is a 2008 law school graduate. Since January 2017 she has served as National Civil Litigation and Civil Rights Director for CAIR Foundation, Inc., through the CAIR Legal Defense Fund. She seeks a rate of $532 based on the DC *Laffey* matrix.

Gadeir Abbas is a 2010 law school graduate who works as a staff attorney for the CAIR Legal Defense Fund. He requests an hourly rate of $452.

Justin Sadowsky is a 2005 law school graduate. Since 2019 he has been a trial attorney for the CAIR Legal Defense Fund. He requests an hourly rate of $591.

Carolyn Homer is a 2012 law school graduate. Since graduating from law school, she has worked as an intellectual property litigation associate with two pre-eminent law firms. From February 2018 to December 2019 she worked as a trial attorney for the CAIR Legal Defense Fund. She requests an hourly rate of $388.

C. Danette Zaghari-Mask is a 2004 law school graduate. From January 2018-January 2021 she worked as an attorney for the CAIR Legal Defense Fund. She requests an hourly rate of $591.

Defense counsel requests reimbursement at rates based on the Washington, D.C. market. DE 55-2 to 55-6. I decline to use those rates. As I have explained elsewhere, for a case filed in Palm Beach Circuit Court and then removed to this Court, the proper legal market is Palm Beach County, Florida. *See Cityplace Retail, L.L.C., v. Wells Fargo Bank, N.A., As Tr. For The Registered Holders Of Credit Suisse Frist Boston Mortgage Sec. Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C1,* No. 18-CV-81689, 2021 WL 3361172, at *5 (S.D. Fla. Jan. 12, 2021)

14

(J. Reinhart); *see also Kleiman v. Wright,* 18-80176-CV, 2020 WL 1980601, at *1 (S.D. Fla. Mar. 17, 2020) (J. Reinhart) ("Former House Speaker Tip O'Neill famously pronounced that all politics is local. Locality also matters for weather, linguistic dialects, real estate prices, and topological manifolds. So, too, with attorney's fees."). The CAIR Foundation has not provided any evidence that they attempted to retain counsel in the Southern District of Florida, nor have they provided evidence that no competent counsel in Palm Beach County existed. The CAIR Foundation has not met its burden to show the lack of attorneys in the Southern District of Florida willing and able to take their case, so I decline to award Washington, D.C. rates.

In *Kleiman,* I found the following rates to be reasonable for a litigation in Palm Beach County:

Senior partner with 27 years' experience:  $675

Lawyer with 8 years' experience:  $500

Lawyer with 3 years' experience: $350

Separately, in *CityPlace*, I found the following rates to be reasonable for a litigation in Palm Beach County:

Senior partner with 40 years' experience:  $675

Junior partner with 20 years' experience: $500

Associates with at least 10 years' experience: $400

Associates with at least 5 years' experience: $350

Using these prior rulings as my own matrix, I find the following rates to be applicable here:

15

Ms. Masri: $480

Mr. Abbas: $405

Mr. Sadowsky: $530

Ms. Homer: $388

Ms. Zaghari-Mask: $530

These reduced hourly rates are consistent with the prevailing market rates in the Southern District of Florida but also reflect the experience of the CAIR Foundation's legal team and the complexity of the litigation.

Turning now to counsel for CAIR Florida, I find that Mr. Spielman's requested rates of $300 per hour for trial level work and $325 for appeals level work are reasonable. Mr. Spielman is an attorney who practices in the Southern District of Florida with fifteen years of experience. Also, he charged CAIR Florida a reduced hourly rate since CAIR Florida is a non-profit entity.

