UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ILLOOMINATE MEDIA, INC.**, *et al*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **CAIR FOUNDATION, INC.**, and ) <br> CAIR FLORIDA, INC. ) <br> ) <br> Defendants. ) | **Case No. 9:19-cv-81179-RAR** |

## CAIR FOUNDATION, INC. AND CAIR FLORIDA, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND

This Court referred the Joint Motion for Attorneys' Fees and Additional Costs to Magistrate Judge Reinhart on May 14, 2021 (Dkt. 57). Magistrate Judge Reinhart issued a detailed 19 page Order under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) on August 4, 2021. (Dkt. 66) Under Rule 72(a), the time to file objections to that Order to the District Judge was August 18—nearly three months before Plaintiffs' belated Motion for Extension. "A court may, for good cause, extend the time for responding to a motion where the party made a motion for an extension of time after the deadline for responding has passed "if the party failed to act because of excusable neglect*." Quinn v. Deutsche Bank Nat. Tr. Co.*, 625 Fed. Appx. 937, 939 (11th Cir. 2015)(citing Fed.R.Civ.P. 6(b)(1)(B)).

Plaintiffs are required to show excusable neglect. *see also Mathis v. Adams,* 577 Fed. App'x 966, 967 (11th Cir. 2014) (unpublished opinion). But Plaintiffs make no effort to show excusable neglect. And a mistake of law—particularly one that is so black and white as the text of Rule 72(a)—does not qualify as a "matter of law." *Adv. Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) ("the plain language of a rule cannot constitute excusable

1

neglect such that a party is relieved of the consequences of failing to comply"); see also *Advanced Estimating Sys. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997) (concluding that a delay resulting from a lawyer's mistake of law -- as opposed to a mistake of fact -- cannot constitute excusable neglect).

Indeed, Plaintiffs' Motion, as short as it is, is rife with other mischaracterizations of this case and law. The Motion claims Plaintiff "timely filed a notice of appeal to Magistrate Reinhart's Order on September 1," but Rule 72(a) only gave them 14 days. Here, Rule 72(a) cannot be clearer that "[a] party may serve and file objections to the order within 14 days after being served with a copy" and that "[a] party may not assign as error a defect in the order not timely objected to."

Plaintiffs' motion further fails to provide good cause as required under SDFL Local Rule 7.1(a)(1)(J). The only tangential justification by Plaintiffs is "they believed that was the proper procedure given that Magistrate Reinhart has issued an order and not a Report and Recommendation, as magistrate judges often do." However, this explanation is in reference to Plaintiffs filing the prior appeal, and **not** related to filing any objections as required under Rule 72(a). Plaintiff waited three (3) months before raising this issue to the Court, and only did so after the 11th Circuit Court of Appeals *sua sponte* dismissed the appeal. There is an utter lack of diligence, without any explanation. "A lack of diligence in pursuing a claim is sufficient to show a lack of good cause." *Quinn v. Deutsche Bank Nat. Tr. Co.*, 625 Fed. Appx. 937, 940 (11th Cir. 2015). Plaintiffs' motion fails to cite to a single case, rule or statute.

Defendants thus do not need to show prejudice. But, in any event, Plaintiffs are incorrect in claiming that none exists. This was a case brought by an Islamophobe—without any legitimate basis—against federal and Florida Muslim civil rights organizations, designed to

harass them and drain their resources. And Plaintiffs have already had to suffer multiple failures of Plaintiffs' counsel to meet deadlines in this case already. *See* Dkt. 14 (Motion for Leave to file Response out of time); Dkt. 59 (Order to Show Cause why Motion for fees should not be granted due to failure to file a timely opposition). Plaintiffs have also had to deal with repeated failures to follow the SDFL local rules and orders in this case. *See, e.g.* Dkt. 55 (failure to file Local Rule 7.3(a)); Dkt. 65 at 6-8 (explaining prejudice); Dkt. 72 (striking motion for failure to meet and confer); Dkt. 38 at 2-3 (Plaintiffs' counsel failed to appear for argument); *see also* 11th Cir. Case No. 21-13018 (case on appeal) (noting on docket multiple failures to provide corporate disclosure information).

Defendants in this case have already not been reimbursed for 13.6 hours in writing their Fee Motion reply. *See* Dkt. 65 at 9. At $530 an hour (*see* Dkt. 66 at 16), that would have been an extra $7,208. In the interest of finality, Plaintiffs did not appeal the Magistrate's Fee Order because Defendants did not timely do so either. Defendants also have not been reimbursed the time (approximately 2 hours) they spent while this case was on appeal. Nor have they been reimbursed the 1.5 hours spent working on this reply. Forcing Defendants to continue to apply resources to this case when it has already declined to seek additional fees in the interest of finality would constitute prejudice even if Defendants had to show prejudice.

Lastly, Defendant CAIR Florida takes issue Plaintiffs continued failure to properly comply with SDFL Local Rule 7.1(a)(3) on the pre-filing conference. After this Court issued its Order Striking the Plaintiffs' first motion (Dkt. 72), counsel for Plaintiffs sent all counsel a meet and confer email on November 10, 2021 at 12:30 pm, with a deadline to respond by 3:00pm the same day. Undersigned counsel for Defendant CAIR Florida did not have a chance to review the email, confer with his client, and/or meaningfully respond given the

arbitrary 2.5 hour deadline. Then, at 4:17 pm the same day, Plaintiffs filed this Motion. Plaintiffs' meet and confer is a sham and was a veiled attempt to check the box. It certainly does not qualify as a reasonable attempt. Plaintiffs failed to comply with the Local Rule, especially in light of this Court's prior Order on the same topic. Defendant CAIR Florida, Inc. attaches the entire substance of the alleged "meet and confer" correspondence email communications hereto as Exhibit 1.

## CONCLUSION

The Court should deny the Motion to Extend. If the Court were to grant the Motion to Extend and accept the 3 month late filed Plaintiffs' Objection (Dkt. 73-1), in addition to Defendants' response in opposition to the Objections, Defendants request the Court to allow Defendants to submit a supplemental fee request for hours expended (a) replying in support of the initial fee Motion, (b) in response to the Plaintiffs' ill-fated Eleventh Circuit appeal, (c) in response to this opposition, and (d) in responding to Plaintiffs' appeal.

November 11, 2021

Respectfully submitted,

LENA F. MASRI (DC: 1000019)#
GADEIR I. ABBAS (VA: 81161)*#
JUSTIN SADOWSKY (DC: 977642)#
DANETTE ZAGHARI-MASK (FL: 789771)
CAIR LEGAL DEFENSE FUND
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
jsadowsky@cair.com

# *Admitted Pro Hac Vice*
**Licensed in Virgnia, not D.C. Practice limited to federal matters*

*Attorneys for CAIR Foundation, Inc.*

**<u>Darren Spielman</u>**
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for CAIR Florida, Inc.*
