UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

| | | |
|---|---|---|
| **ILLOOMINATE MEDIA, INC.**, *et al*, | ) | |
| | ) | **Case No. 9:19-cv-81179-RAR** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CAIR FOUNDATION, INC., and** | ) | |
| CAIR FLORIDA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**CAIR FOUNDATION, INC. AND CAIR FLORIDA, INC.'S
RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S AWARD OF
FEES**

CAIR Foundation (or "CAIR National") and CAIR Florida (collectively, the "Defendants"), under Federal Rule of Civil Procedure 72(b)(2), respond to the Objections to the Magistrate's Award of Fees of Plaintiffs Laura Loomer and her company, Illoominate Media, Incs (collectively, "Loomer" or "Plaintiffs") (Dkt. 73-1). For the reasons stated below and in the Magistrate's Award (Dkt. 66), the Award should be affirmed, and the Court should Order Plaintiffs to pay Defendants for their costs and fees.

**BACKGROUND**

Plaintiffs Laura Loomer and Illoominate Media, Inc. filed an Amended Complaint in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida against CAIR Florida, CAIR Foundation, Twitter, and John Does 1-5. Dkt. 1-2. The gravamen of the Complaint was that that CAIR and the nation of Qatar somehow control Twitter and force Twitter to apply "Sharia law" to Twitter's business, and based on that control, CAIR instructed Twitter to ban Loomer, and Twitter supposedly complied. *Id.* Loomer only served CAIR

1

Foundation and CAIR Florida, choosing to voluntarily dismiss Twitter without service. CAIR Foundation removed the case to federal Court. Dkt. 1.

On October 2, 2019, CAIR Foundation and CAIR Florida made a joint offer of judgment under the Florida Offer of Judgment Statute. Dkt. 55-1. The offer complied with all requirements: it was in writing, named the Plaintiffs, stated that it was made under Section 768.79, stated with particularity that no amount of the offer was set aside for punitive damages, and stated the total amount, which was $1. The offer also noted that the $1 was to be split between the two plaintiffs and payment would be split by the Defendants. The offer noted that it included attorneys' fees, that no non-monetary conditions were being offered, and that the offer was to resolve "all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served," with a caption and case number listed in the offer.

The offer was not accepted within 30 days.

This Court then dismissed the Complaint based on Motion to Dismiss. Dkt. 33; *see also* Dkt. 19. Loomer and her company appealed. The Eleventh Circuit affirmed this Court's dismissal.

Thereafter, as required by Local Rule 7.3, prior to filing its Motion for Fees, counsel for Defendants provided a copy of the Motion along with Defendants' hours, description, rates, and costs. Defendants then, as also required by local rule, had a telephonic meet and confer with counsel for Plaintiffs. During this call, counsel for Loomer and her company respectfully informed counsel for CAIR-National and counsel for CAIR-Florida that would be opposing Defendants' motion. Counsel for Defendants noted the requirement in Local Rule 7.3(a) that "[w]ithin fourteen (14) days after service of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects,

both as to issues of entitlement and as to amount, and shall provide supporting legal authority." Counsel for Loomer and her company respectfully noted that they would not be complying with this requirement. Dkt. 55 at 2 and 10 (Sadowsky certification).

Defendants then moved for fees. Dkt. 55. Over Plaintiffs' opposition, the Magistrate Judge awarded fees in the amount of $123,761.65 (allocated between the two Defendants) and costs in the amount of $661.72 (to CAIR Foundation). Dkt. 66. This included a reduction in the hourly rate of the fees for CAIR Foundation, an express reduction of 16.8 hours for travel, and an implicit reduction of 13.6 hours for drafting the reply in support of fees. Defendants then appealed this case to the Eleventh Circuit without first seeking relief from the District Court. After the Eleventh Circuit dismissed that appeal for lack of jurisdiction, this Court allowed Loomer and her company to file their objections. Dkt. 75.

## ARGUMENT

### I.    The Offer of Judgment was valid because it only sought damages against the Defendants.

The Magistrate Judge correctly noted that, under Florida's "true relief" test, Plaintiffs only sought monetary damages, so the Offer of Judgment Statue applied. Dkt. 66 at 7-11. Neither of Plaintiffs' response to this conclusion have any merit.

First, Plaintiffs argue that they "sought (1) 'rescission or reformation of those provisions of the Twitter Terms of Service which, as a matter of equity, might otherwise prevent or limit this Court' ability to provide just and complete remedies for defendants' unlawful conduct,' and (2) 'preliminary and permanent injunctions to prevent defendants from continuing their unlawful conduct.'" Appeal (Dkt. 73-1) at 4. But, as the Defendants have already explained in their Reply in Support of Fees (Dkt. 65 at 3), the former is a claim for injunctive relief "against Twitter, a never-served Defendant that was already voluntarily dismissed from

the case at the time of the Offer of Judgment."  Additionally, the latter was meaningless as it relates to the Defendants as "there are no allegations against either CAIR National or CAIR Florida that it was continuing to engage in any unlawful conduct." *Id.*

