# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 30, 2022

FILED BY _____ JE _____ D.C.

Nov 30, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 22-10718-AA
Case Style: Illoominate Media, Inc., et al v. Cair Florida, Inc., et al
District Court Docket No: 9:19-cv-81179-RAR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-10718

_____

ILLOOMINATE MEDIA, INC.,
A Florida Corporation,
LAURA LOOMER,
A Florida Individual,

                                            Plaintiffs-Appellants,

versus

CAIR FLORIDA, INC.,
A Florida Corporation,
CAIR FOUNDATION,
A Distirct of Columbia Corparation,

                                              Defendants-Appellees,

TWITTER, INC., et al.,

2                                                                22-10718

Defendants.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-81179-RAR

———————————

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: September 30, 2022

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10718

Non-Argument Calendar

_____

ILLOOMINATE MEDIA, INC.,
A Florida Corporation,
LAURA LOOMER,
A Florida Individual,

                              Plaintiffs - Appellants,

versus

CAIR FLORIDA, INC.,
A Florida Corporation,
CAIR FOUNDATION,
A District of Columbia Corporation,

Case 9:19-cv-81179-RAR   Document 82   Entered on FLSD Docket 12/01/2022   Page 5 of 18
         USCA11 Case: 22-10718      Date Filed: 09/30/2022      Page: 2 of 13

2                      Opinion of the Court                    22-10718

Defendants - Appellees,

TWITTER, INC., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-81179-RAR

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Laura Loomer and her corporation, Illoominate Media, Inc., appeal the district court's decision to adopt the order of a magistrate judge compelling them to pay certain costs and attorney's fees to defendants CAIR Florida, Inc. and the CAIR Foundation. Because both the district court and the magistrate judge correctly interpreted and applied pertinent Florida law—and as there is no need for an evidentiary hearing—we affirm.

I.

This suit over attorney's fees and costs stems from allegations that the CAIR Foundation and CAIR Florida, Inc. (CAIR) had a hand in convincing Twitter to ban Loomer's account. CAIR removed the first amended complaint to federal court on

Case 9:19-cv-81179-RAR Document 82 Entered on FLSD Docket 12/01/2022 Page 6 of 18
USCA11 Case: 22-10718 Date Filed: 09/30/2022 Page: 3 of 13

22-10718                Opinion of the Court                          3

August 22, 2019.[1] Counsel for Loomer and her corporation (Illoominate) moved for a remand to state court the next day. In its response two weeks later alleging fraudulent joinder of CAIR Florida, Inc., CAIR filed a sworn statement from Nathan Bernard. He explained that he pranked Illoominate by fabricating evidence to convince "Loomer that CAIR Foundation was the reason Twitter banned her account." *Illoominate Media, Inc. v. CAIR Florida, Inc.*, 841 F. App'x 132, 135 (11th Cir. 2020). In the interim, CAIR had filed a motion to dismiss in late August.

On October 2, 2019, CAIR sent Illoominate an "offer of judgment" proposing to settle the entire case for a nominal $1, including costs and attorney's fees. Illoominate had 30 days to respond. On October 22, the district court dismissed CAIR Florida from the suit and scheduled a hearing on CAIR's motion to dismiss for November 18. Nevertheless, Illoominate chose litigation over settlement. On October 31—shortly before the offer of judgment deadline—Illoominate filed a response to CAIR's motion to dismiss, where it voluntarily dismissed all its claims except Count II (for tortious interference with an advantageous business relationship). Once the deadline passed, the district judge dismissed the remaining claim at the November hearing, and this

---

[1] This Court held, in affirming the motion to dismiss, that CAIR Florida, Inc. was fraudulently joined to defeat diversity jurisdiction. *Illoominate Media, Inc. v. CAIR Florida, Inc.*, 841 F. App'x 132 (11th Cir. 2020). But CAIR Florida incurred legal expenses before its dismissal, which it seeks to recoup alongside the litigation expenses of the CAIR Foundation.

| 4 | Opinion of the Court | 22-10718 |
|---|---|---|

Court affirmed the dismissal in December 2020. *Illoominate Media,* 841 F. App'x at 137. On April 12, 2021, CAIR filed a motion seeking reimbursement from Illoominate pursuant to a Florida law requiring select parties who decline an offer of judgment to pay their opponent's reasonable costs and attorney's fees. Fla. Stat. § 768.79(1).

