UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

| | |
|---|---|
| ILLOOMINATE MEDIA, INC., a Florida Corporation, and LAURA LOOMER, a Florida individual<br><br>Plaintiffs,<br><br>v.<br><br>CAIR FOUNDATION, a District of Columbia corporation, et. al.<br><br>Defendants. | Case No. 19-CV-81179<br><br>Judge Rodolfo A. Ruiz<br>U.S. District Judge<br><br>Judge Bruce E. Reinhart<br>U.S. Magistrate Judge |

## MOTION TO COMPEL COMPLIANCE WITH ECF NO. 84

This motion seeks to compel compliance with the Court's Order to complete the standard "Fact Information Sheet" required of judgment debtors. Plaintiffs were ordered to do so and have not. And Plaintiffs' counsel — none of whom have filed a motion to withdraw — have not responded to any requests to confer on the merits.[1] And for their part, Plaintiffs have seemingly decided the Court's Order is optional and they have no obligation to follow it.

By way of background, Defendants have prevailed in this case through three appeals, several motions, and much more. At the end of the most recent appeal, the Eleventh Circuit mused, "After three appeals to our Court, this matter should be at an end. *Illoominate Media, Inc. v Cair Florida, Inc., Dist. of Columbia*, 2022 U.S. App. LEXIS 27435, at *12 (11th Cir Sep. 30, 2022, No. 22-10718). But that was not to be. Upon jurisdiction returning to this Court the final time, the Court entered a final judgment in the amount of $124,423.37.[2] *See* ECF No. 84.

---

[1] Two of the firms representing Plaintiffs — CWY Legal & Consulting and Dhillon Law Group, Inc. — have stated they are no longer representing Plaintiffs, though they have not filed a motion to withdraw. Such a motion is important here because there is a corporate plaintiff, which cannot be left *pro se*. Larry Klayman of the Klayman Law Firm has not responded, and appears to still be representing Plaintiffs.
    Mandelbaum Salsburg P.C. has withdrawn.
[2] Defendants reserve the right to apply for further fees "including any attorneys' fees and costs incurred in connection with the enforcement of the District Court's Final Judgment" after "Defendant[s] [have] [c]omplied [w]ith [t]he Final Judgmnet." *Barberi v R3 Partners, LLC*, 2019 US Dist LEXIS 147581, at *19 (SD Fla Aug. 28, 2019, No. 1:17-cv-21806-JLK).

1

That Judgment and Order— as is common — contained a command that:

> "[J]udgment debtors shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditors' attorneys, or the judgment creditors if the judgment creditors are not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed."

ECF No. 84. The Court also expressly retained jurisdiction, stating:

> "Jurisdiction of this case is retained to enter further orders deemed necessary and proper to compel the judgment debtors to complete Form 1.977, including all required attachments, and serve it on the judgment creditors' attorneys, or the judgment creditors if the judgment creditors are not represented by an attorney"

*Id.*

Yet, forty-five days have passed and Plaintiffs have not yet served any response.

Prior to moving for contempt, Defendants believe it is appropriate for the Court to offer Defendants one final opportunity to comply with the Order — in particular because of the unusual situation with Plaintiffs' counsel (*see, e.g.,* note 1 above). At this stage, Defendants have made efforts to communicate with Plaintiffs' counsel, but have received no response. Beginning on September 30, 2022, Defendants have repeatedly reached out to all counsel of record for Plaintiff asking to discuss and meet and confer on asset discovery. Defendants have sent communications on: September 30, 2022; November 22, 2022; December 28, 2022; and March 8, 2022. None of these has lead to a substantive response, although two attorneys have claimed (*see* note 1 above) that they no longer represent Plaintiffs — although they have not filed any motion to withdraw. Because contempt requires a finding that there was a clear order that was disobeyed, a last clear chance is often useful in ensuring any necessary contempt is unambiguous.

Therefore, Defendants ask that the Court enter an order directing Plaintiffs to comply with ECF No. 84 within 5 business days. Defendants request that the Court hold a teleconference, so that the counsel situation on Plaintiffs' side can be sorted out and resolved.

## **LOCAL RULE 7.1(A)(3) CERTIFICATE OF CONFERRAL**

As indicated above and pursuant to Local Rule 7.1(A)(3), undersigned counsel for Defendants certifies having attempted to confer via email with counsel for Plaintiffs for the above-requested relief. Only the previously mentioned counsel has responded and only to indicate they no longer represent the Plaintiffs. Counsel for Defendants has received no other response.

Dated: April 14, 2023

Respectfully submitted,

BY: */s/ Darren Spielman*
Darren Spielman
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue
Suite 500
Fort Lauderdale, FL 33309
(754) 300-1500
dspielman@conceptlaw.com

Remy Green (*admitted pro hac vice*)
COHEN&GREEN P.L.L.C
1639 Centre St.
Suite 216
Ridgewood, NY 11385
(929) 888-9480

CAIR LEGAL DEFENSE FUND
LEFA F. MASRI (DC: 1000019)
JUSTIN SADOWSKY (DC: 977642)
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
ldf@cair.com

*Counsel for CAIR-Florida, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 18, 2023, I have filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Darren Spielman*
Darren Spielman

**SERVICE LIST:**

Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Telephone: (561)558-5336
Email:leklayman@gmail.com
Ron Coleman
Dhillon Law Group, Inc.
347-996-4840
RColeman@dhillonlaw.com
646-358-8082
256 5th Ave., 4th Floor
New York, NY 10001


Craig W. Young, Esq.
CWY Legal & Consulting, LLC
2500 Quantum Lakes Dr., Suite 100,
Boynton Beach, FL 33426
Tel: (561) 568-1000
Email: Craig@cwylegal.com