# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ILLOOMINATE MEDIA, INC., a Florida Corporation, and<br><br>LAURA LOOMER, a Florida individual<br><br>Plaintiffs,<br><br>v.<br><br>CAIR FOUNDATION, a District of Columbia corporation, et. al.<br><br>Defendants. | Case No. 19-CV-81179<br><br>Judge Rodolfo A. Ruiz<br>U.S. District Judge<br><br>Judge Bruce E. Reinhart<br>U.S. Magistrate Judge |

## MOTION TO COMPEL COMPLIANCE WITH ECF NO. 105-1/106 AND/OR FOR CONTEMPT

## BACKGROUND.

As the Court may recall, this case settled after a motion for contempt, related to post-judgment matters. As part of the settlement, the parties stipulated that "[e]nforcement of [the] Settlement may be by contempt, and any substantive breach [of the Settlement] *shall* be contempt of court." ECF No. 105-1 ¶ 5. Plaintiffs specifically "waive[d] any objections to the Court's jurisdiction over enforcement of [the] Settlement, including the Court's contempt and equity jurisdiction." *Id.* ¶ 5(c). And the Court entered that Settlement as an order of the Court. ECF No. 106.

By way of brief background, a settlement was necessary because Plaintiffs rejected an offer of judgment. The consequence of that, given the meritless claims asserted, was that Plaintiffs were required to pay attorneys fees. *See* ECF Nos. 66 and 77. Plaintiffs appealed everything and lost, so collection began. Plaintiffs then ignored and violated the Court's direction to provide certain asset discovery — and with a motion for contempt pending, the Settlement followed. At the end of the most recent appeal, the Eleventh Circuit mused, "After three appeals to our Court, this matter should be at an end." *Illoominate Media, Inc. v Cair Florida, Inc., Dist. of Columbia*, 2022 U.S. App. LEXIS 27435, at *12 (11th Cir Sep. 30, 2022, No. 22-10718). But this case apparently continues, since Plaintiffs are

1

now refusing to give Defendants the benefit of their bargain.

Part of the Settlement was about malpractice claims against Plaintiffs' prior attorneys, based in part on a theory that Ms. Loomer was never given notice of — let alone advice about the consequences of — the offer of judgment. Those claims are asserted in the case identified in the Settlement as "*Coleman*." As relevant here, the Settlement provides that Defendants have certain rights with regard to *Coleman*.

Namely, what Defendants bargained for was:

(1) "Final sign off power";

(2) "Veto power over"; and

(3) "Substantive control of Plaintiffs' authority to settle *Coleman*."

ECF No. 105-1 ¶ 3. That third right is at issue here, and that third right is part of the core of what Defendants got out of the settlement, in exchange for agreeing that tens of thousands of dollars Plaintiffs would otherwise owe would only be recoverable through *Coleman*.

Since entering the Settlement, Defendants have spoken to one of the *Coleman* Defendants — Craig Young — and reached an agreement on substantive settlement terms. That was memorialized as set out in **Exhibit 1**. That attorney was local counsel and did not work on the case substantively, and the agreement provided an affidavit to that effect, that also confirmed failure to notify a client about an offer of judgment would be below the relevant standard of care. So, pursuant to their contractually bargained for "substantive control of Plaintiffs' authority to settle *Coleman*" (ECF No. 105-1 ¶ 3), Defendants reached out to Plaintiffs, asking them to execute the relevant portions of the agreement. Plaintiffs have refused, and Mr. Klayman hung up in the middle of a call discussing this issue while trying to confer on the issues raised in this motion.

## DISCUSSION

This Court has the power, by statute, by rule, and by common law, to impose sanctions up to and including contempt to address refusal to obey orders. *Serra Chevrolet, Inc. v. General Motors Corp.*, 446

2

F.3d 1137, 1147 (11th Cir. 2006) (*citing Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1446 (11th Cir. 1985)). Civil contempt is coercive, not punitive; it is intended to compel compliance with the underlying order. *United States v. Mine Workers*, 330 U.S. 258 (1947); *see also South Beach Suncare, Inc. v. Sea & Ski Corp.*, No. 98-1114, 1999 U.S. Dist. LEXIS 7902 (S.D. Fla. May 17, 1999). Thus, "[a] judgment of civil contempt is conditional, and may be lifted if the contemnor purges himself of the contempt." *United States v. Rizzo*, 539 F.2d 458, 463 (5th Cir. 1976) (distinguishing civil from criminal contempt). Moreover, unlike criminal contempt, specific intent or willfulness need not be shown — though they are easy to show here — to trigger a civil contempt enforcement procedure to obtain compliance with an order. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *see also F.T.C. v. Leshin*, 618 F.3d 1221, 1232-33 (11th Cir. 2010).

