UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------X

Illoominate Media, LLC,[1] et al.,

                Plaintiffs,

   - against -

CAIR Florida, Inc., et al.

                Defendants.

-------------------------------------------------------------X

Case No. 9:19-cv-81179

**STIPULATION AND
[PROPOSED] ORDER
OF SETTLEMENT**

WHEREAS, Plaintiffs Illoominate Media, LLC and Laura Loomer ("Illoominate" and "Loomer" respectively; together, "Plaintiffs") filed this suit against Defendants CAIR Florida, Inc., CAIR Foundation, Twitter, Inc., and John Does 1-5 (CAIR Florida and CAIR Foundation together, "CAIR");

WHEREAS, Plaintiff voluntarily dismissed Twitter without service, and never identified or served John Does 1-5 (*see* ECF No. 1 at 1);

WHEREAS, CAIR removed this case to the Southern District of Florida;

WHEREAS, CAIR has since obtained a final judgment in the amount of $124,423.37, plus interest, against Plaintiffs (ECF No. 84; the "Judgment");

WHEREAS, CAIR has incurred the following costs and attorneys' fees in enforcing the Judgment, totaling $20,508.50.00 (the "Enforcement Costs"), as follows:
- Attorneys' fees of $16,452.50:
  - Remy Green (@$500/hr, for 23.8 hours), $11,900.00;
  - Justin Sadowsky (@555/hr, for 3.5 hours), $1,942.50;
  - Darren Spielman (@$300/hr, for 9.7), $2,610.00;
- Costs of:
  - $3,150.00, from BitCoin expert fees;
  - $906.00 as taxed (ECF No. 47).

WHEREAS, with attorneys' fees, and costs, the full sum due as of the date of signing is $144,931.87.00, plus interest at the statutory rate of 5.52% per annum, from August 4, 2021 (ECF No. 66), until the date of payment (with interest, this is the "Full Amount Due");

---

[1] Misnamed in the initial filing as "Illoominate Media, Inc."

WHEREAS, Plaintiffs and CAIR (each a "Party"; together, the "Parties") wish now to settle the remaining disputes as to payment of that judgment, on the terms and conditions below;

WHEREAS, Plaintiffs have filed a suit against their prior counsel, styled *Loomer et al v. Coleman et al.*, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("*Coleman*");

WHEREAS, each Party in this matter has been represented by counsel, has had time to review the terms of this Stipulation and Order of Settlement, and agrees both Parties have received good and valuable consideration hereunder;

NOW THEREFORE, the parties agree as follows:

1. **Payment.** Plaintiffs shall make a total payment of $73,500.00, as follows:

   a. **Initial Payment.** Prior to the filing of this Stipulation and Proposed Order of Settlement ("Settlement"), Plaintiffs shall make a payment of $12,000.00 (the "Initial Payment"), by way of paper check sent to ___453 New Jersey Ave SE, Washington, DC 20003___, within 5 business days of receiving fully executed copy of this Settlement. Neither Party may file a copy of this Settlement until the Initial Payment is made, and this Settlement shall not be effective, even if filed, until the Initial Payment has been made. Failure to make the Initial Payment shall be a substantive breach of this Settlement.

   b. **Payment Over Time.** Plaintiffs shall, in monthly installments of $1,200 (or, in the case of the final payment, the remaining amount due), pay a total of $61,500.00. Those payments shall be due on the 5th of the month each month, starting with the first 5th of a month that is at least 20 days after the Initial Payment set out above.

   c. **Notice and Cure.** If Plaintiffs miss a payment under ¶ 1(b), Defendants may send a notice that the payment was missed, by email, to Plaintiffs' counsel at klaymanlaw@gmail.com. Once that email has been sent, Plaintiffs shall cure the missed payment within 5 business days. If the missed payment is not cured within those 5 business days, that missed payment is a substantive breach of this Settlement.

2. **Non-Disparagement.**

    a. **Disparagement Bar.** Plaintiffs shall never make any comments, of any kind, about CAIR in the future. Violation of this provision shall be a substantive breach of this Settlement.

    b. **Waiver.** To the extent this clause has any issues with enforceability, Plaintiffs waive all objections thereto that are waivable.

    c. **Voluntary Steps to Avoid Enforceability Objections.** Plaintiffs commit that they shall take any and all voluntary steps that are necessary to avoid creating any issues with enforceability of this agreement. This provision shall be enforceable through specific performance and in equity, subject to CAIR identifying such steps. Failure to take such voluntary steps, once they are identified, shall be a substantive breach of this Settlement.

    d. **Exceptions for Responses.** Plaintiffs may publicly respond to any specific statement by Defendants or their authorized agents that discuss Plaintiffs by name. Plaintiffs may not use the exception for such responses to begin making general comments about Defendants outside of responding to the specific statement.

