**Craig W. Young, Esq.**
Principal
Licensed in FL & MO

August 22, 2024

**BY E-Mail and Certified Mail**
The Honorable Judge Bruce E. Reinhart
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street
West Palm Beach, FL 33401
Telephone: 561-514-3710

**Re: Illoominate Media, Inc., et. al. v. CAIR Florida, Inc., et. al., Case Number: 9:19-cv--81179**

Dear Honorable Judge Bruce E. Reinhart,

My name is Craig Young and I am a member of the Florida Bar and former counsel to Laura Loomer in the underlying case referenced above who is now suing me personally for malpractice.

As part of my settlement agreement with CAIR, who has ultimate settlement authority, I requested the inclusion of certain provisions stating for Ms. Loomer to agree to not file any ethics complaint against me. The provision states;

> "Plaintiffs will refrain now and in the future from filing any complaint against Craig Young with the Florida Bar, Missouri Bar or any future bar that Craig Young may become a member."

When I asked for that provision to be entered, I was unaware that there was an ethical issue as in my research, I only concluded that the threat of a bar complaint during active litigation was against the rules. I was unaware of the possible reverse in requesting a former client who is suing their former attorney to end the matter as a whole by refraining from filing any ethics complaint.

Craig W. Young, Esq.
Principal
Licensed in FL & MO

    I called the Florida Bar Ethics hotline on August 22, 2024 (Call #618385) and was told the above. At this time, there is no signed agreement but there is a Motion to Compel on the docket to force Ms. Loomer to accept such a settlement. While I wish to settle with the entity that has settlement authority, I would like to strike Section 2 of the settlement agreement in order to be in compliance with the Florida Rules of Ethics. I will also be calling the bar myself to let them know of my action and to accept any punishment they may find.

    I understand there is a pending motion seeking to compel Illoominate and Ms. Loomer to sign the Settlement Agreement. If the Court grants that motion, in any order granting that motion, I ask that the Court direct that Section 2 of the Settlement Agreement as drafted is deemed stricken or otherwise direct that Plaintiffs may strike it before executing the Settlement Agreement. I have conferred with counsel for Defendants and can state they consent to that relief and have no objection to striking Section 2.

Sincerely,

/s/ Craig W. Young, Esq.
Craig W. Young, Esq.

Annex A:  Affidavit of Craig Young

# SETTLEMENT AGREEMENT

This agreement "(Agreement") is entered into by and between Craig Young ("Young") and CAIR Florida, Inc., and CAIR Foundation (together, "CAIR"; with Young collectively, the "Parties"), for themselves or through counsel, as set out below.

## Recitals.

**WHEREAS**, Laura Loomer and her company, Illoominate Media, LLC (together, "Loomer"), have sued Young for malpractice, in the case styled *Loomer v. Coleman et al.*, 50-2023-CA-010810-XXXX-MB in the Circuit Court of Palm Beach County ("*Loomer II*");

**WHEREAS**, *Loomer II* is based on allegations about how Young and others handled representing Loomer in a case styled *Illoominate Media et al. v. CAIR Florida Inc., et al.*, 9:19-cv-81179-RAR, in the United States District Court for the Southern District of Florida (initially filed in state court and then removed) ("*Loomer I*");

**WHEREAS,** *Loomer I* was resolved by a Court Order that provided that CAIR has "substantive control of [Loomer's] authority to settle [*Loomer II*]," Loomer has "waive[d] any objections to the Court's jurisdiction over enforcement of [the] Settlement including the Court's contempt and equity jurisdiction," and therefore CAIR may enforce this agreement as against Loomer.  *See Loomer II*, ECF No. 105-1 ¶¶ 3(b) and 5;

**WHEREAS,** Young has made certain representations, commemorated in the Affidavit attached as **Annex A**, that are substantive, material, and have causally led the Parties agree a settlement here is possible;

**WHEREAS,** the Parties intend to have CAIR enforce this Agreement through *Loomer I*; and

**WHEREAS**, the Parties intend to avoid any further expense, disruption, and inconvenience of litigation in *Loomer II*, and all Parties agree to settle all matters related to *Loomer II* under the terms set forth in this Agreement;

**NOW THEREFORE,** the Parties, by their representatives or for themselves, covenant and agree as follows.

## Agreement.

Payment:    Young shall pay CAIR the sum of $5,000.00.

