UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ILLOOMINATE MEDIA, INC., a Florida Corporation, and<br><br>LAURA LOOMER, a Florida individual<br><br>Plaintiffs,<br><br>v.<br><br>CAIR FOUNDATION, a District of Columbia corporation, et. al.<br><br>Defendants. | Case No. 19-CV-81179<br><br>Judge Bruce E. Reinhart<br>U.S. Magistrate Judge |

**DEFENDANTS' REPLY
ON MOTION TO COMPEL AND FOR CONTEMPT**

Defendants make this reply in further support of their motion to compel and for contempt (e.g., ECF No. 107), and in response to Plaintiff Laura Loomer's opposition (ECF 110). Ms. Loomer filed a *pro se* opposition to the motion, while Illoominate Media has — despite an extension — failed to respond or even have an attorney make an appearance. Instead, Illoominate/Loomer attempted to make a second request for extension of time (ECF 116) which this Court denied (ECF 117).

Faced only with an opposition filing by Ms. Loomer, Defendants address the content provided therein. Ms. Loomer fails to demonstrate any justification for denying the motion. She cites no authority, and fails to address the plain text of the Order of Settlement, namely providing Defendants with "substantive control" of all "settlement authority" on the *Coleman* case. Loomer concedes that she is refusing to comply the Order of Settlement. For the additional reasons below, the Court should grant the motion, hold Plaintiffs in contempt until they sign the proposed settlement with Mr. Young, and award fees for this motion.

1

I. **The Court Should Grant the Motion as to Ms. Loomer.**[1]

Ms. Loomer's response narrows the issues on the motion proper. She admits that she "would never have accepted" the settlement with Young without CAIR's direction, and makes no argument she has "made in good faith all reasonable efforts to meet the terms of the court order [they are] seeking to avoid." See *Adams v Clev. Clinic Florida*, 2022 US Dist LEXIS 16247, at *9 (SD Fla Jan. 31, 2022) (Ruiz II. J.). Likewise, she does not dispute: (1) that contempt is the appropriate remedy (ECF No. 107 at 4-5) if the Order of Settlement means Defendants may direct Plaintiffs to settle *Coleman*, (2) that an escalating monetary penalty is the appropriate mechanism (*id.* at 5-6), or (3) that the Court must award fees under the Order of Settlement (*id.*).

All that is at issue in this motion is whether the "substantive control of …authority to settle" term means that Defendants have the right to "settle away Plaintiffs' substantive rights." See ECF No. 110 at 2 and 105-1 ¶ 3(b). As set out below, the answer is clearly that Defendants have that right.

A. **The Order of Settlement's use of "substantive control" means precisely that Defendants have "authorization to … settle away Plaintiffs' substantive rights."**

It seems Plaintiff Loomer agrees the only question on this motion is whether the Order of Settlement, in her terms, "granted authorization to … settle away" — "secretly" or otherwise — "Plaintiffs' substantive rights." ECF No. 110 at 2. Yet, her argument does not explain how the provision providing "***substantive control*** of Plaintiffs' authority to settle *Coleman*" would mean anything ***but*** what the plain language says: "substantive control" of authority to "settle away … Plaintiffs' substantive rights." (*id.*, quoting ECF No. 105-1 ¶ 3(b)).

---

[1] Plaintiffs also include unnecessary attacks on CAIR in everything they have filed since the settlement, and even attach documents on that subject. *See* ECF No. 110 at 2; ECF No. 112 at 5-11; ECF No. 116 at 1. But what Defendants bargained for in the Settlement was an unambiguous bar on that kind of attack: "Plaintiffs shall ***never*** make ***any*** comments, of ***any kind***, about CAIR in the future." ECF No. 105-1 ¶ 2(a) (emphasis added). The sole exception is for responses to specific statements by Defendants "that discuss Plaintiffs by name," but that exception specifically bars Plaintiffs from "making ***general*** comments about Defendants." *Id.* ¶ 2(d) (emphasis). Claiming CAIR is "funneling millions of dollars to the terrorist organization Hamas" (ECF No. 110 at 2) has nothing to do with this motion or responding to it, and is instead exactly the kind of "general comment[]" the Settlement accounted for and barred.
 These repeated violations of the Order of Settlement warrants contempt on their own, and Defendants reserve the right to separately seek relief on this basis.

2

In sum, Plaintiff tries to write the "substantive control" clause out of the Order of Settlement entirely. The provision, as noted in the motion, provides Defendants with multiple rights including that: "CAIR shall have [(1)] final sign off power on; [(2)] veto power over, and [(3)] substantive control of Plaintiffs' authority to settle *Coleman*." (ECF 107-1). Loomer's reading accounts for the first two rights, saying the "plain language of this provision shows that":

(1) "Defendants have veto power" (ECF No. 110 at 2), *accord* ECF No. 105-1 ¶ 3(b) ("CAIR shall have … [(2)] veto power over…");

(2) "Defendants have … final say over whether to accept a settlement that has been worked out between Plaintiffs and the Defendants in the Malpractice Case" (ECF No. 110 at 2), *accord* ECF No. 105-1 ¶ 3(b) ("CAIR shall have [(1)] final sign off power on…").

But then, Loomer simply provides no explanation for what the third, "substantive control" provision would mean. Loomer's language in the opposition brief attempts to argue what the clause doesn't do, but fails to support the position. Instead Loomer argues: "Nowhere in this provision are Defendants[] granted authorization to secretly settle away Plaintiffs' substantive rights with the Defendants in the Malpractice Case." This position argues a different concept not before the Court or present in the Motion. Loomer's secret settlement theory is unsupported by any facts, law or arguments presented.

