IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ILLOOMINATE MEDIA, INC ET AL

    Plaintiffs

v.

CAIR FLORIDA, INC., et al

    Defendants.

Case Number: 9:19-cv-81179

FILED BY PCS D.C.
SEP 03 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## PLAINTIFF LAURA LOOMER'S NOTICE OF INTENT TO OBJECT

Plaintiff Laura Loomer ("Plaintiff") pursuant to the August 29, 2024, order of Magistrate Judge Bruce E. Reinhart, hereby submits a Notice of Intent to Object to the proposed settlement agreement in ECF No. 120.

Plaintiff objects to counsel for Defendants' secretly communicating ex parte with the CAIR Defendants and attempting to "settle" a case in another albeit state court that they are not involved in—the separate ongoing legal malpractice case that Plaintiff have filed against their former counsel in this case. *Loomer v. Coleman et al*, 50-2023-CA-010810-XXXX-MB (15th Jud. Cir. Fla.) (the "Malpractice Case"). Notably, the Defendants here are not parties to, nor do they have any involvement in the Malpractice Case, yet they have attempted to "settle" away Plaintiff's substantive rights with a Defendant in the Malpractice Case, Defendant Craig Young. This is highly unethical, illegal behavior that should be referred to The Florida Bar. The Defendants did this in secret, without any notice to the Plaintiff until after a purported "settlement" been reached with Mr. Young.

Defendants attempt to argue that the language of the settlement agreement between the parties in this case grants them authority to act in this unprecedented, illegal, and unethical fashion, but a review of the language at issue shows that this is simply untrue:

1

> **Veto Power and Settlement Authority**. CAIR shall have final sign off power on; veto power over, and substantive control of Plaintiffs' authority to settle *Coleman*, including through any offer of judgment. Plaintiffs may not settle *Coleman* without CAIR's written consent, and failure to obtain such consent is a substantive breach of this Settlement.

Nowhere in this provision are Defendants' granted authorization to secretly settle away Plaintiff's substantive rights with the Defendants in the Malpractice Case. The plain language of this provision provides that Defendants have veto power and final say over whether to accept a settlement that has been worked out between Plaintiff and the Defendants in the Malpractice Case. The practical effect of this provision – which is what both parties bargained for - is that both Plaintiff and Defendants in this case must agree to any settlement in the Malpractice Case. It does not give the Defendants the right to negotiate and agree to a settlement in the Malpractice Case affecting Plaintiff's rights that Plaintiff would never have accepted.

Furthermore, copies of the transcripts of the depositions of Ronald Coleman, Exhibit 1, and Craig Young, Exhibit 2, in the Malpractice Case are attached, and Plaintiff respectfully asks this Court to review them. The testimony of Mr. Coleman at pages 64 to 67 is instructive as even he effectively admits that the conduct of Mr. Young is unethical, particularly since it was not only done in secret, but not something he would do as a matter of professional ethics and the law, since a client cannot agree to not file an ethics complaint with a state bar. *Fla. Bar v. Frederick*, 756 So. 2d 79 (Fla. 2000).

In *Frederick*, the attorney was suspended from the practice of law for attempting to have clients waive and release their ability to file a bar complaint against him. The Florida Supreme Court has held that this exact conduct constitutes a violation of Fla. Bar Reg. R. 4-8.4. *Id.* at 87. In doing so, the Florida Supreme Court held:

> We accordingly reject Frederick's argument in this regard and hold that his conduct in discouraging the Bar's involvement as a condition of the release falls

within the "conduct in connection with the practice of law that is prejudicial to the administration of justice" broadly prohibited by rule 4-8.4(d). *Id.*

And, the deposition of Mr. Craig Young also resulted in arrogant and shameless testimony that effectively admits to the unethical and illegal nature of his professional misconduct, as well as the obstructionist withholding of documents which bear on his violative behavior

In sum, Defendants secretly going behind Plaintiff's back ex parte to negotiate a settlement agreement in the Malpractice Case with Mr. Young, not only violates my settlement agreement with the Defendants here, in which by its terms only gives them a veto power over any settlement in the Malpractice Case, and cannot as a matter of law and professional ethics allow a non-party defendant in that case to exercise any control over a settlement in that state case, as well as agree on behalf of Plaintiff that Plaintiff will never file bar complaint against the unethical conduct Mr. Young. This latter provision is illegal in all 50 states with regard to bar rules.

