UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-81179-RUIZ/REINHART

ILLOOMINATE MEDIA, INC., et al.,

        Plaintiffs,

vs.

CAIR FLORIDA, INC., et al.,

        Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO COMPEL COMPLIANCE [ECF NO. 107]

Plaintiffs Laura Loomer and Illoominate Media, Inc., and Defendants, CAIR Florida, Inc., CAIR Foundation, collectively ("Defendants") settled this case in July 2023. ECF Nos. 105. Section 3 of their Settlement Agreement discusses malpractice claims against Ms. Loomer and Illoominate's prior attorneys. Those claims are identified as "*Coleman*." ECF No. 105 ¶3. (emphasis in original). According to the Settlement Agreement,

> CAIR shall have final sign off power on; veto power over; and substantive control of Plaintiff's authority to settle *Coleman* including through any offer of judgment. Plaintiffs may not settle *Coleman* without CAIR's written consent and failure to obtain such consent is a substantive breach of this Settlement.

*Id*. ¶3a. This Court retained jurisdiction to enforce the Agreement. ECF No. 106. Section 5 of the Settlement Agreement calls for contempt for failure to comply unless

compliance is impossible. ECF No. 105 ¶5a. Section 5 also awards CAIR to its "reasonable costs and attorneys' fees for any motion to enforce…" *Id.* ¶5b.

Defendants now move to compel compliance with the settlement agreement, specifically the *Coleman* provision. ECF No. 107. Defendants say they reached an agreement with one of the *Coleman* Defendants, Craig Young ("Young Settlement Agreement") and reached out to Ms. Loomer and Illoominate to "execute the relevant portions of the agreement." *Id.* at pp 2. Ms. Loomer and Illoominate refused. *Id.* Defendants argue Ms. Loomer and Illoominate's refusal is against the already agreed upon term that gives CAIR "substantive control of [Ms. Loomer and Illoominate]'s authority to settle *Coleman*." *Id.*

Ms. Loomer responds that she was not made aware of Young Settlement Agreement and that Defendants did not have authority to attempt to settle *Coleman* without Ms. Loomer's knowledge. ECF No. 109.

On July 27, 2024, through Ms. Loomer and without conferral, Illoominate moved for two-week extension of time to hire counsel and respond. ECF No. 110. I granted the request and gave Illoominate until August 16, 2024, at 5 p.m. Eastern Time, to hire counsel and file its response. ECF No. 115. I cautioned Illoominate that failure to comply may result in this "Court Granting the Motion to Compel Compliance and or for contempt against Illoominate Media, Inc." *Id*. On August 16, 2024, through Ms. Loomer and without conferral, Illoominate moved for a second extension of time. ECF Nos. 116, I denied the request for failure to show good cause. ECF Nos. 117. On August 21, 2024, in a nearly identical motion on behalf of

2

Illoominate, Ms. Loomer filed a third motion for extension of time. ECF No. 118. I denied that motion for the same reasons and ordered the Defendants to file their reply. In all three motions for extensions of time, Ms. Loomer makes additional arguments in response to the Motion to Compel. Those arguments are not properly before me will not be considered.

The time for responses has since expired. I have reviewed the Motion to Compel, the Response, the Reply, and the Settlement Agreement. ECF Nos. 107, 109, 121. For the reasons stated below, Defendants' Motion to Compel Compliance is **GRANTED IN PART.** Defendants' request for contempt and attorneys' fees is taken under advisement.

## I. DISCUSSION

When a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement even if the terms are outside the scope of the remedy sought in the original pleadings. *Paulucci v. Gen. Dynamics Corp.,* 842 So. 2d 797 (Fla. 2003). "However, the extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement." *Id.* at 803.

At the request of the parties, this Court retained jurisdiction to enforce the terms of the Settlement Agreement. The relevant terms I am bound by in their Settlement Agreement are that Defendants have "sign off power on; veto power over; and substantive control of Plaintiff's authority to settle *Coleman.*" ECF No. 105.

Mr. Young is one of the *Coleman* Defendants. Defendants reached a settlement with Mr. Young and both Ms. Loomer and Illoominate refused to sign off on it. Mr. Young has since filed a Notice striking paragraph two of his settlement agreement with Defendants. ECF No. 120. In his certificate of conferral, he says the Defendants do not object. *Id*. In light of the proposed modification to the Young Settlement Agreement, I granted Ms. Loomer additional time to file a notice of intent to object. ECF No. 124. Ms. Loomer has since filed her Notice of Intent to Object to the modified Young Settlement Agreement. ECF No. 127. So, I will construe the initial Motion to Compel Compliance (ECF No. 107) to be about the modified settlement agreement in Mr. Young's Notice. ECF No. 120-1.

Ms. Loomer does not dispute that she refused to sign the Young Settlement Agreement or that the terms of *her own* Settlement Agreement call for contempt for failure to comply. The Agreement says,

> a. **Compliance and Contempt.** For avoidance of doubt, an intentional violation of this Settlement shall constitute contempt of Court, except that Plaintiffs may raise a defense that compliance is "factually impossible" to any contempt proceeding. *See generally, Yimbly, Inc. v. Fedak,* 2017 U.S. Dist. LEXIS 96700, at *9-10 (S.D.N.Y. June 22, 2017) ("a party may defend against a contempt by showing that compliance is factually impossible, but that party bears the burden of producing in raising the defense") (cleaned up); *Ramgoolie v. Ramgoolie,* 2020 U.S. Dist. LEXIS 33145, at *7 (S.D.N.Y. Feb. 25, 2020) (similar).
> b. **Costs and Fees.** CAIR shall be entitled to its reasonable costs and attorneys' fees for any motion to enforce, which shall include any other work required []
> c. **Equity and Contempt Jurisdiction.** Plaintiffs stipulate and waive any objections to the Court's Jurisdiction over enforcement of this Settlement, including the Court's contempt and equity jurisdiction.

ECF No. 105 ¶5a–c.

So, according to the Settlement Agreement, the next question is whether Ms. Loomer has shown her compliance "would have been impossible." She has not. She says the settlement agreement between Mr. Young and the Defendants is "unethical and illegal" because Defendants are attempting to "settle away [her] rights…in secret…" ECF No. 109. But she contracted her "sign off power, veto power over, and substantive control of [her] to settle *Coleman*" away when she entered into the Settlement Agreement with Defendants. ECF No. 105 (emphasis in original).

## II.   CONCLUSION

The Motion to Compel Compliance is GRANTED as to Ms. Loomer and GRANTED by default as to Illoominate. Plaintiff in her individual capacity and as Illoominate's corporate representative is hereby ORDERED to execute documentation to finalize the Young Settlement Agreement on or before October 11, 2024.

The Plaintiffs are further cautioned that failure to comply with this order will constitute conduct potentially subject to additional contempt sanctions. I take Defendants' Motion for contempt and attorneys' fees under advisement.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 10th day of September 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE