UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

| | |
|---|---|
| ILLOOMINATE MEDIA, INC., a Florida Corporation, and<br><br>LAURA LOOMER, a Florida individual<br><br>Plaintiffs,<br><br>v.<br><br>CAIR FOUNDATION, a District of Columbia corporation, et. al.<br><br>Defendants. | Case No. 19-CV-81179<br><br>Judge Rodolfo A. Ruiz<br>U.S. District Judge<br><br>Judge Bruce E. Reinhart<br>U.S. Magistrate Judge |

**OPPOSITION TO MOTION FOR EXTENSION OF TIME**

  Defendants CAIR Foundation and CAIR FL, Inc. file this response in Opposition to Plaintiff Laura Loomer's Motion for Extension of time (ECF No. 129)[1]. The time to respond to this Motion occurs after the requested relief sought therein. Defendants provide this response sooner in an effort to expedite a ruling by this Court.

  The Court recently entered an Order (ECF No. 128) in this case, directing that Plaintiffs must "execute documentation to finalize the Young Settlement Agreement on or before October 11, 2024", and taking Defendants' Motion for contempt and attorneys' fees under advisement.  As the Court may recall, Plaintiffs agreed to a consent decree-type settlement, which included (among other things) a provision giving Defendants "substantive control of Plaintiff's authority to settle" another litigation, as well as a stipulation that any "intentional violation of this Settlement shall constitute contempt of Court."  ECF No. 105 ¶ 3a and 5a.  The Court in its recent Order "further cautioned that failure to comply with this order will constitute conduct potentially subject to additional contempt sanctions."

---

[1] The Motion is titled "Plaintiffs' Motion for Extension of Time" implying it was on behalf of both Plaintiffs, but it is clearly only in the name of individual Plaintiff Laura Loomer, as the company appears to still be unrepresented.

ECF No. 128 at 6.

Since then, as shown in the instant motion, Plaintiffs have run to state court with an "Emergency Motion"[2] seeking a kind of reverse Supremacy Clause-type ruling. Specifically, Plaintiffs, in the state court proceeding, seek an order enjoining this Court's "September 10, 2024 Order on Defendants' Motion to Compel Compliance." ECF No 129-1 at 1.  *But see, e.g.,* 18 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4468 (1981) ("It would be unthinkable to suggest that state courts should be free to disregard the judgments of federal courts.").  Plaintiffs initially tried to have the state court emergency motion heard by October 2, but the state court set a hearing for October 7. This was expressly sought by design, in advance of the deadline this Court set for Plaintiffs to finally comply with the parties original Settlement.  Plaintiffs did not give Defendants any notice of the emergency motion, nor did they provide any basis for the state court exercising jurisdiction over CAIR. Instead, Defendants are now faced with this instant motion for an extension of time to comply with this Court's Order.

Defendants strongly oppose this requested extension:  It violates (yet again) the Court's clear rules and many orders directing Plaintiffs follow them.  Beyond that, Defendants  request that this Court take the arguments and information provided herein, as well as Plaintiffs' "Emergency Motion" in the state court, as Supplemental Authority in support of Defendants' request for sanctions and contempt. Plaintiffs' state court "Emergency Motion" is rife with problems that will be addressed beyond this Court. The relevance of the filing still has value in this Court's ultimate determination of sanctions and contempt as a contemptor's "state of mind does inform the court's exercise of its discretion in this area." *Gib. Metals v Next Generation Metals*, 2008 US Dist LEXIS 146082, at *3 (SD Fla

---

[2] Again, in every single filing, Plaintiffs also deliberately violate the substantive injunction against "mak[ing] any comments, of any kind, about CAIR in the future."  *See* ECF No. 121 at 2 n. 1, *quoting* ECF No. 105-1 ¶ 2(a).  That also triggers mandatory contempt — which Defendants will seek as soon as this round of proceedings is over.  But Plaintiffs' deliberate violations of other portions of the Settlement Agreement bear heavily on what remedies are appropriate now.

