UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ILLOOMINATE MEDIA, INC., a Florida Corporation, and <br><br> LAURA LOOMER, a Florida individual <br><br> Plaintiffs, <br><br> v. <br><br> CAIR FOUNDATION, a District of Columbia corporation, et. al. <br><br> Defendants. | Case No. 19-CV-81179 <br><br> Judge Rodolfo A. Ruiz <br> U.S. District Judge <br><br> Judge Bruce E. Reinhart <br> U.S. Magistrate Judge |

**Defendants' Expedited Motion for Contempt and to Enforce**

Defendants, CAIR FOUNDATION and CAIR FL Inc. (collectively CAIR or Defendants) move this Court for a new Motion for Contempt and to Enforce. As further detailed below, there is a pending deadline of November 13, 2024, for Plaintiffs ILLOOMINATE MEDIA, INC. (herein Illoominate) and LAURA LOOMER (herein Loomer) regarding an offer to settle in a separate state court malpractice litigation. Defendants respectfully request the Court's ruling no later than **4:00 p.m. on Wednesday, November 6, 2024** to allow Plaintiffs time for compliance in advance of the expiration of an offer of settlement. In support of this motion, Defendants state as follows:

Defendants do not bring forth this motion lightly, and are careful to note that there is a pending Appeal by Plaintiff Loomer on a separate series of this Court's Orders. As more fully set forth in Section III below, Defendants believe this matter is a new and collateral matter which this Court can properly decide, as well as a matter where "[a] judge may--and should--enforce an un-stayed injunction while an appeal proceeds." *Union Oil Co. v Leavell*, 220 F3d 562, 565 (7th Cir 2000).

**Background**

As the Court may recall, this case settled after a motion for contempt, related to post-judgment matters. "Enforcement of [the] Settlement may be by contempt, and any substantive breach [of the Settlement] *shall* be contempt of court." ECF No. 105-1 ¶ 5. This Court entered that Settlement

1

(herein the "Loomer/CAIR Settlement") as an order of the Court. ECF No. 106. A pattern has emerged though, and Defendants remain frustrated by Plaintiffs continued refusal to comply with this Court's Orders and refusal to adhere to terms of the parties' post judgment Loomer/CAIR Settlement Agreement.

The Loomer/CAIR Settlement was necessary because Plaintiffs rejected an offer of judgment. The consequence of that, given the meritless claims asserted, was that Plaintiffs were required to pay attorneys' fees. *See* ECF Nos. 66 and 77. Plaintiffs appealed everything and lost, so collection began, resulting in the Loomer/CAIR Settlement. At the end of the most recent appeal, the Eleventh Circuit mused, "After three appeals to our Court, this matter should be at an end." *Illoominate Media, Inc. v Cair Florida, Inc., Dist. of Columbia*, 2022 U.S. App. LEXIS 27435, at *12 (11th Cir Sep. 30, 2022, No. 22-10718). But Plaintiffs continue to multiply the proceedings, refusing once again to do what they agreed to in the Loomer/CAIR Settlement.

Part of the Loomer/CAIR Settlement was about separate malpractice claims Plaintiffs sought to bring against their prior attorneys, based in part on a theory that Ms. Loomer was never given notice of — let alone advice about the consequences of — the offer of judgment in the underlying case herein. Those malpractice claims are asserted in the case identified in the Loomer/CAIR Settlement as "*Coleman*." Importantly, *Coleman* has multiple Defendants, as Plaintiffs sued multiple attorneys and law firms in that matter. As relevant here, the Loomer/CAIR Settlement provides that Defendants herein have certain rights with regard to *Coleman*. Specifically, Defendants bargained for multiple key points with regard to Plaintiffs ultimate settlement in *Coleman*: (1) "Final sign off power"; (2) "Veto power over"; and (3) "Substantive control of Plaintiffs' authority to settle *Coleman*." ECF No. 105-1 ¶ 3. That third right "substantive control" is one of the issues here, and is part of the core of what Defendants got out of the settlement, in exchange for forgoing more immediate recovery — and potentially foregoing recovery altogether — of tens of thousands of dollars Plaintiffs would otherwise owe.

