

Fountain Square
2700 N. Military Trail, Suite 150
Boca Raton, FL 33431
561-241-2323 (phone)
561-241-2330 (fax)
www.shendellpollock.com

October 23, 2024

**VIA EMAIL and U.S. MAIL**
Larry Klayman, Esq.
Klayman Law Group, P.A.
7050 W Palmetto Park Rd
Boca Raton, Florida 33433
leklayman@gmail.com

  **Re:**  **Dhillon Law Group adv. Loomer**
     *Loomer, et al. v. Coleman, et al.*
     Fifteenth Circuit (Fla.) Case No.: 50-2023-CA-10810-XXXX-MB

Dear Mr. Klayman:

  As you are aware we represent the Dhillon Law Group ("DLG"). Enclosed, please find DLG's Motion for Sanctions Pursuant to §57.105, Fla. Stat. (the "Motion for Sanction"). The Motion for Sanctions is being served pursuant to §57.105(4), Fla. Stat., to place you on notice that the claims asserted against DLG in the above-reference lawsuit are without good faith basis in law of fact. To that end, we hereby demand that you file a Notice of Withdrawal as to all allegations and claims against DLG in the Verified Amended Complaint prior to the expiration of the twenty-one (21) day safe harbor period; otherwise, we will file the Motion for Sanctions seeking recovery of all fees and costs expended by DLG and provided for under §57.105(1), Fla. Stat.

  As set forth in the Motion for Sanctions, the allegations in the Verified Amended Complaint are improper and are frivolous as to DLG. Among other things, Plaintiffs assert counts for legal malpractice and gross professional negligence against DLG, notwithstanding irrefutable evidence that DLG was not involved in the underlying lawsuit, captioned *Illoominate Media, Inc., et al., v. CAIR Florida, Inc., et al.*, S.D. Fla. Case No. 9:19-cv-81179-RAR.

  Moreover, the fees and costs awarded to CAIR in the underlying lawsuit were scrutinized by Magistrate Reinhart and adjusted accordingly. The Eleventh Circuit Court of Appeals reviewed the fee award and found that "the magistrate judge nevertheless conducted a thorough investigation of the costs and fees claimed by CAIR…Illoominate received a reasonable and fair-minded assessment from the reviewing magistrate judge." *See¸ Illoominate Media, Inc. v. CAIR Florida, Inc.*, 22-10718, 2022 WL 4589357, at *4 (11th Cir. Sept. 30, 2022).

Larry Klayman, Esq.
October 23, 2024
Page 2 of 2

Additionally, Count 5 for "Gross Professional Negligence" as alleged in the Verified Amended Complaint is not a cognizable cause of action. Lacking any good faith basis in law or fact, Plaintiffs' assertions of gross negligence against DLG can only serve to embarrass and/or harass.

Failure to withdraw any and all claims asserted against DLG in the Verified Amended Complaint within twenty-one (21) days of the date of this letter will expose you and your clients to attorneys' fees and costs as set forth in § 57.105(1), Fla. Stat., that provides in relevant part as follows:

> (1) Upon… motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

Subject to and without waiving the foregoing, we are hereby authorized to offer the aggregate amount of $24,000 to settle this case with Plaintiffs, divided as follows: $19,000 to Plaintiff Laura Loomer and $5,000 to Plaintiff Illoominate Media, LLC. This offer is being made to resolve any and all claims against DLG, is without admission of liability, and subject to the parties' executing a settlement agreement that provides for, among other things, a full general release, confidentiality, and withdrawal of Plaintiffs' claims against DLG. Please be advised that this settlement offer will remain open for a period of twenty-one (21) days, after which same is withdrawn and we will serve the enclosed Motion for Sanctions.

GOVERN YOURSELF ACCORDINGLY.

Respectfully submitted,

Shendell & Pollock, P.L.

By: *Seth A. Kolton*

Seth A. Kolton, Esq.
Brett R. Bloch, Esq.