IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

LAURA LOOMER and
ILLOOMINATE MEDIA, LLC,

     *Plaintiffs*,                     CASE NO. 50-2023-CA-10810-XXXX-MB

vs.

RONALD COLEMAN, DHILLON LAW
GROUP, INC., MANDELBAUM BARRETT
P.C., and CRAIG WILLIAM YOUNG,

     *Defendants*.

_____/

## DEFENDANT, DHILLON LAW GROUP INC'S, MOTION FOR SANCTIONS PURSUANT TO § 57.105, FLA. STAT.

Defendant, DHILLON LAW GROUP, INC. ("DLG"), through counsel and pursuant to §57.105, Fla. Stat., hereby serves this Motion for Sanctions Pursuant to §57.105, Fla. Stat., against Plaintiffs, LAURA LOOMER ("Loomer") and ILLOOMINATE MEDIA, LLC ("Illoominate") and in support thereof states as follows:

## INTRODUCTION

In 2018, Loomer was suspended from Twitter (now X) for publishing a litany of racist and anti-Muslim statements that violated the company's terms of service.  Loomer, a political activist, came to believe CAIR Florida, Inc. and/or CAIR Foundation (collectively, "CAIR") applied pressure on and convinced Twitter to suspend Loomer from the social media service.

On February 27, 2019, Plaintiffs retained Defendants RONALD COLEMAN ("Coleman") and MANDELBAUM BARRETT, P.C. ("Mandelbaum") to bring suit against for various causes of actions against CAIR as a result of Loomer's removal from Twitter based on her personal belief that she had been wrongfully removed.  *See*, Verified Amended Complaint ("Complaint"), ¶12-

1

14. On April 18, 2019, Coleman and Mandelbaum filed suit on behalf of Plaintiffs against CAIR in Palm Beach County Court captioned *Illoominate Media, Inc., et al., v. CAIR Florida, Inc., et al.*, Fifteenth Circuit (Fla.) Case No. 50-2019-CA-005121-XXXX-MB (the "Underlying Lawsuit"). *See*, Complaint, ¶17.

On May 9, 2019, Coleman and Mandelbaum filed the First Amended Complaint against CAIR for breach of contract, restraint on trade in violation of §542.18, Fla. Stat., civil conspiracy, and violation of the Florida Deceptive and Unfair Trade Practices Act in the Underlying Lawsuit. *See*, Complaint, ¶18. CAIR removed the Underlying Lawsuit to the U.S. District Court for the Southern District of Florida, S. D. Fla. Case No.: 9:19-CV-81179-RAR. *See* Complaint, ¶19. On August 29, 2019, CAIR filed a Motion to Dismiss and on October 2, 2019, prior to DLG's involvement in the underlying matter, CAIR served a Joint Offer of Judgment pursuant to §768.79, Fla. Stat., and Fla. R. Civ. P. 1.442 on the Plaintiff, sending same to Coleman and Mandelbaum. *See* Complaint, ¶20.

On November 19, 2019, prior to DLG's involvement in the Underlying Lawsuit the Southern District Court granted CAIR's Motion to Dismiss. *See*, Complaint, ¶26. Coleman and Mandelbaum filed a Notice of Appeal on November 26, 2019, also prior to DLG's involvement in the underlying matter. While the appeal was pending, Coleman left Mandelbaum and joined DLG. On February 11, 2021, the United States Court of Appeals for the Eleventh Circuit affirmed the November 19, 2019 Order of Dismissal.

On April 12, 2021, CAIR filed a Joint Motion for Entitlement to Attorney's Fees based on the Plaintiffs' rejection of the Offer for Judgment filed on October 2, 2019, seeking $152,943.72 in attorneys' fees and costs in its defense of that action. *See* Complaint, ¶26. On July 21, 2021,

Coleman and Defendant CRAIG YOUNG prepared and filed Plaintiffs' Opposition to CAIR's Motion for Attorney's Fees and Additional Costs. *See*, Complaint, ¶38.

On August 4, 2021, the Magistrate in the Underlying Lawsuit issued an order granting in part and denying in part CAIR's Joint Motion for Attorney's Fees and awarded a total of $124,423.37 in fees and costs *See*, Complaint, ¶39.  On February 3, 2022, the district court denied Plaintiffs' Objections to Magistrate's Order that granted in part and denied in part the CAIR Parties' Joint Motion for Attorney's Fees.

On September 30, 2022, the Eleventh Circuit Court of Appeals affirmed the District Court and Magistrate's order awarding fees and costs to CAIR.  *See*, Complaint, Ex. B.  Importantly, the 11th Circuit Court of Appeal that "the magistrate judge nevertheless conducted a thorough investigation of the costs and fees claimed by CAIR…Illoominate received a reasonable and fair-minded assessment from the reviewing magistrate judge."  *See¸ Illoominate Media, Inc. v. CAIR Florida, Inc.*, 22-10718, 2022 WL 4589357, at *4 (11th Cir. Sept. 30, 2022).

It is undisputed, that Coleman's employment with DLG occurred after the acts and omissions that allegedly exposed Plaintiffs to paying CAIR's legal fees. At the time of DLG hired Coleman, the only remaining issue was a final judicial determination of entitlement and the amount of fees to be paid. Nonetheless, Plaintiffs allege that DLG was negligent by failing to provide Plaintiffs with an accurate and competent assessment of the merits of CAIR's suit and by failing to appropriately challenge CAIR's Joint Motion for Attorneys' Fees that allegedly resulted in damages "in excess of $284,423.37." *See*, Complaint, ¶¶63-64.

