10/30/24, 9:51 AM Cohen&Green Mail - Settlement offer from DLG in Loomer, et al., v. Coleman, et al.; 15th Circuit (Fla.) Case No. 50-2023-CA-010...

Case 9:19-cv-81179-RAR Document 136-3 Entered on FLSD Docket 10/30/2024 Page 2 of 4



remy green <remy@femmelaw.com>

---

## Settlement offer from DLG in Loomer, et al., v. Coleman, et al.; 15th Circuit (Fla.) Case No. 50-2023-CA-010810-XXXX-MB

**remy green** <remy@femmelaw.com>  Thu, Oct 24, 2024 at 1:13 PM
To: Larry Klayman <leklayman@gmail.com>
Cc: Larry Klayman <klaymanlaw@gmail.com>, Asher Anderson <asher.andersonfw@gmail.com>, Darren Spielman <dspielman@conceptlaw.com>, Justin Sadowsky <jSadowsky@cair.com>, Omar Saleh <oSaleh@cair.com>, "Seth A. Kolton" <Seth@shendellpollock.com>

Hi Larry,

I am not saying you *did* confirm anything -- I am asking you to clarify.

So, let me try that again, this time saying "not confirm[ing]":

Are you not confirming because (1) you haven't spoken to your client, (2) because Ms. Loomer *does* intend to accept the new offer, or (3) are we talking past each other with double negatives and "not confirm" actually means you *are* confirming Ms. Loomer *will not* accept? I am genuinely just trying to understand your client's position, so we can accurately report it to the Court.

Perhaps if you want to give us a position to include verbatim on whether Ms. Loomer will accept the attached offer, that would be easier.

Additionally, I do want to be very clear that Ms. Loomer needs to know that -- in addition to the motion to compel she is already paying for -- both this *new* motion to compel and the appeal will increase the amount she needs to pay CAIR substantially.

Yours,

Remy.

---

**J. Remy Green**

　　　　*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---

10/30/24, 9:50 AM Cohen&Green Mail - Settlement offer from D&G in Loomer, et al. v. Loomer, et al. 11th Circuit (Fla.) Case No. 23-CA-010...



_____

On Thu, Oct 24, 2024 at 11:58 AM Larry Klayman <leklayman@gmail.com> wrote:
> I did not confirm anything. STOP LYING! Your games ironically have the effect of churning fees with your client.
>
> Larry Klayman, Esq.
>
> On Thu, Oct 24, 2024 at 9:55 AM remy green <remy@femmelaw.com> wrote:
>> Hi Mr. Klayman,
>>
>> To confirm, is you client refusing to accept the newly served offer (eg, the one served last night)?
>>
>> Yours,
>>
>> Remy.
>> _____
>> Sent from a mobile device, please excuse any thumbling or stumbling.
>> _____
>> J. Remy Green
>> *Partner*
>> | Cohen&Green P.L.L.C. | #FemmeLaw |
>> | remy@femmelaw.com (e) | (929) 888.9560 (direct) |
>> | (929) 888.9480 (p) | (929) 888.9457 (f) |
>> | honorific / pronouns: Mx. / they, their, them |
>> _____
>>
>>> On Oct 24, 2024, at 11:53 AM, Larry Klayman <leklayman@gmail.com> wrote:
>>>
>>> Ms. Green:
>>>
>>> Your continued threats are counterproductive and evidence of more violations of the rules of professional ethics, for which you and your client, Hamas supporting CAIR, will be held to account.
>>>
>>> That you represent CAIR is more than despicable, particularly as a Jew, since they have supported Hamas who wants to exterminate your people, as well as Christians and fellow "normal" Muslims who want to live in peace with Jews and Israel. Hamas is even an enemy of Saudi Arabia and the other Gulf States who signed the Abraham Accords, and want to coexist in peace.
>>>
>>> And, your email is a lie, since I did forward to you the offer of settlement of the Dillon Law Group.
>>>
>>> As for what occurred in the Southern District, that matter is on appeal by Ms. Loomer herself.
>>>
>>> You cannot hide behind Magistrate Judge Bruce Reinhart's illegal and coercive rulings any longer as his conduct will also be under review. He is biased against and apparently hates Ms. Loomer for her support of President Donald Trump and notwithstanding the illegality of the raid on President Trump's residence, his past is less than stellar, given his involvement in particular with Jeffrey Epstein. A simple Google search will back this up.
>>>
>>> Govern yourselves accordingly.

10/30/24, 9:50 AM Coban&Green Mail - Settlement offer from DLG in Loomer, et al., v. Loomer, et al., 6th Circuit (Fla.) Case No. 50-2023-CA-010...

Case 9:19-cv-81179-RAR Document 136-3 Entered on FLSD Docket 10/30/2024 Page 3 of 4

Larry Klayman, Esq.

On Thu, Oct 24, 2024 at 9:10 AM remy green <remy@femmelaw.com> wrote:
> Dear Mr. Klayman,
>
> I understand Ms. Loomer and Illoominate have been served with an offer to settle claims against Dhillon Law Group (DLG) for a total of $24,000.00 in the case above.
>
> I also note, once again, there has been a "substantive breach of th[e] Settlement" because "Plaintiffs" violated the command that they "shall keep CAIR ... up to date and informed about any settlement discussions, proceedings, and the like." ECF No. 103-1 Para. 3(a).
>
> We are directing, pursuant to CAIR's "substantive control of Plaintiffs' authority to settle *Coleman*, that Plaintiffs shall accept the $24,000.00 offer from DLG. *Id*, Para. 3(b); *see also,* ECF No. 128 at 4 ("The relevant terms I am bound by in their Settlement Agreement are that Defendants have "sign off power on; veto power over; and substantive control of Plaintiff's authority to settle Coleman. ... Ms. Loomer does not dispute that she refused to sign the Young Settlement Agreement or that the terms of her own Settlement Agreement call for contempt for failure to comply.").
>
> While I will not list all the reasons CAIR believes it necessary to compel this settlement, among them are (1) Plaintiffs' continued failure to provide even a single update about the case, and seeming attempts to hide settlement offers and (2) the disconnect between our settlement discussions and what you represented then about what Ms. Loomer would have done with competent legal advice about the offer of judgment and the testimony Ms. Loomer ultimately gave on that score (whether it was because that was what she actually meant or was merely a failure to prepare her to understand core questions that would be asked). *See, e.g.,* Loomer Dep. at 264:2-25 (Q: "...is there any way in your right mind that you would've accepted a dollar offer of judgment if it was presented to you in October 2019?" A: "No.").
>
> Please confirm that your clients (e.g., both Ms. Loomer and Illoominate) have accepted the offer, as directed. Because the offer expires in short order, if you do not confirm, we will need to make another motion, expedited this time.
>
> Finally, I would also ask that you please confirm Ms. Loomer understands the possibility she will owe CAIR several hundred thousand *more* dollars if you continue to litigate these issues in the scorched earth way you are. While our view is that it is a certainty she will pay that (and indeed, there are already some tens of thousands of dollars she will have to pay for the first motion to enforce), and that

would be the competent advice (the parallels to the underlying suit are striking here), at a minimum, we want to make sure she will not claim no one warned her there was *any* possibility she would owe CAIR significantly more money.

Yours,

Remy.

———————————————————————

**J. Remy Green**

    *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

———————————————————————



———————————————————————

📎 **CORR-57.105 Dhillon.pdf**
251K