IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _ull_ D.C.

NOV - 1 2024

ILLOOMINATE MEDIA, INC ET AL

Plaintiffs

v.

CAIR FLORIDA, INC., et al

Defendants.

Case Number: 9:19-cv-81179

### PLAINTIFF LAURA LOOMER'S MOTION TO STAY DEFENDANT'S EXPEDITED MOTION FOR CONTEMPT AND TO ENFORCE AND OPPOSITION TO MOTION FOR CONTEMPT

Plaintiff Laura Loomer hereby moves to stay consideration of and preliminarily opposes Defendants CAIR Foundation and CAIR Florida's Expedited Motion for Contempt and to Enforce (the "Motion") until she has had a chance to appeal the September 10, 2024 Order of Magistrate Bruce Reinhart ("Magistrate Reinhart") on Defendants' Motion to Compel Compliance. A Notice of Appeal was docketed in this Court on October 11, 2024 and is currently pending before the U.S. Court of Appeals for the Eleventh Circuit (24-13324) ("Eleventh Circuit").

At issue in the appeal is Magistrate Reinhart's order compelling compliance with the Settlement Agreement—the same Settlement Agreement that Defendants are seeking enforcement of in their Motion. Thus, the issue raised by the Defendants is not "collateral" to the pending appeal. Instead, the Defendants' Motion raises the exact same issues that are directly involved in the appeal. Furthermore, Defendants' assertion that the Notice of Appeal is invalid because it involves the order of a magistrate judge is invalid. Magistrate Reinhart's September 10, 2024 order is a final, appealable order. 28 U.S. Code § 636 states that:

a judge may designate a magistrate judge to hear and determine any pretrial

1

>matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

This statute provides a list of the types of motions where a magistrate judge is not permitted to issue a final order. Absent from this list is a Motion to Compel, and thus a magistrate such as Magistrate Reinhart has authority to issue a final order on a Motion to Compel.

Indeed, the ability to seek immediate appeal and relief from the Eleventh Circuit is necessary in the interests of justice and fundamental fairness as Magistrate Reinhart's September 10th order was erroneous. The finding that that the language of the settlement agreement between the parties in this case grants them authority to act in this unprecedented, illegal, and unethical fashion is simply untrue:

>**Veto Power and Settlement Authority**. CAIR shall have final sign off power on; veto power over, and substantive control of Plaintiffs' authority to settle *Coleman*, including through any offer of judgment. Plaintiffs may not settle *Coleman* without CAIR's written consent, and failure to obtain such consent is a substantive breach of this Settlement.

Nowhere in this provision are Defendants' granted authorization to secretly settle away Plaintiffs' substantive rights with the Defendants in the Malpractice Case. The plain language of this provision shows that Defendants have veto power and final say over whether to accept a settlement that has been worked out between Plaintiffs and the Defendants in the Malpractice Case. The practical effect of this provision – which is what both parties bargained for - is that both Plaintiffs and Defendants in this case must agree to any settlement in the Malpractice Case. It does not give the Defendants the right to accept a settlement in the Malpractice Case affecting Plaintiffs' rights that Plaintiffs would never have accepted. Even more, pursuant to subsection 3(c) of the Settlement Agreement, Exhibit A, "the amount due out of any recovery – whether by

2

settlement, judgment, or otherwise – **shall be the Full Amount Due….**" Defendants have violated the terms of the Settlement Agreement by attempting to settle away Craig Young's liability for a mere $5000.00, which is far short of the Total Amount Due. Thus, the illegal and unethical settlement agreement is void on this basis as well.

WHEREFORE, based on the foregoing, the Defendants' Motion must be stayed until the appeal to the Eleventh Circuit has been decided if it is not summarily denied as Ms. Loomer preliminarily opposes Defendants' Motion herein. If the stay is not granted by this Court Ms. Loomer will seek an immediate stay from the Eleventh Circuit and file a timely full opposition before this Court if the stay is not granted by the Eleventh Circuit.

Granting Ms. Loomer's motion herein is in the interests of justice and fundamental fairness.

Dated: October 31, 2024                                             Respectfully Submitted,

*Laura Loomer*
Laura Loomer
P.O. Box 651444
Vero Beach, FL 32965
laura@loomered.com

*Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2024 the foregoing was served on counsel for Defendants via U.S. mail at:

J. Remy Green
1639 Centre St., Ste. 216, Ridgewood NY 11385

*/s/ Laura Loomer*

October 31, 2024

Via U.S Mail

Ms. Angela E. Noble
Clerk of the Court
400 N. Miami Avenue
Miami, FL 33128

**Re: Illoominate Media, Inc., et. al v. CAIR Florida, Inc., et. al | 19-CV-81179**

Dear Ms. Noble:

I am enclosing one original for filing and one courtesy copy of *Plaintiff Laura Loomer's Motion to Stay Defendant's Expedited Motion for Contempt and to Enforce and Opposition to Motion for Contempt*. A courtesy copy has also been provided to Magistrate Bruce E. Reinhart.

Thank you for your professional courtesy.

Sincerely,

Laura Loomer

*Pro Se*

cc: J. Remy Green, Esq.

FedEx

**This envelope is only for FedEx Express® shipments.**

You can help us get your package safely to its destination by packing your items securely. Need help? Go to **fedex.com/packaging** for packing tips.

...edEx Express shipping document, the current FedEx Service ... conditions of carriage for complete terms, conditions, and

FedEx

TRK# 0201 7796 6334 8382

FRI – 01 NOV AA

PRIORITY OVERNIGHT

# XG PBIA

33401

FL – US PBI

...56297-435 ...B EXP 09/25

#6031736 10/31 58CJ6/2D2B/C6C4

337 1 10:30 B 11 01

ORIGIN ID:FPRA (520) 870-9791
LAURA LOOMER
PO BOX 651444
VERO BEACH, FL 32965
UNITED STATES US

SHIP DATE: 31OCT24
ACTWGT: 0.50 LB
CAD: 105024589/INET4535

BILL SENDER

TO MAGISTRATE JUDGE BRUCE E. REINHART
U.S. DISTICT COURT - S.D. FL
701 CLEMATIS STREET
WEST PALM BEACH FL 33401
(561) 514-3710 REF:
INV:
PO: DEPT:

FedEx Express

E

TRK# 0201 7796 6334 8382

FRI - 01 NOV 10:30A
PRIORITY OVERNIGHT

58CJ6/2D2B/C6C4