Therefore, I find that the CAIR Defendants are entitled to the following attorneys' fees:

<u>CAIR Foundation</u>

| | | |
|---|---|---|
| Ms. Masri: | (15.5 hours) x ($480 per hour) | = $ 7,440.00 |
| Mr. Abbas: | (26.5 hours) x ($405 per hour) | = $10,732.50 |
| Mr. Sadowsky: | (166.8 hours) x ($530 per hour) | = $88,404.00 |
| Ms. Homer: | (19.3 hours) x ($388 per hour) | = $ 7,488.40 |
| Ms. Zaghari-Mask: | (6.1 hours) x ($530 per hour) | = $ 3,233.00 |
| **TOTAL:** | | = **$117,297.90** |

16

<u>CAIR Florida</u>

Mr. Spielman: (unreduced) = $ 6,463.75

**c. Additional Costs**

The costs claimed by the CAIR Defendants fall into one of three categories: (1) ordinary litigation costs (e.g., printing, copying, etc.), (2) travel costs, and (3) expert witness fees. As a preliminary matter, costs not enumerated under 28 U.S.C. § 1920, such as travel expenses and expert fees, are not allowed, even under Section 768.79. *Moody v. Integon Nat'l Ins. Co.*, No. 18-23094-CIV, 2019 WL 4731983, at *5 (S.D. Fla. July 30, 2019) (J. Torres), *report and recommendation adopted*, No. 18-23094-CIV, 2019 WL 7943750 (S.D. Fla. Oct. 7, 2019) (finding costs associated with mediation services and travel expenses are not enumerated in 28 U.S.C. § 1920). In *Moody*, Judge Torres correctly noted that

> Absent explicit statutory authorization, courts are limited to awarding the costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.C. 437, 445 (1987). . . . Courts can only tax outside of Section 1920 if a statute "explicitly" authorizes a court to do so or a court explicitly declares that the statute creates a substantive right to costs. *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T-24-TGW, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010). Non-taxable costs are not recoverable under Section 768.79 because the statute does not *explicitly* authorize courts to award such costs.

*Id.* (emphasis added). Thus, CAIR Defendants will only be awarded costs that are recoverable under 28 U.S.C. § 1920. The only costs allowed under 28 U.S.C. § 1920 are the following:

> (1) Fees for the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

17

> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

I find that CAIR Defendants' costs for printing, transcripts, and admission to the Eleventh Circuit are recoverable under § 1920. However, CAIR Defendants also request costs associated with travel expenses, which is not enumerated in § 1920. Thus, I will not permit recovery of the requested travel costs. *See Gemini II, Ltd. v. Mesa Underwriters Specialty Ins. Co.*, No. 12-61711-CIV, 2015 WL 11538250, at *6 (S.D. Fla. Oct. 14, 2015) (J. Zloch) (denying the award of travel expenses because "[t]ravel costs are not taxable under § 1920"). Similarly, expert fees are not included in the list of recoverable costs under § 1920, and are, therefore, unrecoverable. *Marjam Supply Co. of Florida v. Pliteq*, No. 1:15-cv-24363, 2021 WL 1200422, at *23 (Mar. 5, 2021) (J. Becerra), *report and recommendation adopted*, 2021 WL 1198322 (Mar. 30, 2021) (finding fees for expert who opined on the reasonableness of the requested attorneys' fees were not recoverable under § 1920); *see also Caffo v. Dillard's Inc.*, 8:03-cv-2289-MSS, 2005 WL 8160169, at *5 (M.D. Fla. Nov. 10, 2005) (noting that § 1920 does not include an award for expert fees). Thus, CAIR Defendants will not be permitted to recover Mr. Abadin's expert fees. Accordingly, and in light of the above legal standards, I find that CAIR Defendants are entitled to recover the following costs:

(1) <u>Ordinary Litigation Costs</u>

| | |
|---|---|
| Homer Print Job for Hearing: | $4.81 |
| Transcript from Hearing: | $280.80 |
| 11th Cir. Admission Fee: | $221.00 |
| Printing for 11th Cir. Briefs: | $155.11 |
| **TOTAL:** | **$661.72** |

IV. **CONCLUSION**

Accordingly, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs shall reimburse Defendants:

| | |
|---|---|
| <u>Attorneys' Fees:</u> | **$123,761.65 allocated as follows:** |
| CAIR Foundation, Inc. | $117,297.90 |
| CAIR Florida, Inc. | $6,463.75 |
| <u>Costs:</u> | **$661.72** |

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of August 2021.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

19