Second, Plaintiffs complain that the case had not proceeded to discovery, and the "true relief" test could not apply at such an early stage. Dkt. 73-1 at 3. But, as the District Court correctly explained, all that means is the Court "must look to the allegations in the Complaint to determine whether the true relief sought against the CAIR Defendants was only monetary damages." Dkt. 66 at 8. Looking at the Complaint to decide the "true relief" test is exactly how state courts apply the test. *See, e.g., Polk County v. Highlands-in-the-Woods, L.L.C.*, 227 So. 3d 161, 163 (Fla. 2d Dist. App. 2017) ("When determining whether a complaint alleges an action for damages or one for equitable relief, Florida courts look to whether the 'real issue' is one for damages or equitable relief) (cleaned up) (citing *Nat'l Indem. Co. of the S. v. Consol. Ins. Servs.*, 778 So.2d 404, 408 (Fla. 4th DCA 2001), and *DiPompeo Constr. Corp. v. Kimmel & Assocs.*, 916 So.2d 17 (Fla. 4th DCA 2005), and finding the "true relief" sought in the complaint was for damages and permitting enforcement of an offer of judgment). Beyond that, the Magistrate Judge also relied on the telling fact that "Plaintiffs never filed a motion for a preliminary injunction or temporary restraining order," which "circumstantially shows that Plaintiffs were not actually pursuing equitable relief." Dkt. 66 at 10.

## II. Plaintiffs' argument that the Offer of Judgment was not made in good faith is waived and meritless.

Separately, Plaintiffs argue that Defendants' $1 Offer of Judgment could not have been made in good faith because Plaintiffs in this case sought damages of over $75,000.  Dkt. 73-1 at 3. Plaintiffs did not raise this issue before. District Courts need not and generally should not hear arguments made for the first time as an objection to a report and recommendation.

4

*Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Doing so would "allow[] parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Id.* (quoting *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir.1988)). "[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Id.* (quoting *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 991 (1st Cir. 1988).

In any event, the $1 offer was made in good faith here. As Plaintiffs noted in their Motion for Fees, a "$1 offer is in good faith when the offeror 'believes it has no liability and should not be a part of the litigation.'" Dkt. 55 at 4 (quoting *State Farm Mut. Auto. Ins. Co. v. Marko*, 695 So. 2d 874, 876 (Fla. 2d Dist. App. 1997)). This is the case here. Even if Plaintiffs had some sort of legal right for Ms. Loomer to spew her Islamophobia on Twitter, Plaintiffs were fully aware—as the rest of the world was—that the factual basis for Plaintiffs' arguments were based on a well-documented hoax. *See* Bernard Affidavit, Dkt. 12-1. Indeed, the allegations here—that CAIR Foundation could make Twitter do its bidding because it is in cahoots with Qater and that one of Twitter's investors is part of the Saudi royal family (when Saudi Arabia is an enemy of Qater, no less)—were never plausible to begin with.

## III. Plaintiffs never sought an evidentiary hearing, and none was necessary in any event.

Loomer and her company finally argue that the Magistrate Judge erred by not ordering an evidentiary hearing and discovery as to the reasonableness of the fees or the hours. Plaintiffs have waived this argument multiple times. Dkt. 74-1 at 5-8. First, Loomer and her company did not make any Local Rule 7.3(a) objections despite Defendants' counsel expressly

noting the requirement to Plaintiffs. *See* Dkt. 55 at 10 (Sadowsky Certification). So, Plaintiffs have already waived any objections to reasonableness. Second, Plaintiffs did not request either an evidentiary hearing or any discovery in opposition to Plaintiffs' Motion for Fees. Dkt. 64. Demanding that now is just seeking a second bite at the apple because Plaintiffs do not like the outcome. *Williams*, 557 F.3d at 1292. In any event, "[w]hen deciding a motion for attorney's fees, courts rarely reopen discovery, and evidentiary hearings are often unnecessary. *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008). Whether to allow discovery or hold a hearing is thus within the sound discretion of the Court. *Id.*

The Magistrate Judge did not abuse that discretion here. *Id.* Instead, the Magistrate Judge performed "an independent analysis of attorney's fees requests," Dkt. 66 at 12, "find[ing] all of the hours expended on this litigation by counsel for the CAIR Defendants to be reasonable with one notable exception," *id.* at 12. The Magistrate Judge reduced the hours based on that exception. *Id.* at 13. The Magistrate Judge also independently judged the reasonableness of the rates for counsel for both parties, reducing CAIR Foundation's counsel's rates in the process. *Id.* at 14-16. The rates awarded "are consistent with the prevailing market rates in the Southern District of Florida but also reflect the experience of the CAIR Foundation's legal team and the complexity of the litigation." *Id.* at 16. No hearing was necessary for this analysis.

## CONCLUSION

The Court should affirm the fee award ordered by the Magistrate and instruct Plaintiffs to pay the CAIR Defendants their fees. The Court should further award any additional fees and interest that are appropriate in this case.

January 27, 2022

Respectfully submitted,

LENA F. MASRI (DC: 1000019)#
GADEIR I. ABBAS (VA: 81161)*#
JUSTIN SADOWSKY (DC: 977642)#
CAIR LEGAL DEFENSE FUND
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
jsadowsky@cair.com

# *Admitted Pro Hac Vice*
**Licensed in Virgnia, not D.C. Practice limited to federal matters*

*Attorneys for CAIR Foundation, Inc.*

/s/Darren Spielman
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for CAIR Florida, Inc.*