The lower court referred the matter to a magistrate judge, and both parties had the opportunity to brief the issue in full. The magistrate judge issued an order granting CAIR's motion for costs and attorney's fees, but reducing their magnitude to comport with federal and state laws limiting recovery. Illoominate appealed to the 11th Circuit again, though we dismissed for lack of a final dispositive order to review. *See* Fed. R. Civ. P. 72(a) (codified at 28 U.S.C. § 636(b)(1)(A)) (granting magistrate judges the authority to issue orders only regarding nondispositive matters); *Illoominate Media, Inc. v. CAIR Florida, Inc.,* 21-13018 (11th Cir. Nov. 9, 2021) (dismissing the appeal because a magistrate judge's actions while proceeding under § 636(b) are not final appealable orders) (citing *Donovan v. Sarasota Concrete Co.,* 693 F.2d 1061, 1066–67 (11th Cir. 1982)).

This (third) appeal flows from a motion Illoominate filed in the district court in opposition to the magistrate judge's order. The district judge allowed CAIR to submit a written response to Illoominate's objections. In disposition, the district court adopted the magistrate judge's order in full, awarding CAIR recompense for fees and expenses incurred while litigating all aspects of the case

Case 9:19-cv-81179-RAR Document 82 Entered on FLSD Docket 12/01/2022 Page 8 of 18
USCA11 Case: 22-10718 Date Filed: 09/30/2022 Page: 5 of 13

22-10718           Opinion of the Court                    5

from October 2, 2019 (when the offer of judgment was made) through the end of the first appeal. Illoominate now asks that we review and reconsider.

## II.

The district court properly exercised diversity jurisdiction, and we have appellate jurisdiction under 28 U.S.C. § 1291. A district judge reviewing a magistrate judge's nondispositive order "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). On appeal, we are bound by the same standard: we review the district court's application of law de novo, but its findings of fact for clear error. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002) (A district court's factual finding is "clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed") (quotation omitted).

## III.

First, Illoominate claims that Florida's cost-shifting law is inapplicable because its suit was for both money damages and injunctive relief. Fla. Stat. § 768.79(1); *see also Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 373 (Fla. 2013) ("Courts have also held that when a plaintiff seeks both monetary and nonmonetary relief, and a party makes a general offer of settlement, section 768.79 is not applicable."). In Illoominate's

Case 9:19-cv-81179-RAR   Document 82   Entered on FLSD Docket 12/01/2022   Page 9 of 18
USCA11 Case: 22-10718   Date Filed: 09/30/2022   Page: 6 of 13

6                          Opinion of the Court                    22-10718

view, all they "had a chance to do was plead, and they clearly pled non-monetary relief."

Not quite. The prayer for relief in Illoominate's complaint seeks "damages in an amount to be proved at trial" and (without elaboration) "preliminary and permanent injunctions to prevent defendants from continuing their unlawful conduct." Yet as the magistrate judge correctly pointed out, in the eight-and-a-half-month period between the filing of the amended complaint and the district court's decision to dismiss, Illoominate "never filed a motion for a preliminary injunction or temporary restraining order" in state or federal court.

Nor could it have. Three of the four counts directed at CAIR conclude that Illoominate has been injured in an "amount to be proved at trial," completely synonymous with the prayer for relief's phrasing of the damages claim. The fourth count, a restraint of trade claim, does not specify the relief sought. But the harm is phrased entirely in the past tense: Illoominate and Loomer "have been injured in their business or property by reason of defendants' unlawful act." There is no ongoing harm to be enjoined. The request for injunctive relief only makes sense in the context of Count I, which is directed solely against never-served defendant Twitter. Illoominate seeks "recission or reformation of those provisions of the Twitter Terms of Service which, as a matter of equity, might otherwise prevent or limit this Court's ability to provide just and complete remedies for defendants' unlawful

conduct." Without Twitter, the suit reads as a claim for money damages from CAIR.