As set out above, the Court then "granted final approval of the Settlement Agreement, and adopted the Settlement Agreement as the Order of the Court." *Gumm v Ford*, 2022 US Dist LEXIS 101758, at *2 (MD Ga June 7, 2022). That makes the Settlement, in form if not in name, essentially a consent decree because it "contains an injunction" (among other things). *See generally, In re NY City Policing During Summer 2020 Demonstrations*, 2024 US Dist LEXIS 21657, at *34 (SDNY Feb. 7, 2024) (collecting cases). *See also, Floyd v. City of New York*, 770 F.3d 1051, 1063 (2d Cir. 2014) (a settlement "not be formally designated as a consent decree" for it to still "operate as such") (cleaned up). And indeed, if that were not enough, Plaintiffs specifically agreed to "waive any objections to the Court's jurisdiction over enforcement of [the] Settlement, including the Court's contempt and equity jurisdiction." ECF No. 105-1 ¶ 5(c). As the Supreme Court has explained, "if the parties' obligation to comply with the terms of the settlement agreement [is] made part of the order of dismissal …, a breach of the agreement would be a violation of the order." *Kokkonen v Guardian Life Ins. Co. of Am.*, 511 US 375, 381 (1994). Summing up, as this Court has recently explained:

> The Eleventh Circuit has held that a private settlement agreement can be enforced through the district court's civil contempt power where the court has retained jurisdiction to enforce its terms. In so holding, the Eleventh Circuit reasoned that by approving a settlement agreement and retaining jurisdiction to enforce its terms, a district court effects precisely the same result as

3

would have been achieved pursuant to a consent decree." *Adams v Clev. Clinic Florida*, 2022 US Dist LEXIS 16247, at \*9 (SD Fla Jan. 31, 2022) (citations and quotation marks omitted, alterations accepted) (Ruiz II. J.) (*citing American Disability Association, Inc. v. Chmielarz*, 289 F.3d 1315, 1321 (11th Cir. 2002)). Beyond that, "[a] party's failure to comply with *any* order of the court *also* triggers the court's contempt authority." *Id.*

## I. The Court Should Hold Plaintiffs in Contempt.

On contempt, this Court has applied a two-part test, with each side carrying the burden on one part. "A party is in civil contempt when it is shown by 'clear and convincing evidence that (1) the alleged contemnor has violated an outstanding court order; and (2) the defendant fails to show that he has made in good faith all reasonable efforts to meet the terms of the court order he is seeking to avoid.'" *Adams*, 2022 US Dist LEXIS 16247, at \*9 (*quoting SEC v. Solow*, 682 F. Supp. 2d 1312, 1326 (S.D. Fla. 2010), aff'd, 396 F. App'x 635 (11th Cir. 2010)).

*First,* Defendants have unambiguously "violated an outstanding court order." The Settlement, which is an order of the Court, provides Defendants with "substantive control of Plaintiffs' authority to settle *Coleman*." ECF No. 105-1 ¶ 3. That term is a core term in the Settlement: Without limitation, Defendants bargained for — and Plaintiffs agreed to provide Defendants — "substantive control of Plaintiffs' authority to settle *Coleman*," and the case would not have settled without it. ECF No. 105-1 ¶ 3. And Plaintiffs have stated, in black and white, that they "do not consent to the settlement" Defendants have directed them to execute pursuant to that "substantive control." *See* **Exhibit 3**, *see also* **Exhibit 4** (similar, along with the original direction to execute the *Coleman* settlement with Young).

Plaintiffs' explanation for their refusal to comply is an unexplained, generic assertion that the agreement they knowingly signed — after discussing the "substantive control" term at length and specifically — is unethical. Plaintiffs cannot and have not cited any authority, rule, or even any reasoning for that claim.[1] And indeed, to make the claim that what the Settlement requires is unethical,

---

[1] Specifically, before hanging up in the middle of a conference, Mr. Klayman vigorously asserted Settlement was unethical, but would not identify the rule of professional conduct it purportedly violates. Beyond that, this dispute is not new — it is

4

Plaintiffs necessarily admit that element (1) of contempt is established: "the alleged contemnor has violated an outstanding court order." *Adams*, 2022 US Dist LEXIS 16247, at *9.

*Second,* the burden shifts to Plaintiffs "to show that [they have] made in good faith all reasonable efforts to meet the terms of the court order [they are] seeking to avoid.'" *Adams*, 2022 US Dist LEXIS 16247, at *9. Here again, Plaintiffs admit they are making no efforts — let alone good faith efforts — to simply execute the settlement in **Exhibit 2**. They are simply choosing not to, because they do not want to.