3.    *Coleman* **Resolution.** Plaintiffs shall, upon any recovery in *Coleman*, become immediately liable for the Full Amount Due (with credit for all payments Plaintiff has made under ¶ 1 to that date) as follows:

    a. **Information.** Plaintiffs shall keep CAIR, by and through CAIR's undersigned counsel, up to date and informed about any settlement discussions, proceedings, and the like in *Coleman*; and Plaintiffs shall give CAIR reasonable notice before any settlement. Failure to provide such reasonable updates shall be a substantive breach of this Settlement.

    b. **Veto Power and Settlement Authority.** CAIR shall have final sign off power on; veto power over; and substantive control of Plaintiffs' authority to settle *Coleman*, including through any offer of judgment. Plaintiffs may not settle *Coleman* without CAIR's written consent, and failure to obtain such consent is a substantive breach of this Settlement.

    CAIR shall not exercise its rights under this paragraph to veto any settlement where the monetary component of the settlement provides CAIR with the Total Amount Due as of the date of such settlement.

    c. **Amount and Priority.** As set out above, the amount due out of any recovery — whether by settlement, judgment, or otherwise — shall be the Full Amount Due (less credit for any payments under ¶ 1 above), and CAIR shall be entitled to be paid in full before any funds are used for any other purpose whatsoever.

    d. **Escrow.** Any recovery, whether by settlement, judgment, or otherwise, in *Coleman* shall be paid into an escrow account established for this purpose by Plaintiffs' counsel (or otherwise, upon agreement), and shall not be paid to Plaintiffs, or to any other person with a direct interest in the funds. If for any reason, Plaintiffs, or their agents, assigns, employees, or other persons within their control receive the funds, Plaintiffs shall immediately place the funds into escrow. A failure to abide by this condition is a substantive breach of this settlement. CAIR shall be entitled to take the Full Amount Due (less credit for any payments under ¶ 1 above) from escrow without further notice to Plaintiffs, and the Full Amount Due shall be considered the property of CAIR at all times.

4. **Retention of Jurisdiction to Enforce.** The Court retains jurisdiction to enforce the confidential non-disparagement term of this Settlement.

    The Parties recognize the Court has discretion to reject this term, and should the Court do so, this Settlement shall be held in abeyance while the Parties discuss in good faith whether another enforcement mechanism is effective to achieve the aims of this Settlement. The availability of a robust enforcement term and mechanism are both necessary parts of the consideration the Parties have agreed to exchange, and therefore the Settlement would be ineffective without some enforcement mechanism.

5. **Enforcement.** Enforcement of this Settlement may be by contempt, and any substantive breach hereof shall be contempt of court.

    a. **Compliance and Contempt.** For the avoidance of doubt, an intentional violation of this Settlement shall constitute contempt of Court, except that Plaintiffs may raise a defense that compliance is "factually impossible" to any contempt proceeding. *See generally, Yimby, Inc. v. Fedak*, 2017 U.S. Dist. LEXIS 96700, at *9-10 (S.D.N.Y. June 22, 2017) ("a party may defend against a contempt by showing that compliance is factually impossible, but that party bears the burden of

       production in raising the defense") (cleaned up); *Ramgoolie v. Ramgoolie*, 2020 U.S. Dist. LEXIS 33145, at *7 (S.D.N.Y. Feb. 25, 2020) (similar).

   b. **Costs and Fees.** CAIR shall be entitled to its reasonable costs and attorneys' fees for any motion to enforce, which shall include any other work required (for example, without limitation, sending notices under ¶ 1(c)) in advance of such a motion.

   c. **Equity and Contempt Jurisdiction.** Plaintiffs stipulate to and waive any objections to the Court's jurisdiction over enforcement of this Settlement, including the Court's contempt and equity jurisdiction.

6. **Signatures and Counterparts.** This Settlement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed one and the same instrument. Electronic signatures shall be the same as any other signature.

**[SIGNATURES ON FOLLOWING PAGE]**

Dated: 7/14/2023, 2023

*[Signature: Laura Loomer]*
Laura Loomer

Duly sworn to before me on the 14 day of July, 2023

*[Signature: Mark S Healy]*
Notary Public

14 July 2023
Notary Public State of Florida
Mark S Healy
My Commission HH 283343
Expires 7/4/2026

ILLOOMINATE MEDIA, LLC

By: *[Signature: Laura Loomer, CEO]*

Duly sworn to before me on the 14 day of July, 2023

*[Signature: Mark S Healy]*
Notary Public

14 July 2023
Notary Public State of Florida
Mark S Healy
My Commission HH 283343
Expires 7/4/2026

CAIR FLORIDA, INC.

By: *[Signature]* OMAR SALEH

Duly sworn to before me on the 24th day of July, 2023

*[Signature]*
Notary Public

JOSHUA MATTHEW BABOOLAL
Notary Public - State of Florida
Commission # HH 204248
My Comm. Expires Dec 5, 202_
Bonded through National Notary Ass_

CAIR FOUNDATION

By: *[Signature]*

Duly sworn to before me on the 21st day of July, 2023

*[Signature]*
Notary Public

LENA F. MASRI
NOTARY PUBLIC - MICHIGAN
OAKLAND COUNTY
ACTING IN THE COUNTY OF OAKLAND
MY COMMISSION EXPIRES 11/22/2024

SO ORDERED:

_____, U.S.D.J.

6