Page 2 of 3

Annex A:  Affidavit of Craig Young

Consideration: Each Party acknowledges and represents for themselves that the terms of this Settlement provide sufficient consideration for each individual Party's entry into it, and understand that it shall be binding upon each of them, and any successors interest.

Enforcement: CAIR shall, through *Loomer I*, compel Loomer to accept the settlement attached as **Annex B**;

Construction: If any provision of this agreement requires interpretation, there shall be no presumption that this agreement is to be construed against any Party.

Scope: This Agreement contains the entire agreement between the Parties relating to the transactions between the Parties and all prior or contemporaneous agreements understandings, representations and statements, oral or written, are merged and fully integrated into this. Modification of this Agreement may only be made in a writing signed by the Parties.

Choice of Law, Jurisdiction and Venue: This Agreement, as well as the Parties' rights and obligations hereunder, shall in all respects be interpreted, enforced, and governed by and under the substantive laws of the State of Florida, notwithstanding any conflicts of law.

Execution: This Agreement may be signed in counterparts, with each counterpart deemed a duplicate original and regarded as if signed in counterpart, and when together, all counterparts shall constitute both a duplicate original and the whole and single agreement.

Modification in Writing: No provisions, rights, or remedies existing under this Agreement may be modified, in whole or in part, except by a writing, signed by all Parties.

Delivery of Payment and Enforcement Timing: CAIR shall request (through counsel) that Loomer execute the settlement in **Annex B**; if Loomer refuses, CAIR shall move to compel her to do so under the settlement in *Loomer I*. Once all documents have been fully executed by each party, including the Settlement Agreement with CAIR ("CAIR Settlement"), the Settlement Agreement with Loomer and Illoominate ("Loomer Settlement") and the Notice of Voluntary Dismissal with Prejudice by Larry Klayman ("Notice"), then Young shall deliver the payment of $5,000.00 noted above by any reasonable means requested within seven (7) days of completion of the prior signatures and filing of the Notice.  Neither Young's obligation to pay nor any parts of this Agreement that would eliminate Young's liability will be valid or in force unless and until Loomer and Illoominate execute Annex B, whether voluntarily or once compelled to in *Loomer I* by the Court.

Annex A:  Affidavit of Craig Young

<u>Entitlement to Default Final Judgment.</u>  In the event Young fails to make the payment under this agreement, CAIR shall be entitled to an immediate default final judgment against Young and in CAIR's favor, and shall be entitled to any attorneys' fees necessary to enter and collect that judgment, including any fees on fees.

**AGREED, BY AND BETWEEN:**

CRAIG YOUNG

DATE:

BY: /s/ *Craig W. Young, Esq.*
　　　CRAIG YOUNG

CAIR Foundation, Inc.

DATE:

BY: _____

CAIR Florida, LLC

DATE:

BY: _____

Page 2 of 3

Annex A: Affidavit of Craig Young

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA
## CIVIL DIVISION

**Laura Loomer,**

And

**Illoominate Media, LLC,**

    **Plaintiff,**                        CASE NO.:50-2023-CA-010810-XXXX-MB

    vs.

**Ronald D. Coleman,**
**Dhillon Law Group, Inc.,**
**Mandelbaum Barrett, P.C.,**
**and Craig William Young**

    **Defendants.**

_____ /

## **AFFIDAVIT OF CRAIG W. YOUNG, ESQ.**

BEFORE ME, the undersigned authority, personally appeared Craig W. Young, Esq., and upon being duly sworn, deposes and states:

1. My name is Craig Young.
2. I am over 18 years of age and have personal knowledge in this matter.
3. I am a resident of Palm Beach County, Florida.
4. I am the owner of CWY Legal & Consulting, LLC, a Florida law firm.
5. I am submitting this affidavit in part to tell the truth as to my role in the lawsuit styled *Laura Loomer and Illoominate Media, LLC v. CAIR Florida, Inc., Twitter, Inc. et a, 50-2019-CA-005121-XXXX-MB*, for the purposes of settlement with CAIR Florida, Inc.
6. I was first contacted June 22, 2021 by Ron Coleman and Laura Loomer to act as local counsel to file a response to a Motion for Attorney's Fees filed by the Defendants in the above styled case.
7. Laura and Ron mentioned that Laura must get local counsel by June 6th, 2021 or she would not be able to respond to the Motion for Attorney's Fees filed by the Defendants. She

Page 2 of 3

Annex A: Affidavit of Craig Young

mentioned that she and Ron spoke to multiple attorneys before coming to me and if I did not take the case then she would not be able to file a response.