Ordinary canons of construction do the rest of the work from there:

"The surplusage canon of construction provides that '[i]f possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence."

*City Beverage-Illinois, LLC v Vital Pharms., Inc.*, 2021 US Dist LEXIS 88308, at *8 (SD Fla May 10, 2021), *quoting* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 26, at 174 (2012). Indeed, Florida law is clear that "a court may not interpret a contract so as to render a portion of its language meaningless or useless." *TRG Columbus Dev. Venture, Ltd. v Sifontes*, 163 So 3d 548, 552 (Fla Dist Ct App 2015).

The section that provides "substantive control" of settlement authority is called "**Veto Power** *and* **Settlement Authority**." ECF No. 105-1 at 3 (italics added; bold in original). The use of the

3

conjunctive "and" in this context clearly means the term will provide both "veto power" **and** "settlement authority" — not just veto power alone.  *See, e.g.,* Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 116-25 (2012); *see also Conjunctive/disjunctive canon*, Black's Law Dictionary (10th ed. 2014) ("[I]n a legal instrument, *and* joins a conjunctive list to combine items, while *or* joins a disjunctive list to create alternatives.").

Here, if the Court accepts Loomer's construction, the provision that provides Defendants with "substantive control of Plaintiffs' authority to settle *Coleman*" would be rendered completely superfluous.  Furthermore, the use of the word "and" in the heading would likewise be written away.  Since the Court "may not interpret" the Order of Settlement to do either of those things — and Plaintiff provides no explanation or support that rebuts the plain meaning of "substantive control" — the Court should grant the requested relief.

### B. Loomer's unsupported claim that the provision is "unprecedented, illegal, and unethical" should be ignored.

Loomer's only other "defense" to contempt seems to be that even if the Order of Settlement means what it says, it is somehow "unprecedented, illegal, and unethical." ECF No. 110 at 2 ("This unethical and illegal conduct cannot be allowed to occur and counsel for Defendants must be referred to The Florida Bar for their actions here.").  But a party that "fail[s] to elaborate or provide any citation of authority in support" of an argument "ha[s] waived th[at] argument." *Flanigan's Enters. v Fulton County*, 242 F3d 976, 987, n 16 (11th Cir 2001); *see also, e.g., Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (an argument "without citation to authority is insufficient to raise the issue before this court").  Like her other arguments, Loomer does not cite a single case, provision of the rules of professional conduct, statute, or other law, that would bar the arrangement in the Order of Settlement or make it unethical.[2]

---

[2] The non-party filing from Attorney Craig Young (see ECF 120) does discuss an ethical issue, but it is about a completely separate provision (release of the right to file bar complaints, rather than the "substantive control" clause discussed above), in a different contract (the proposed settlement between Plaintiffs Young, rather than the Order of Settlement the Court entered and that Defendants are seeking to enforce).
   The Notice of Striking comes at least labeled improperly, as it likely should have been a motion. Technically attorney Craig Young has no standing to unilaterally strike a portion of a document filed by another party.  Although filed as a Notice

But the motion itself spent significant ink on the fact that Plaintiffs lacks any authority suggesting that the arrangement in the Order of Settlement is unethical. *See* ECF No. 107 at 4. In response, Loomer cites no authority or facts to support that it is unethical. That failure to cite even the most general source of authority for the claim that the "substantive control" term presents any ethical or legal problem is reason enough for the Court to grant the requested relief. *Flanigan's,* 242 F3d at 987, n 16.

## II. The Court Should Grant The Motion for Contempt as to Plaintiff Illoominate.

Since Illoominate failed to timely respond or oppose the motion, the Court should grant it as to Illoominate.

## III. The Court Should Grant Defendants' Request for Attorneys' Fees.

Finally, Ms. Loomer fails to discuss or contest the award of attorneys' fees as mandated by the Settlement Agreement. *See* ECF No. 107 at 6 ("the Settlement provides — in mandatory terms — that Defendants 'shall be entitled to [their] reasonable attorneys' fees for any motion to enforce'") (*quoting* ECF No. 105-1 ¶ 5(b)). As a result, Defendants' request that if the Court grants the underlying motion, that Defendants may submit separate support for the attorneys' fees associated with this bringing this matter before the Court.

---

of Striking and not filed as a motion, and technically not part of this briefing sequence, the substance of same has a tangential relationship to the issue before the Court.

To the extent the Court is considering the Notice of Striking as part of its determination on this Motion, Defendants' will consent to the striking of paragraph 2 in the "Stipulation of Settlement and Dismissal" (ECF 107-2) as part of an Order granting the underlying Motion. To the extent that such provision is the "unethical" concern that Loomer is raising, such concession, should further put to rest such a claim.

5

Dated: August 23, 2024

Respectfully submitted,

BY: /s/*Darren Spielman*

Darren Spielman (FBN 010868)
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue
Suite 500
Fort Lauderdale, FL 33309
(754) 300-1500
dspielman@conceptlaw.com
*Counsel for CAIR Florida, Inc.*

Remy Green (*admitted pro hac vice*)
COHEN&GREEN P.L.L.C
1639 Centre St.
Suite 216
Ridgewood, NY 11385
(929) 888-9480

CAIR LEGAL DEFENSE FUND
LENA F. MASRI (DC: 1000019)
JUSTIN SADOWSKY (DC: 977642)
453 New Jersey Ave, SE Washington, DC 20003
Phone: (202) 742-6420
ldf@cair.com

*Counsel for CAIR Foundation*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2024, I have filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Darren Spielman*

Darren Spielman

via U.S. Mail to:
Pro Se
Laura Loomer
2046 Treasure Coast Plaza
Suite A #138
Vero Beach, FL 32960