Accordingly, Defendants CAIR Foundation's and CAIR Florida's – notably unindicted co-conspirators in a criminal prosecution of the Holy Land Foundation in Dallas, Texas for funneling millions of dollars to the terrorist organization Hamas (Exhibit 1) – Motion to Compel must be denied as they have far exceeded any authority provided through the Settlement Agreement. This unethical and illegal conduct cannot be allowed to occur and counsel for Defendants must be referred to The Florida Bar for their actions here.

Finally, I have been hampered in making legal argument for myself, and not making any legal argument at all for co-Plaintiff Iloominate Media LLC, as I cannot find counsel who will wade into this case given the involvement of the CAIR Defendants and their history, particularly in light of the on-going war in Gaza caused by Hamas, which beheaded Jewish babies, massacred thousands of other Jews and took hundreds of Jewish and American hostages. As a

3

result, my attorney Larry Klayman has petitioned Chief Judge Cecilia Altonaga to allow him to represent me and Illoominate Media LLC in this matter, as an exception to his reciprocal suspension. Mr. Klayman is necessary to fully protect my due process, equal protection and other constitutional and legal rights and as such I respectfully ask this Court to communicate with Chief Judge Altonaga and urge her to allow Mr. Klayman's representation. Until Chief Judge Altonaga rules on this, I respectfully ask the Court to defer ruling on this matter to allow Mr. Klayman to appear on my behalf and supplement my efforts, as well as present argument for Illoominate Media, Inc..

This would not work prejudice to the parties, as there is no urgency with regard to the illegal and unethical settlement which the CAIR Defendants agreed to with Mr. Craig Young, before a state court which this Court has no jurisdiction over.

Dated: August 30, 2024                                         Respectfully Submitted,

                                                               /s/ Laura Loomer
                                                               Laura Loomer
                                                               PO Box 651444
                                                               Vero Beach, FL 32965

                                                               *Pro Se*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of September, 2024, the foregoing was served on counsel for Defendants via Federal Express at:

J. Remy Green
1639 Centre St., Ste. 216, Ridgewood NY 11385

/s/ Laura Loomer



Do not ship liquids, blood, or clinical specimens in this packaging.

04/27/24 15:42

FedEx

This envelope is only for FedEx Express® shipments.

help us get your package safely to its destination by packing your curely. Need help? Go to **fedex.com/packaging** for packing tips.

... FedEx Express shipping document, the current FedEx Service ... ns, and

... isible ... options

Insert shipping document here.

FedEx
TRK# 0201 7782 9304 3322

TUE – 03 SEP AA
PRIORITY OVERNIGHT

33401
FL-US PBI

XG PBIA

#6031736 08/30 583J6/A12D/9AE3

337 1 10:30 B

ORIGIN ID:FPRA (520) 870-9791
LAURA LOOMER
PO BOX 651444
VERO BEACH, FL 32965
UNITED STATES US

SHIP DATE: 30AUG24
ACTWGT: 0.50 LB
CAD: 106024589/INET4535

BILL SENDER

TO MAGISTRATE JUDGE BRUCE E. REINHART
U.S. DISTICT COURT - S.D. FL
701 CLEMATIS STREET

WEST PALM BEACH FL 33401
(561) 514-3710 REF:
INV:
PO: DEPT:

583J6/A12D/9AE3

FedEx Express

August 30, 2024

Via U.S. Mail

Ms. Angela E. Noble
Clerk of the Court
U. S. District Court – Southern District of Florida
400 North Miami Avenue
Miami, FL 33128

Re:   *Illoominate Media, LLC, et. al v. CAIR Florida, Inc., et al.* - **9:19-cv-81179**

Dear Ms. Noble:

I am enclosing for filing an original and one copy *Plaintiff Laura Loomer's Notice of Intent to Object.*

Additionally, courtesy copies are also being provided to the Honorable Rodolfo A. Ruiz II and the Honorable Bruce E. Reinhart

Thanks you for your professional courtesy.

Sincerely,

*Laura Loomer*

Laura Loomer

*Pro Se*

cc: J. Remy Green