May 2, 2008) (using a lack of intent as a mitigating factor in denying contempt).

## Factual Background

In their state court emergency motion (ECF No. 129-1), Plaintiffs moved on an emergency basis, for an order enjoining this Court's September 10, 2024 Order at ECF No. 128. The state court emergency motion is an express example showing an intention by Plaintiffs to not comply with this Court's Order.  The mindset of Plaintiffs matters in the Court's further consideration of contempt and attorneys' fees. The instant motion for extension of time, is yet another in a pattern of efforts to delay and extend Plaintiffs obligations under the Settlement Agreement and this Court's Order.

Given Plaintiffs continued failure to follow the Court's rules and procedures, coupled with these attempts to circumvent the Court's Order by seeking relief from the state court, Defendants are obligated to further support the requests previously made for sanctions and contempt. To make matters worse, in the "Background Facts" section of the state court emergency motion Plaintiffs launched a personal assault on this Court:

> "Unfortunately for Plaintiffs, Magistrate Judge Reinhart has had a strong personal animus towards Plaintiff Laura Loomer ("Ms. Loomer"), likely as a result of her association with Donald Trump. Magistrate Judge Reinhart is known to be hostile toward President Trump, and it is no coincidence that he was sought out and effectively hand-picked by Special Counsel Jack Smith to sign the search warrant which ordered the raid on President Trump's Mar-a-Lago residence in 2022, which was later effectively found to have been illegal by the Honorable Aileen Canon in her July 15, 2024 Order Granting Motion to Dismiss Superseding Indictment Based on Appointments Clause Violation. United States of America v. Trump, 9:23-cr-80101-AMC (S.D. Fl.) ECF No. 672. Thus, it is regrettably unsurprising that on September 10, 2024, Magistrate Judge Reinhart issued the Reinhart Order granting CAIR's motion to compel, despite having no factual or legal basis to do so."

ECF No 129-1 at 2.

Plaintiffs timing was intentional:  The purpose was to have the state court "render a ruling prior to the October 10, 2024 [sic³] deadline imposed by Magistrate Reinhart." Id. at 3. Plaintiff

---

³ The actual deadline is October 11.

Loomer, then concurrently has filed the instant motion in a "belt and suspenders" approach of hoping to garner additional time. This Court should not entertain Plaintiff Loomer's efforts.

## Discussion.

I. **Plaintiff Loomer's Requested Extension Should Be Denied, But the State Court Emergency Motion Should be Considered in Connection with the Still-Pending Motion for Contempt.**

Under local Rule 7.1(a)(1)(J), a motion for extension of time does not require a memorandum of law citing supporting authorities if, the motion for extensions of time provides "the good cause supporting it is set forth in the motion." Plaintiff Loomer's[4] instant motion wholly lacks good cause to support the extension of time.

Giving Plaintiff a full benefit of the doubt, it may appear there is one or two "reasons" provided for the requested relief. First, Plaintiff Loomer relies on the filing of the state court "Emergency Motion" and second, that Plaintiff Loomer claims she is "financially strapped" and therefore "hesitant" to pay the fee to file a notice of appeal, presumably to the Eleventh Circuit.

### A. Plaintiffs' reasons are without any merit.

The first reason — Plaintiffs' own filing of a motion at state court— is wholly without merit, and does not amount to good cause for extending the time for compliance with this Court's Order.

To begin, Plaintiffs' state court "emergency motion" lacks any citation to *any* authority suggesting a state court may overturn or supersede this Federal Court's Order.  Plaintiff Loomer's filing a motion without authority on a different docket does not somehow entitle Plaintiffs to relief on this one. In fact, the sole argument in Plaintiffs' state court "emergency motion" is to argue that the state court should, "[b]y way of analogy, … look to the Anti-Injunction Act, 28 U.S.C. § 2283" and craft an injunction against this Court.  Ex. 1 at 5.

---

[4] Ms. Loomer only moves on her own behalf. It appears she simply intends to allow Illoominate to fall into contempt.