Recently, Defendants discovered[1] Dhillon Law Group ("DLG"), one of the *Coleman* defendants, made an offer of judgment to Plaintiffs. Following that, DLG sent a combined offer to Plaintiffs to settle its portion of *Coleman* for $24,000.00, accompanied by a Fla Stat 57.105 notice (the state court equivalent of a Rule 11 notice). True copies of the offer and related draft 57.105 motion are attached as **Exhibit 1** and **Exhibit 2** respectively. The DLG Settlement Offer expires in November 13, 2024.

Plaintiffs have repeatedly asserted they have no ability to pay. *See, e.g.,* ECF No. 131 at 1.[2] So, if Plaintiffs do not accept the DLG Offer within the 21 days, it is possible CAIR will never get the benefit of the Settlement as to DLG. And it will be inevitable that CAIR has to expend significantly more attorney time (at the risk of not ultimately being able to collect for that either) to recover and place itself in the position it bargained to be in.

In accordance with the Loomer/CAIR Settlement, Defendants sent a direction to Plaintiffs to accept the DLG Offer. A true copy of the email thread that followed is attached as **Exhibit 3**. Through communication with Plaintiffs' state court-only counsel, Plaintiffs refused to accept the DLG Offer, so this motion follows.

---

[1] Plaintiffs were directed by the Loomer/CAIR Settlement that they "shall keep CAIR ... up to date and informed about any settlement discussions, proceedings, and the like." ECF No. 105-1 ¶ 3(a). Plaintiffs did not inform Defendants about the offers, and it was only when Defendants independently discovered a notice that *something* had been served on the state docket that Plaintiffs revealed the offer. In a deposition in state court, Plaintiffs' state court-only counsel revealed that there were other settlement offers that he "never even brought it over to CAIR to even have them review or to discuss," "because I rejected it." ECF No. 123-2 at 18 (ECF pagination). That "failure to provide such reasonable updates" is — in mandatory terms ("shall be") — an additional "substantive breach of th[e Loomer/CAIR] Settlement." ECF No. 105-1 ¶ 3(a).

[2] Whether these representations are true is a different question, for another day — for example, if Plaintiff attempts to claim paying attorneys' fees for this motion, the last motion, and the pending appeal is "factually impossible" (which is the applicable standard to avoid further contempt). *See, e.g.,* ECF No. 105-1 ¶ 5(a), *incorporating Yimby, Inc. v Fedak*, 2017 US Dist LEXIS 96700, at *10 (SDNY June 22, 2017) (contempt for failure to pay attorneys' fees as order where the only showing of factual impossibility was a bare statement of financial hardship and a near zero or negative balance on *some* accounts).

3

**Discussion**

This Court has the power, by statute, by rule, and by common law, to impose sanctions up to and including contempt to address refusal to obey orders. *Serra Chevrolet, Inc. v. General Motors Corp.*, 446F.3d 1137, 1147 (11th Cir. 2006) (*citing Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1446 (11th Cir. 1985)). Civil contempt is coercive, not punitive; it is intended to compel compliance with the underlying order. *United States v. Mine Workers*, 330 U.S. 258 (1947); *see also South Beach Suncare, Inc. v. Sea & Ski Corp.*, No. 98-1114, 1999 U.S. Dist. LEXIS 7902 (S.D. Fla. May 17, 1999). Thus, "[a] judgment of civil contempt is conditional, and may be lifted if the contemnor purges himself of the contempt." *United States v. Rizzo*, 539 F.2d 458, 463 (5th Cir. 1976) (distinguishing civil from criminal contempt). Moreover, unlike criminal contempt, specific intent or willfulness need not be shown — though they are easy to show here — to trigger a civil contempt enforcement procedure to obtain compliance with an order. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *see also F.T.C. v. Leshin*, 618 F.3d 1221, 1232-33 (11th Cir. 2010).