In addition to professional negligence, Plaintiffs concoct a new cause of action from whole cloth in Count 5 of the Complaint – "gross professional negligence" – that is based on the same allegations as their claims for professional negligence.  *See*, Complaint, ¶78. While "Gross

Negligence" exists under Florida Law, the distinction between negligence and "gross" negligence is generally only recognized in the context of claims for punitive damages and workman's compensation immunity. To that end, a claim of "gross" as opposed to "regular" professional negligence, is not a separate cause of action. Plaintiffs further allege DLG breached its fiduciary duty to the Plaintiffs by "failing to exercise reasonable care" in litigation the suit against the CAIR Partes. *See*, Complaint, ¶96.

Plaintiffs' allegations against DLG are demonstrably false and have no basis in law or fact. It is undisputed that DLG was not involved in the Underlying Lawsuit as it relates to CAIR's Offer of Judgment. Rather DLG employed Coleman after the Court had already awarded entitlement to fees and costs to CAIR. It is further undisputed that Coleman filed a response to CAIR's Joint Motion for Attorneys Fees and the Court, upon analysis of CAIR's motion, reduced the claim by 20% finding the remaining amount to be reasonable.

Plaintiffs and their counsel knew or should have known that the Verified Amended Complaint is not supported by the facts, nor is the Verified Amended Complaint cognizable as a matter of law. Accordingly, Plaintiffs and their counsel should be compelled to pay reasonable attorneys' fees pursuant to §57.105, Fla. Stat.

§57.105, Fla. Stat., provides that a Court shall award attorney's fees against a party and its attorney, in equal amounts:

> on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> > (a)   Was not supported by the material facts necessary to establish the claim or defense; or
> >
> > (b)   Would not be supported by the application of then-existing law to those material facts.

4

Fla. Stat § 57.105(1).

If an attorney raises claims that he knows, or should know, are not supported by the material facts, her/his actions are sufficient under § 57.105 to find the claim is frivolous. *Ferdie v. Isaacson,* 8 So. 3d 1246 (Fla. 4th DCA 2009); *Yakavonis v. Dolphin Petroleum, Inc.,* 934 So. 2d 615 (Fla. 4th DCA 2006). *See also*, *S. Bay Lakes Homeowners Ass'n, Inc. v. Wells Fargo Bank, N.A.*, 53 So. 3d 1239, 1241 (Fla. 2d DCA 2011) ("At a minimum, the association established a prima facie case that the bank or its attorneys knew or should have known that the bank had no standing to bring this lawsuit before the association served its motion for attorney's fees."). "The word 'shall' in section 57.105 has been found to evidence the legislative intent to impose a mandatory penalty in the form of reasonable attorney's fees to discourage baseless claims, by placing a price tag on losing parties who engage in these activities." *Albritton v. Ferrera*, 913 So. 2d 5, 8-9 (Fla. 1st DCA 2005) (emphasis in original).

DLG has retained the services of undersigned counsel for the purpose of litigating Plaintiffs' claims, including asserting all defenses. Contemporaneous with the service of this motion, undersigned counsel served a 21-day safe harbor notice on counsel for Plaintiffs. Undersigned counsel will only file this Motion in the event that Plaintiffs fail to dismiss their Verified Amended Complaint against DLG within the 21-day safe-harbor period. DLG reserves the right to supplement and amend this Motion as necessary.

WHEREFORE Defendant, DHILLON LAW GROUP, INC, respectfully requests that the Court grant this Motion for Sanctions Pursuant to §57.105, Fla. Stat., award DLG its attorneys' fees for having to defend against Plaintiffs, LAURA LOOMER and ILLOOMINATE, LLC, and her counsel, and award any other relief the Curt deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Counsel for Plaintiffs via e-mail on October 23, 2024, on the address set forth on the below Service List.

**SHENDELL & POLLOCK, P.L.**
*Attorneys for the Defendant DLG*
2700 North Military Trail, Suite 150
Boca Raton, Florida 33431-1809
Tel: 561 241-2323
Fax: 561-241-2330

By: */s/ Seth A. Kolton*
**Seth A. Kolton, Esq.**
Florida Bar No. 0021045
seth@shendellpollock.com
donna@shendellpollock.com
grs@shendellpollock.com

**SERVICE LIST**
**50-2023-CA-10810-XXXX-MB**

Larry Klayman, Esq.
*Counsel for Plaintiff, Laura Loomer and Illoominate Media, LLC*
Klayman Law Group, P.A.
7050 W. Palmetto Park Rd.
Boca Raton, FL 33433
leklayman@gmail.com

Blake S. Sando, Esq.
Sebastian A. Aguirre, Esq.
*Counsel for Defendants, Ronald Coleman and Mandelbaum Barrett, P.C.*
Cole, Scott & Kissane, P.A.
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
blake.sando@csklegal.com
sebastian.aguirre@csklegal.com

Craig W. Young, Esq.
*Counsel for Defendant, Craig William Young*
CWY Legal and Consulting, LLC
2500 Quantum Lakes Drive, Suite 100
Boynton Beach, FL 33426
craig@cwylegal.com