The Florida Supreme Court has approved of applying section 768.79 to cases that involve a notional nonmonetary claim, but that actually involved disputes solely over monetary damages. *Diamond Aircraft*, 107 So. 3d at 373. Florida state courts interpret *Diamond Aircraft* by looking beyond the procedural posture of a complaint to assess the "true relief" a party seeks, and apply section 768.79 if it is damages. *See, e.g.*, *MYD Marine Distrib., Inc. v. Int'l Paint Ltd.*, 187 So. 3d 1285, 1287 (Fla. Dist. Ct. App. 2016).

Viewed through this prism, the lower courts appropriately applied the statute here. Illoominate made only a glancing gesture toward injunctive relief directed at another defendant, and then totally failed to pursue it when that defendant was not served. Instead, as the magistrate judge correctly pointed out, the language of their complaint against CAIR sounds entirely in damages. Just as this Circuit held that Illoominate (in this very same complaint) could not fraudulently join a party to defeat diversity jurisdiction, it cannot dodge responsibility for its own choice to continue litigation by pointing to a single throwaway line in its complaint. To hold otherwise would defeat the entire purpose of the Florida statute—any party could upend the law by inserting a single sentence into its pleadings.

| 8 | Opinion of the Court | 22-10718 |

### IV.

If section 768.79 applies, "the sole basis on which a court can disallow an entitlement to an award of fees is if it determines that the offer was not made in good faith." *McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002) (quotation and brackets omitted); *see also* Fla. Stat. § 768.79(7)(a). Unsurprisingly, Illoominate argues that CAIR's offer of judgment was not made in good faith. That contention is wrong, for two reasons.

First, Illoominate waived this argument through inaction. In this fact-bound inquiry, we review the lower court's finding of good faith for clear error. *McMahan*, 311 F.3d at 1083 (citing *Turner v. Orr*, 759 F.2d 817, 821 (11th Cir. 1985)). The district court, in turn, also reviews the magistrate judge's order for clear error or to assess if it is contrary to law. Fed. R. Civ. P. 72(a). But the magistrate judge was clear: "there is no dispute as to whether Defendants' offer was made in good faith." Illoominate did not raise the good-faith issue until its objections to the magistrate judge's order—which was too late to afford it meaningful relief, given the district court's mandate to review record-based factual arguments for clear error. This is reason enough for us to affirm the judgment under clear error review, too.[2]

---

[2] This reasoning largely tracks our Circuit's holding in *Williams v. McNeil* that the district court does not abuse its discretion by failing to consider arguments raised for the first time in a party's objections to a magistrate judge's report and recommendations pertaining to *dispositive* motions. 557 F.3d 1287, 1290–

22-10718　　　　　　　Opinion of the Court　　　　　　　9

If Illoominate's bad-faith argument is not waived, the only question of law presented by it is whether a nominal offer of judgment—here, $1—can be made in good-faith. Yes it can. "Although nominal offers are suspect where they are not based on any assessment of liability and damages, they can be valid if the offerors have a reasonable basis at the time of the offer to conclude that their exposure was nominal." *McMahan,* 311 F.3d at 1083 (citation and quotation omitted). Offerors need not have the kind of evidence necessary to support a judgment when they propose settlement, only "some reasonable foundation on which to base an offer." *Id.* (quotation omitted).

Here, CAIR had introduced sworn statements showing that its purported involvement in Illoominate's claims derived from a hoax. Those statements should have given Illoominate pause about pressing its claims. And apparently they did: during the 30-day window to accept the offer of judgment, Illoominate voluntarily dismissed three of its claims (and the district judge dismissed CAIR Florida, Inc. from the case). That left only one of Illoominate's five counts operative, and that claim too was dismissed within three weeks after the settlement window closed. Given this context, CAIR had a wholly sufficient basis to conclude a nominal settlement was appropriate. So even if the argument

---

91 (11th Cir. 2009). That is true even where, unlike here, the district judge "must determine de novo" any part of the magistrate judge's disposition that "has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Case 9:19-cv-81179-RAR   Document 82   Entered on FLSD Docket 12/01/2022   Page 13 of 18
                     USCA11 Case: 22-10718    Date Filed: 09/30/2022    Page: 10 of 13

10                    Opinion of the Court                   22-10718

had been properly presented, the district court did not err in concluding that CAIR's offer was made in good faith.