Finally, pursuant to the Settlement, a refusal to honor the "substantive control" of settlement authority Defendants have is, definitionally, a "substantive" breach. And for "***any*** substantive beach," the Settlement provides in mandatory terms that the remedy "***shall*** be contempt of court." ECF No. 105-1 ¶ 5 (emphasis added). Further, the parties agreed that "an intentional violation of this Settlement shall constitute contempt of court, except that Plaintiffs may raise a defense that compliance is 'factually impossible.'" *Id.* ¶ 5(a), citing and incorporating *Yimby, Inc. v. Fedak*, 2017 U.S. Dist. LEXIS 96700, at *9-10 (S.D.N.Y. June 22, 2017) and *Ramgoolie v. Ramgoolie*, 2020 U.S. Dist. LEXIS 33145, at *7 (S.D.N.Y. Feb. 25, 2020). There is no colorable or good faith argument here that compliance is factually impossible — Plaintiffs need only sign documents to comply.

So, the Court should hold Plaintiffs in contempt, as mandated by the plain language of the Settlement, purgeable by signing **Exhibit 2**.

II. **The Court Should Issue Daily Fines and Award Attorneys' Fees.**

Once a party is in contempt, the Court has "wide discretion to fashion an equitable remedy … that is appropriate to the circumstances." *United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir.

---

an attempt to rehash the Settlement itself, which Defendants made clear would never happen without this term, for precisely the reason that Plaintiffs are not being reasonable in settling *Coleman*, just as they were unreasonable with regard to the underlying offer of judgment.

After the parties initially agreed on the Settlement, Plaintiffs claimed that providing Defendants with substantive control of their settlement authority — that is, more than just veto power — was unethical, but when pressed, were unable to offer any authority the arrangement was unethical, or that parties' ability to contract freely was somehow limited in this way. And Plaintiffs ultimately abandoned the objection to obtain the benefits of the settlement, without ever producing such authority.

5

1999) (*citing E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir. 1987)).  The Court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses ... and coercive incarceration." *Citronelle-Mobile Gathering, Inc. v Watkins*, 943 F2d 1297, 1304 (11th Cir 1991).  "Imposing a financial penalty often will be the most effective and fair means of enforcing" the order underlying the contempt.  *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1316 (11th Cir. 2021).  And "[m]onetary sanctions may be imposed so long as they are imposed in accordance with due process," which responding to this motion will provide.  *Id.* (holding that providing a party with fair notice satisfied the due process requirement of imposing a financial penalty on a party).  The goal of the choice is to find something appropriately coercive, not punitive — the penalty "cannot be any greater than necessary to ensure such compliance." *Citronelle-Mobile Gathering*, 943 F2d at 1304.

As relevant here, "a coercive daily fine" fits the bill:  Plaintiffs are deliberately refusing to comply with the Settlement, but there is no indication a Court order with some teeth will not coerce compliance.  *Adams*, 2022 US Dist LEXIS 16247, at *14 (daily fine of $1,000.00, plus attorneys fees "incurred by Plaintiff in connection with Defendant's failure to comply with the Settlement Agreement).  As this Court has explained, the fine should be set at whatever is "a reasonable amount to coerce [Plaintiff] to comply with the parties' Settlement Agreement."  *Id.* at *13 (citations omitted).  Here, as a starting point, Defendants suggest that should be $100 a day (far less than this Court imposed on a much larger entity in *Adams*), and indeed, there is — at least at present — every reason to believe Plaintiffs will purge their contempt before the first fine is even imposed.

Finally, the Settlement provides — in mandatory terms — that Defendants "shall be entitled to [their] reasonable attorneys' fees for any motion to enforce."  *Id.* ¶ 5(b).  *Accord Adams*, 2022 US Dist LEXIS 16247, at *14.  So the Court should award fees, with relevant affidavits to be submitted within 10 days, if the parties cannot work out the amount of such fees.  *Id.*

### III. Conclusion

In light of the foregoing, Defendants request this court enter an Order finding Plaintiffs in

6

contempt and compelling Plaintiffs to abide by the terms of the Settlement Agreement, including execution of the Loomer v Young Settlement Agreement attached as Exh. 2 to this Motion. In addition, in the Court's discretion, an Order imposing a conditional fine of $100.00 per day for each day Plaintiffs fail to complete their obligations under the Settlement Agreement.

## LOCAL RULE 7.1(A)(3) CERTIFICATE OF CONFERRAL

As indicated above and pursuant to Local Rule 7.1(A)(3), undersigned counsel for Defendants certifies having attempted to confer via email and phone with counsel for Plaintiffs for the above-requested relief. Plaintiffs' counsel has indicated opposition to the relief.

Dated: July 15, 2024

Respectfully submitted,

BY: /s/ Darren Spielman
Darren Spielman (FBN 010868)
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue
Suite 500
Fort Lauderdale, FL 33309
(754) 300-1500
dspielman@conceptlaw.com
*Counsel for CAIR Florida, Inc.*

Remy Green (*admitted pro hac vice*)
COHEN&GREEN P.L.L.C
1639 Centre St.
Suite 216
Ridgewood, NY 11385
(929) 888-9480

CAIR LEGAL DEFENSE FUND
LEFA F. MASRI (DC: 1000019)
JUSTIN SADOWSKY (DC: 977642)
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
ldf@cair.com

*Counsel for CAIR Foundation*