8. I requested the file from Ron Coleman and I reviewed the matter. I determined that she lost this case already and the attorney fee shifted from a rejected (by non-response) offer of judgment back in 2019. The whole case was dismissed in 2020 and the fee motion was filed for 2021.

9. That is, to be clear, before I was involved, the offer of judgment had already been served, and the time to respond to it had long since expired. I did no legal work whatsoever in connection with the offer of judgment and had no role in advising Laura (or not advising Laura, as the case may be) about the consequences of an offer of judgment.

10. After my review, I had a discussion with Laura and Ron in which I stated that she had already lost the case and that she was going to have to pay something. I said that the best case was we can see if we can reduce the fees requested by the Court.

11. I should also note that, as described by the Circuit, it was before I was retained that "Illoominate's counsel declined to follow local rules of the district court instructing that the recipient of a motion for costs and attorney's fees, within 14 days, 'shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority.'" *Illoominate Media, Inc. v Cair Florida, Inc.,* 2022 U.S. App. LEXIS 27435, at *10 (11th Cir Sep. 30, 2022), quoting S.D. Fla. R. 7.3(a). Thus, at that stage, arguments about the amount of fees were waived.

12. The Retainer agreement was signed on June 29th, by Laura Loomer and I promptly filed my Notice of Appearance by July 6th, the deadline as set forth by the court for Laura to obtain local counsel.

13. The next deadline was to file a response to Motion for Fees by July 21st of 2021.

14. My understanding of my role was that I would essentially be checking materials drafted by Ron for general compliance with local rules and practice.

15. In keeping with that, a response to the motion was written by Ron Coleman and sent to me late in the evening on July 20th. I reviewed the Motion the first thing the next morning, found things fit local form and practice, and filed on July 21st — that is to say, I got it late

Annex A:  Affidavit of Craig Young

in the evening the eve of the deadline, reviewed it in its entirety, and filed it.  All deadlines, including internal deadlines set with Ron, were met on my end.

16. Substantively, law was against Laura as the hourly rates were within the range generally found reasonable in Florida and the 14 day deadline to object to individual time entries had already passed.
17. Laura lost the Motion, but despite the waiver discussed above, the Court granted a 20% reduction in rates and discounted a number of hours.
18. Ron Coleman and myself were then let go after Laura refused to file for Bankruptcy or negotiate a reduced fee through a post-judgment settlement.
19. Laura then informed me that Larry Klayman would be taking the case over to handle the appeals, all of which were unsuccessful.
20. In the short time that I was involved, I fully communicated the state of the case with Laura, along with my thoughts on the possible outcome and filed all documents timely with the Court.
21. In fact, it is my firm view that if I had not agreed to act as local counsel, that Laura would never have received a 20% reduction in fees.
22. Likewise, it is my view that is well below the general standard of practice to fail to alert a client of the existence of — to say nothing of the consequences of — an offer of judgment. I was not involved in that stage, and my view was that I did everything I could to rescue a client from the consequences of that failure.

**Signature**

_____

**Craig W. Young, Esq.**

Dated this \_\_\_\_th day of June, 2024.

State of Florida

County of _____

Annex A:  Affidavit of Craig Young

Sworn to and subscribed to me on this ____ of June, 2024, by Craig W. Young, Esq., who is personally known to me or who has produced _____ as identification.

_____
Notary Public, State of Florida

Annex B:  Stipulation of Settlement and Dismissal

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**
─────────────────────────────────────X
Laura Loomer, et al.

                        Plaintiffs,

    - against -

Ronald Coleman, et al.

                       Defendants.
─────────────────────────────────────X

Case No.
50-2023-CA-010810-XXXX-MB

**STIPULATION OF SETTLEMENT AND DISMISSAL**

      WHEREAS, plaintiffs commenced this action by filing a complaint on or about June 1, 2023, alleging legal malpractice by all Defendants; and

      WHEREAS, plaintiffs' claims have been resolved through the settlement in *Illoominate Media et al. v. CAIR Florida Inc., et al.*, 9:19-cv-81179-RAR, in the United States District Court for the Southern District of Florida;

      WHEREAS, as provided for by that resolution, plaintiffs now withdraw with prejudice all claims against Defendant Craig Young, with no allegation of wrongdoing or malpractice (but not any other Defendant);

      NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

      1.    Plaintiffs voluntarily dismiss all claims against Craig Young with prejudice.

      2.    ==Plaintiffs will refrain now and in the future from filing any complaint against Craig Young with the Florida Bar, Missouri Bar or any future bar that Craig Young may become a member.==

      3.    By entering into this Agreement, no Party admits any liability with regarding to any of the transactions, acts, or omissions contemplated herein or the Parties' course of dealing to date. The Parties enter into this Agreement solely to avoid the expense, inconvenience, and uncertainty of possible litigation.

      4.    This Agreement and its contents are and will remain CONFIDENTIAL and will not be disclosed to any third party whatsoever, except the Parties may

disclose the contents of this Agreement to their respective attorneys, accountants, financial advisors, any federal, state, or local governmental taxing or regulatory authority, and the Parties' respective management, officers, and Board of Directors, or as required by law, order of court, or to comply with a lawful subpoena or discovery request.

5.  The Parties agree that they will not directly or indirectly make, state, communicate, publish, print, or otherwise disseminate, whether verbally or written, and regardless of form (i.e. whether in paper form, electronic form, on social media, or otherwise) any negative, disparaging, derogatory, or defamatory statements about: (i) each other, or any of their officers, directors, managers, members, shareholders, employees, agents, attorneys, successors and assigns; or (ii) the other Party's methods of doing business, or the quality of its Work; or (iii) any interaction, communication, or documents (including this agreement and the Work) between the Parties, their agents, attorneys, employees, successors or assigns.

6.  The parties intend the attached dismissal to have the same effect as if it were filed pursuant to Rule 1.420(a)(1)(B).

7.  This Stipulation shall be binding upon the parties immediately upon signature and the attached shall be submitted to the Court to notice the Settlement.

Dated:   June ____, 2024

CRAIG YOUNG

_____

Craig Young

LAURA LOOMER

_____

Laura Loomer

ILLOOMINATE MEDIA, LLC

_____

By:

Page 2 of 3

Annex B:  Stipulation of Settlement and Dismissal

**IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION**

**Laura Loomer,**

**And**

**Illoominate Media, LLC,**

    **Plaintiff,**                        CASE NO.:50-2023-CA-010810-XXXX-MB

    vs.

**Ronald D. Coleman,
Dhillon Law Group, Inc.,
Mandelbaum Barrett, P.C.,
and Craig William Young**

    **Defendants.**
_____ /

**<u>Notice of Voluntary Dismissal with Prejudice</u>**

Plaintiff(s), Laura Loomer and Illoominate Media, LLC, in the above styled cause hereby submit this Notice of Voluntary Dismissal with Prejudice as to Defendant Craig William Young, and no other defendant, as this cause has been settled between parties.

Dated the \_\_\_\_ day of June, 2024.

                                                           Respectfully Submitted

                                                         _____
                                                           Larry Klayman, Esq.
                                                      Klayman Law Group, P.A.
                                                       Florida Bar No. 246220
                                       7050 Palmetto Park Rd. #15-287
                                                         Boca Raton, FL 33433
                                                                Tel: 561-558-5336
                                                             leklayman@gmail.com

Annex B:  Stipulation of Settlement and Dismissal

## Certificate of Service

      I, Larry Klayman, hereby certify that on this day, May ____, 2024, a copy of the foregoing was filed via this Court's e-filing system and served upon all parties and/or counsel of record through Notices of Electronic Filing.

_____

Larry Klayman