But that "analogy" does not work because state and federal courts are not mirrors. Rather, while federal courts have the power to enjoin state courts (which is, by statute and through abstention doctrines, cabined carefully), it has been settled for decades that "[s]tate courts are '*destitute of all power*' to interfere with the proceedings or decisions of the national courts." *Delaware Val. Citizens' Council for Clean Air v Pennsylvania*, 755 F2d 38, 45 (3d Cir 1985) (emphasis added), *quoting Central National Bank v. Stevens*, 169 U.S. 432, 460-61, 42 L. Ed. 807, 18 S. Ct. 403 (1898).[5] Put simply, there is no analogy here: Judges in state court are bound by the rulings of federal judges, not the other way around. *U.S. Const., Art. VI*, cl. 2. And Plaintiffs present no non-frivolous argument otherwise.

Further, if the state court *did* issue an order purporting to "enjoin the September 10, 2024 Order on Defendants' Motion to Compel Compliance" (ECF No. 129-1 at 1), "it is well-established that a federal court may enjoin a state proceeding where the result of state court litigation may eviscerate the effect of a federal court's order, or would render doubtful the rights of the parties effected by the federal injunction. See *Atl. Coast Demolition & Recycling v Bd. of Chosen Freeholders*, 988 F Supp 486, 494 (DNJ 1997), *citing Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148-49 (1988). Indeed, "a federal court may, at any time, pursuant to the Anti-Injunction Act and All Writs Act, assume jurisdiction and enjoin a state proceeding, if the litigation in state court has the effect of eviscerating the federal court's order." *Doina Rosu Almazon v JPMorgan Chase Bank, N.A.*, 2019 US Dist LEXIS 245004, at *4, n 3 (SDNY Dec. 16, 2019); a*ccord also, e.g., Indiana Pub. Interest Research Group v Bloomington*, 501 NE2d 476, 478 (Ind Ct App 1986) (state court confirming it must obey a federal order, regardless of whether it believes it is right); *Swope v St. Mary Parish Sch. Bd.*, 256 La 1110, 1120 (1970) (similar). There is no question that, should the state court grant Plaintiffs' motion, it would have "the effect of

---

[5] The argument is also puzzling on its own terms, since (1) the Court's order does nothing at all to interfere with the state court, the proceeding or the court's powers, but rather, the enforcement of the Settlement Agreement in *this* case; and (2) Plaintiffs did not raise the Anti-Injunction Act before this Court (the only Court it would apply to), thereby waiving the argument.

eviscerating the federal court's order." So, if the state court purported to enjoin this Court, Plaintiffs would not get more time; and presumably this Court would likely be required to "assume jurisdiction and enjoin [the] state proceeding." 2019 US Dist LEXIS 245004, at *4, n 3.

The second potential reason for the extension presented by Plaintiff Loomer is a purported financial inability to bring an appeal. But Plaintiff Loomer failed to object or appeal this Court's Order to District Court Judge Ruiz, within 14 days, as stated in the Local Magistrate Rules (Rule 4[6]). Further, an appeal to the District Court Judge has no associated fee. Moreover, "[t]he law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v Lang*, 836 F App'x 823, 824 (11th Cir 2020). So now there is no appeal, Plaintiffs' time to file an appeal to District Judge Ruiz has expired, and the Eleventh Circuit is without any jurisdiction, regardless of whether Plaintiffs pay a small fee. In sum, Plaintiff Loomer's mistaken (and now moot) beliefs about the appellate steps is not good cause for an extension of time, especially in light of the multiple warnings by the Court about Loomer following the rules.

There was no question, on Defendant's prior motion to compel and for contempt, that a pivotal question was "whether Ms. Loomer has shown her compliance 'would have been impossible.'" Plaintiffs' continued actions here and the state court underscore that there was no question that "[s]he has not." ECF No. 128 at 5. And they underscore that her refusal to comply with the Court's orders is deliberate, warranting contempt. As stated in the original motion for contempt and supported further here, under the original settlement between the parties, Plaintiffs' actions "shall constitute contempt of Court." ECF No. 105 ¶ 5(a). This Court's Order gave Plaintiffs the grace of reasonable time to comply. But now, Plaintiffs have made clear they have mistaken that grace for a lack of authority, and instead seek circumvention.

---

[6] "Any party may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) of these rules, supra, within fourteen (14) days after being served with the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or District Judge."

### B. Plaintiff's motion should also be denied for procedural defects.

Plaintiff Loomer also fails to comply with the Local Rules in connection with the motion. And this is not the first time. Despite multiple prior warnings about following the local rules, (e.g., ECF No. 72), Plaintiff Loomer fails to include a certificate of conferral. No such certificate could be included by Plaintiff Loomer because she also violated the local rule by never meeting and conferring with counsel for each Defendant, let alone even requested such a conference.

Per Local Rule 7.1(3), "Prior to filing any motion in a civil case... counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." Plaintiffs violated this rule's plain command and that violation merits denial. *See, e.g., Parker v Parker*, 829 F App'x 389, 392 (11th Cir 2020) ("We also see no abuse of discretion in the denial of Lori's motion to compel for failure to comply with Local Rule 3.01(g)"); *see also, Nanotech Entertainment, Inc. v R&T Sports Mktg.*, 2014 US Dist LEXIS 196418, at *9 (SD Fla Sep. 23, 2014) ("the impact of a party's failure to comply with Rule 7.1(a)(3) is ultimately left with the discretion of the Court")

This is not the first time for such failures by Plaintiffs. In multiple prior motion efforts by Plaintiffs (*e.g.,* ECF Nos. 118, 116, 112), this pattern has continued without express objection/opposition by Defendants — though Defendants have repeatedly made known they expect Plaintiffs to confer going forward. *See, e.g.,* ECF No. 113 at 2 ("Procedurally, the motion lacks a certificate of conferral — and indeed, Illoominate did not confer at all"). The Court has made it clear to Plaintiffs that it will start denying motions that do not follow the Local Rules. *See, e.g.,* ECF No. 115 ("Additionally, while Ms. Loomer is proceeding pro se she is still required to comply with the Local Rules and failure to do so may result in sanctions."); ECF No. 75 (striking another of Plaintiffs' motions for failure to follow Local Rule 7.1(3)).

7

So, the continued and willful violations of the Local Rules must come to an end. For this reason alone — to say nothing of those above — the Court should deny the motion. Given that the Court's previous caution that "failure to [follow the Local Rules] may result in sanctions" went unheard (ECF No. 115), Defendants defer to the Court's discretion to consider whether some further sanction is appropriate to ensure this stops happening.

## Conclusion

Defendants request that this Court deny the motion for extension of time and take the additional supplemental authority provided herein as further support and evidence regarding Defendants' request for sanctions and attorneys' fees.

Dated: October 2, 2024

Respectfully submitted,

BY: /s/ *Darren Spielman*

Darren Spielman (FBN 010868)
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue
Suite 500
Fort Lauderdale, FL 33309
(754) 300-1500
dspielman@conceptlaw.com
*Counsel for CAIR Florida, Inc.*

Remy Green (*admitted pro hac vice*)
COHEN&GREEN P.L.L.C
1639 Centre St.
Suite 216
Ridgewood, NY 11385
(929) 888-9480

CAIR LEGAL DEFENSE FUND
LENA F. MASRI (DC: 1000019)
JUSTIN SADOWSKY (DC: 977642)

                                                453 New Jersey Ave, SE Washington, DC 20003
                                                Phone: (202) 742-6420
                                                ldf@cair.com

                                                *Counsel for CAIR Foundation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2024, I have filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Darren Spielman*

Darren Spielman

via U.S. Mail to:
Pro Se
Laura Loomer
2046 Treasure Coast Plaza
Suite A #138
Vero Beach, FL 32960