As set out above, the Court then "granted final approval of the Settlement Agreement, and adopted the Settlement Agreement as the Order of the Court." *Gumm v Ford*, 2022 US Dist LEXIS 101758, at *2 (MD Ga June 7, 2022). That makes the Settlement, in form if not in name, essentially a consent decree because it "contains an injunction" (among other things). *See generally, In re NY City Policing During Summer 2020 Demonstrations*, 2024 US Dist LEXIS 21657, at *34 (SDNY Feb. 7, 2024) (collecting cases). *See also, Floyd v. City of New York*, 770 F.3d 1051, 1063 (2d Cir. 2014) (a settlement "not be formally designated as a consent decree" for it to still "operate as such") (cleaned up). Indeed, if that were not enough, Plaintiffs specifically agreed to "waive any objections to the Court's jurisdiction over enforcement of [the] Settlement, including the Court's contempt and equity jurisdiction." ECF No. 105-1 ¶ 5(c). As the Supreme Court has explained, "if the parties' obligation to comply with the terms of the settlement agreement [is] made part of the order of dismissal …, a breach of the agreement would be a violation of the order." *Kokkonen v Guardian Life Ins. Co. of Am.*, 511 US

4

375, 381 (1994). Summing up, as this Court has recently explained:

> The Eleventh Circuit has held that a private settlement agreement can be enforced through the district court's civil contempt power where the court has retained jurisdiction to enforce its terms. In so holding, the Eleventh Circuit reasoned that by approving a settlement agreement and retaining jurisdiction to enforce its terms, a district court effects precisely the same result as would have been achieved pursuant to a consent decree.

*Adams v Clev. Clinic Florida*, 2022 US Dist LEXIS 16247, at *9 (SD Fla Jan. 31, 2022) (citations and quotation marks omitted, alterations accepted) (Ruiz II. J.) (*citing American Disability Association, Inc. v. Chmielarz*, 289 F.3d 1315, 1321 (11th Cir. 2002)). Beyond that, "[a] party's failure to comply with *any* order of the court *also* triggers the court's contempt authority" standing alone. *Id.* (emphasis added).

### I. The Court Should Hold Plaintiffs in Contempt.

On contempt, this Court has applied a two-part test, with each side carrying the burden on one part. "A party is in civil contempt when it is shown by 'clear and convincing evidence that (1) the alleged contemnor has violated an outstanding court order; and (2) the defendant fails to show that he has made in good faith all reasonable efforts to meet the terms of the court order he is seeking to avoid.'" *Adams*, 2022 US Dist LEXIS 16247, at *9 (*quoting SEC v. Solow*, 682 F. Supp. 2d 1312, 1326 (S.D. Fla. 2010), aff'd, 396 F. App'x 635 (11th Cir. 2010)). *Accord*, ECF No. 128 at 3-5.

*First*, Defendants have unambiguously "violated an outstanding court order." The Loomer/CAIR Settlement, which is an order of the Court, provides Defendants with "substantive control of Plaintiffs' authority to settle Coleman." ECF No. 105-1 ¶ 3; *accord* ECF No. 128 at 4. That "substantive control" term is a core term in the Loomer/CAIR Settlement: Without limitation, Defendants bargained for — and Plaintiffs agreed to provide Defendants — "substantive control of Plaintiffs' authority to settle Coleman," and the post judgment matters would not have settled without it. ECF No. 105-1 ¶ 3. Yet, Plaintiffs have refused to comply with the Loomer/CAIR Settlement by refusing to accept and execute a settlement with DLG that Defendants have expressly directed them to accept pursuant to that "substantive control" provision.

*Second*, the burden shifts to Plaintiffs "to show that [they have] made in good faith all

reasonable efforts to meet the terms of the court order [they are] seeking to avoid.'" *Adams*, 2022 US Dist LEXIS 16247, at *9. Here again, Plaintiffs admit they are making no efforts — let alone good faith efforts — to accept the settlement from DLG. They are simply choosing not to, because they do not want to.

Finally, pursuant to the Loomer/CAIR Settlement, a refusal to honor the "substantive control" of settlement authority of Defendants is a "substantive" breach. For "any substantive beach," the Loomer/CAIR Settlement provides mandatory terms that the remedy "***shall*** be contempt of court." ECF No. 105-1 ¶ 5 (emphasis added). Further, the Parties agreed that "an intentional violation of this Settlement shall constitute contempt of court, except that Plaintiffs may raise a defense that compliance is 'factually impossible.'" Id. ¶ 5(a), *citing and incorporating Yimby, Inc. v. Fedak*, 2017 U.S. Dist. LEXIS 96700, at *9-10 (S.D.N.Y. June 22, 2017) *and Ramgoolie v. Ramgoolie*, 2020 U.S. Dist. LEXIS 33145, at *7 (S.D.N.Y. Feb. 25, 2020). There is no colorable or good faith argument here that compliance is factually impossible — Plaintiffs need only accept the DLG Offer to comply.

Therefore, the Court should hold Plaintiffs in contempt, as mandated by the plain language of the Loomer/CAIR Settlement, purgeable by accepting the DLG Offer.

## II. Because of the Expiring Nature of the DLG Offer, the Court Should Hold Plaintiffs in Contempt Immediately, with Escalating Penalties.

Once a party is in contempt, the Court has "wide discretion to fashion an equitable remedy … that is appropriate to the circumstances." *United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999) (*citing E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir. 1987)). The Court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses ... and coercive incarceration." *Citronelle-Mobile Gathering, Inc. v Watkins*, 943 F2d 1297, 1304 (11th Cir 1991). "Imposing a financial penalty often will be the most effective and fair means of enforcing" the order underlying the contempt. *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1316 (11th Cir. 2021). And "[m]onetary sanctions may be imposed so long as they are imposed in accordance with due process," which responding to this motion will provide. Id. (holding that providing a party

6

with fair notice satisfied the due process requirement of imposing a financial penalty on a party). The goal of the choice is to find something appropriately coercive, not punitive — the penalty "cannot be any greater than necessary to ensure such compliance." *Citronelle-Mobile Gathering*, 943 F2d at 1304.

Here, Plaintiffs have made clear that they do not take the Court's authority seriously at all. *See, e.g.,* ECF No. 129-1 at 2.[3] Rather than simply complying with this Court's prior Order (ECF 128) regarding the Young Settlement, Plaintiffs stamped an improper legend on the Young Settlement agreement from *Coleman* purporting to make it meaningless. Moreover, Plaintiffs then refused to file the dismissal (as that Young Settlement required) and threatened Mr. Young if he filed.[4] As a result, more than a simple warning to Plaintiffs is needed. Since the DLG Offer expires 21 days from October 23 — that is, on November 13, 2024 — Defendants seek this expedited relief.

Specifically, Defendants request a daily fine, beginning at least as early as the date this Court enters an Order on this motion and set to escalate for continued non-compliance. Defendants recognize that there is a separate running time sequence on Plaintiff Loomer's recently filed Appeal, but Defendants want to ensure that Plaintiff Loomer is not using that appeal as a separate shield to run the clock out on the DLG Offer. Defendants also will make themselves available for a expedited hearing regarding this motion or if the Court grants the relief herein, in the event that either of the Plaintiffs fail to comply.

Finally, the Loomer/CAIR Settlement provides — in mandatory terms — that Defendants "shall be entitled to [their] reasonable attorneys' fees for any motion to enforce." ECF No. 105-1 ¶

---

[3] "Unfortunately for Plaintiffs, Magistrate Judge Reinhart has had a strong personal animus towards Plaintiff Laura Loomer ("Ms. Loomer"), likely as a result of her association with Donald Trump. Magistrate Judge Reinhart is known to be hostile toward President Trump, and it is no coincidence that he was sought out and effectively hand-picked by Special Counsel Jack Smith to sign the search warrant which ordered the raid on President Trump's Mar-a-Lago residence in 2022, which was later effectively found to have been illegal by the Honorable Aileen Canon in her July 15, 2024 Order Granting Motion to Dismiss Superseding Indictment Based on Appointments Clause Violation. United States of America v. Trump, 9:23-cr-80101- AMC (S.D. Fl.) ECF No. 672. Thus, it is regrettably unsurprising that on September 10, 2024, Magistrate Judge Reinhart issued the Reinhart Order granting CAIR's motion to compel, despite having no factual or legal basis to do so."
[4] Mr. Young has since made a motion to compel Plaintiffs to do so.

7

5(b).  *Accord Adams*, 2022 US Dist LEXIS 16247, at *14.  Therefore, Defendants request the Court award fees, with relevant affidavits to be submitted, if the parties cannot work out the amount of such fees.  *Id.*

**III.   Appeal and Jurisdiction.**

Only Plaintiff Loomer filed a Notice of Appeal regarding numerous prior Orders of this Court. Since Defendant Illoominate is not a moving Appellant, this Court continues to have jurisdiction over all matters related to Defendant Illoominate. This includes the Court's also recent Order enforcing the Loomer/CAIR Settlement to compel Plaintiffs to execute a settlement with Craig Young and this underlying motion and requested relief.  *See* ECF No. 128.

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal.  *See, e.g., Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, it does not serve to "prevent the court from entertaining motions on matters collateral to those at issue on appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003).  For example, the district court may entertain a motion for attorneys' fees and costs after a notice of appeal has been filed in the underlying case. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (per curiam) (citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982)).  Likewise, "notice of appeal does not stay enforcement of a district court's order," so "[a] judge may--and should--enforce an un-stayed injunction while an appeal proceeds." *Union Oil Co. v Leavell*, 220 F3d 562, 565 (7th Cir 2000).  *See also, Taser Intl., Inc. v Phazzer Elecs., Inc.*, 2018 US Dist LEXIS 190783, at *1, n 1 (MD Fla May 4, 2018) (same, *citing Thornton v. Wahl*, 787 F.2d 1151 (7th Cir. 1986)); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 16 Federal Practice and Procedure § 3921.2 (2d ed. 1996).[5]

---

[5] For more, *see, e.g., Diomed, Inc. v AngioDynamics, Inc.*, 533 F Supp 2d 224, 226 (D Mass 2008) ("Despite the fact that the defendants in this case have appealed the final judgment and the Injunction, this Court continues to have power to enforce the Injunction and hold a party in contempt, if appropriate."); *Robinson v Delgado*, 2012 US Dist LEXIS 144101, at *4 (ND Cal Oct. 4, 2012) ("The undersigned thus retains jurisdiction to enforce the terms of the permanent injunction despite the pending appeal"); *FTC v Consumer Defense, LLC*, 2018 US Dist LEXIS 197102, at *4-5 (D Nev May 4, 2018) ("after the notice of appeal has been filed, the final judgment in an action for an injunction or a receivership, and any

Here, the notice of appeal on the Order to compel brings up all matters related to the state court litigation with Mr. Young (except fees, see *id.*). But the initial consent decree — that is, the Loomer/CAIR Settlement, as entered as an Order of the Court — is not stayed in any way, nor is listed as subject to review on Loomer's notice of appeal.[6] On its face, the "notice of appeal does not stay enforcement of a district court's order," and the Court "may--and should--enforce an un-stayed injunction while an appeal proceeds." *Union Oil,* 220 F3d at 565. Plus, this motion is a separate collateral matter relating to different parties in the state court malpractice litigation, and specifically the DLG Offer.

In short, though some of the parties in this litigation are the same as those on appeal, the issue before the court is a new and discrete concern regarding parties and Plaintiffs compliance with the Loomer/CAIR Settlement in connection with the *Coleman* matter. And the Loomer/CAIR Settlement — entered as an order of the Court in the form of a consent decree — is not stayed, and therefore "should" still be enforced. *Id.* Beyond that, nothing in the Appeal would be altered by the Court ruling on this motion, and Defendants believe the Court has jurisdiction over the motion. As for the effect of ECF No. 128, the Court should treat it like any other district court decision on appeal: Persuasive for its reasoning, but not necessarily binding.

Finally, Defendants believe that Loomer's Notice of Appeal is fatally flawed for a number of reasons, including but not limited to the overbreadth of appellate review sought in an untimely manner and Loomer's failure to timely file an "appeal of non-dispositive matters" in accordance with SDFL Magistrate Rule 4(a) combined with the fact that "[t]he law is settled that appellate courts are without

---

proceedings taken to enforce it, are not stayed"); *SEC v Edwin Yoshihiro Fujinaga & Mri Intl., Inc.*, 2016 US Dist LEXIS 205490, at *5 (D Nev July 28, 2016) (similar). *Cf. and accord also, Acevedo-Garcia v Vera-Monroig,* 368 F3d 49, 58 (1st Cir 2004) ("If a party violates an unstayed execution order, the fact that the underlying judgment is on appeal does not deprive the district court of its normal contempt powers"); *City of Cookeville v Upper Cumberland Elec. Mbrshp. Corp.*, 484 F3d 380, 394 (6th Cir 2007) ("Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment").

[6] That is, even on appeal, Plaintiff Loomer does not appear to be challenging the *entry* of the settlement, or the Court's continuing jurisdiction over its terms.

9

jurisdiction to hear appeals directly from federal magistrates." *United States v Lang*, 836 F App'x 823, 824 (11th Cir 2020). To the extent this Court believes that its jurisdiction has been divested — which it should not (*id.*), due to the harm that can come as a result of Plaintiffs non-compliance with the Loomer/CAIR Order, Defendants seek relief herein to ensure preservation of Defendants rights, claims and recourse.

## IV.    Conclusion

Plaintiffs continue to fail to comply with this Court's Orders, including the Loomer/CAIR Settlement and this Court's directives regarding same. In light of the foregoing, Defendants request this court enter an Order finding Plaintiffs in contempt and compelling Plaintiffs to abide by the terms of the Loomer/CAIR Settlement, including acceptance of the DLG Offer. In addition, in the Court's discretion, an Order imposing a conditional fine on Plaintiffs failure to complete their obligations under the Loomer/CAIR Settlement. Lastly, Defendants request an Order awarding Defendants their attorneys' fees in connection with this motion, to be filed under separate briefing.

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(A)(3), undersigned counsel for Defendants certifies that their office has conferred with Plaintiffs representative state court counsel via email in a good faith effort to resolve the issues raised in this motion, and that Plaintiffs indicate that they do not consent to the relief requested. *See* Ex. 3 (Plaintiffs' state court counsel failed to respond further to the final email in that thread).

Dated: October 30, 2024

Respectfully submitted,

BY: /s/ Darren Spielman
Darren Spielman (FBN 010868)
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue
Suite 500
Fort Lauderdale, FL 33309
(754) 300-1500
dspielman@conceptlaw.com
*Counsel for CAIR Florida, Inc.*

Remy Green (*admitted pro hac vice*)
COHEN&GREEN P.L.L.C
1639 Centre St.
Suite 216
Ridgewood, NY 11385
(929) 888-9480

CAIR LEGAL DEFENSE FUND
LEFA F. MASRI (DC: 1000019)
JUSTIN SADOWSKY (DC: 977642)
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
ldf@cair.com

*Counsel for CAIR Foundation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2024, I have filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Darren Spielman*

Darren Spielman

via U.S. Mail to:
Pro Se
Laura Loomer
2046 Treasure Coast Plaza
Suite A #138
Vero Beach, FL 32960