## V.

Finally, Illoominate argues that the fees CAIR claims are "fraudulent" and "hyper-inflated." It asks that we either order the district court to dismiss CAIR's motion for fees or conduct an evidentiary hearing to investigate their claims. We decline to do so.

The fraud argument was first raised on objection to the magistrate judge's order. It went unmentioned by the district court. There, as here, Illoominate cites no record facts or relevant legal authority to support its assertions.[3] *See United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019) (an "appellant must make explicit the legal basis for the objection and the legal theory that supports it") (quotation omitted). Nor has Illoominate filed a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b)(3). Instead, Illoominate's arguments about "fraud" are just another way to press the belief that CAIR's fees are too high.

---

[3] Instead—in both its objections to the district judge and its briefing to this Court—Illoominate cites a First Circuit case; an unreported 2014 decision from a federal district court in Texas; and a Florida state court decision. None of these cases involve disputes over costs or attorney's fees. In the latter Florida case, the state court did the opposite of what Illoominate asks us to do: they reversed a state trial court's *dismissal* of a claim for fraud, and then left it up to the trier of fact (a jury in that instance) to determine if an injury was real or not. *Jacob v. Henderson*, 840 So. 2d 1167, 1169–70 (Fla. Dist. Ct. App. 2003).

Case 9:19-cv-81179-RAR Document 82 Entered on FLSD Docket 12/01/2022 Page 14 of 18
USCA11 Case: 22-10718 Date Filed: 09/30/2022 Page: 11 of 13

22-10718                Opinion of the Court                11

As for that unreasonable fees claim, Illoominate's counsel declined to follow local rules of the district court instructing that the recipient of a motion for costs and attorney's fees, within 14 days, "shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." S.D. Fla. R. 7.3(a). Even after CAIR informed Illoominate's counsel about the rule, that counsel chose not to comply with it. However, Illoominate did brief the unreasonableness argument (albeit without the requisite specificity) before the magistrate judge. Though noting that the failure to follow the rules "may function as a waiver of any objections," the magistrate judge nevertheless conducted a thorough investigation of the costs and fees claimed by CAIR. The order enacted—and the district court accepted—a reduction of nearly twenty percent compared to CAIR's initial motion for costs and fees.

We review the magnitude of attorney's fees awarded by a lower court for abuse of discretion. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 (11th Cir. 1999). The abuse of discretion standard "implies a range of choices," and "often we will affirm even though we would have decided the other way if it had been our choice." *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010).

The magistrate judge's report cut hours for travel in line with previous decisions of this Circuit. It cut hourly rates by

12                          Opinion of the Court                       22-10718

correctly applying Supreme Court precedent on the appropriate benchmark rate, and showed how the new proposed figure tracked two similarly situated cases from the Southern District of Florida. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). And the report denied CAIR all costs not enumerated in 28 U.S.C. § 1920. In short, Illoominate received a reasonable and fair-minded assessment from the reviewing magistrate judge.

Based on this analysis, we affirm the holding of the district court that Illoominate must pay the full amount of costs and fees ordered by the magistrate judge: $124,423.37.

No evidentiary hearing is required to reach this conclusion. "When deciding a motion for attorney's fees, courts rarely reopen discovery, and evidentiary hearings are often unnecessary." *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008). A "determination of a fee award by a district court solely on the affidavits in the record is perfectly proper." *Id.* (quotation omitted). As the Supreme Court has noted, a "request for attorney's fees should not result in a second major litigation." *Hensley et al. v. Eckerhart et al.*, 461 U.S. 424, 437 (1983).

On that last point, CAIR should take heed that fees incurred for litigating the amount of recoverable attorney's fees are themselves not recoverable. *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993); *see also McMahan*, 311 F.3d at 1085. After three appeals to our Court, this matter should be at an end.

22-10718              Opinion of the Court                    13

★   ★   ★

We **AFFIRM** the district court's order, which denied Illoominate's objections to the magistrate judge's order granting in part and denying in part CAIR's motion for attorney's fees and costs.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

For rules and forms visit  
www.ca11.uscourts.gov

September 30, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-10718-AA  
Case Style: Illoominate Media, Inc., et al v. Cair Florida, Inc., et al  
District Court Docket No: 9:19-cv-81179-RAR

Electronic Filing  
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call T. L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs