UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ILLOOMINATE MEDIA, INC., a Florida Corporation, and<br><br>LAURA LOOMER, a Florida individual<br><br>Plaintiffs,<br><br>v.<br><br>CAIR FOUNDATION, a District of Columbia corporation, et. al.<br><br>Defendants. | Case No. 19-CV-81179<br><br>Judge Rodolfo A. Ruiz<br>U.S. District Judge<br><br>Judge Bruce E. Reinhart<br>U.S. Magistrate Judge |

**Defendants' Reply in Further Support of Expedited Motion
for Contempt and to Enforce and Opposition to Motion to Stay**

Defendants, CAIR FOUNDATION and CAIR FL Inc. (collectively CAIR or Defendants) submit this combined reply in further support of their motion for contempt (ECF No. 136) and in opposition to Plaintiff Laura Loomer's (herein Loomer) improper motion to stay (ECF Nos. 137 and 138). Plaintiff Illoominate Media, Inc. (herein Illoominate) has not filed any response to CAIR's motion nor does it join in Loomer's Motion to Stay.

As for the opposition, Plaintiff Loomer fails to cite any authority at all and completely fails to grapple with the appropriate legal standard: "A judge may--and should--enforce an un-stayed injunction while an appeal proceeds." *Union Oil Co. v Leavell*, 220 F3d 562, 565 (7th Cir 2000).[1] That Plaintiff has filed a (moot and improper) notice of appeal — one that does not even bring up the un-stayed injunction, no less (*id.*) — is simply not here or there. Plus, Ms. Loomer does not dispute that delay may well completely deny CAIR the benefit of the "substantive control" term in the Loomer/CAIR Settlement, and thus she provides no argument the Court should hold off on contempt.

---

[1] *Accord Taser Intl., Inc. v Phazzer Elecs., Inc.*, 2018 US Dist LEXIS 190783, at *1, n 1 (MD Fla May 4, 2018) (same, *citing Thornton v. Wahl*, 787 F.2d 1151 (7th Cir. 1986)); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 16 Federal Practice and Procedure § 3921.2 (2d ed. 1996).

1

As for Plaintiff Loomer's motion to stay improperly is joined with her Opposition brief and violates the Local Rules. Given her long history of violating the Court's Local Rules, it is clear this Court's prior and repeated warnings have had no effect on her compliance.

As further set out below and supported by the original moving papers, the Court should grant the motion for contempt and the Court should summarily deny Plaintiffs' motion to stay.

## Discussion

I. **Loomer's Opposition Offers No Cognizable Reason for the Court to Hold Off on Contempt.**

Plaintiff cites no authority in opposing CAIR's Motion for contempt. Standing alone, that "fail[ure] to elaborate or provide any citation of authority in support" of her arguments would be enough to grant the motion. *Flanigan's Enters. v Fulton County*, 242 F3d 976, 987, n 16 (11th Cir 2001). But the authority-free arguments Plaintiff Loomer does make only show why contempt is necessary at this stage.

A. **Plaintiff does not dispute that the underlying Loomer/CAIR Settlement remains unstayed, cannot be altered on appeal, and should be enforced.**

The bulk of Loomer's combined Opposition and Motion to Stay is focused on the concept of the Appeal and requested stay. So CAIR begins there. As set out in the moving papers, even where it is the underlying injunction that is appealed, a "notice of appeal does not stay enforcement of a district court's order," so "[a] judge may -- and should -- enforce an un-stayed injunction while an appeal proceeds." *Union Oil Co. v Leavell*, 220 F3d 562, 565 (7th Cir 2000); *see* ECF No. 136 at 8 n. 5.

Those cases cited in the moving brief are a closer call too, as they involve situations where the underlying injunction *has* been appealed. Here, by contrast, that underlying injunction has not been appealed. It was entered by the Court — on a motion Plaintiffs both consented to (ECF No. 105 at 1-2) — on September 5, 2023. ECF No. 106. Plaintiffs never appealed that order. Thus, there is no question that the underlying consent decree that is the Loomer/CAIR Settlement will continue to be in force regardless of what happens in Plaintiff Loomer's appeal.

2

So, the law on this issue is clear, and Loomer does not claim otherwise. Indeed, Loomer does not cite a single case where a Court found it lacked contempt jurisdiction over — as here — an un-appealed, un-stayed consent decree. Courts routinely hold parties in contempt for violating unstayed orders while those orders are on appeal. *See, e.g., Taser Intl., Inc. v Phazzer Elecs., Inc.*, 2018 US Dist LEXIS 190783, at *11 (MD Fla May 4, 2018). Were it otherwise, a Court's Orders — which fall back on the threat of contempt as the mechanism for enforcement — would be essentially meaningless where time is of any essence.

### B. Plaintiff Does Not Dispute that Time is of the Essence.

Loomer likewise does not dispute the urgency of this motion. Dhillon Law Group ("DLG"), one of the *Coleman* case defendants has offered $24,000.00 to settle its share of the *Coleman* litigation, but that offer expires on November 13, 2024. *See* ECF Nos. 136-1 and 136-2. That demand includes a demand that "file a Notice of Withdrawal as to all allegations and claims against DLG in the Verified Amended Complaint prior to the expiration of the twenty-one (21) day safe harbor period," in exchange for which, DLG "offer[s] the aggregate amount of $24,000 to settle this case with Plaintiffs, divided as follows: $19,000 to Plaintiff Laura Loomer and $5,000 to Plaintiff Illoominate Media, LLC." ECF No. 136-1 at 1-2. As set out in the *Coleman* state court litigation, DLG's role in the underlying litigation was negligible: It was the firm attorney Ron Coleman went to after most of the alleged malpractice already took place. So, the offer is significant, and there is a pending summary judgment motion that might change that $24,000.00 to $0.00.

As noted in the moving papers, "if Plaintiffs do not accept the DLG Offer within the 21 days, it is possible CAIR will never get the benefit of the [Loomer/CAIR] Settlement as to DLG," since Plaintiffs have asserted they have no funds to pay anything. ECF No. 136 at 3. Indeed, Illoominate's continuing default seems to emphasize that Plaintiff will not be able to. Loomer failed to respond to this topic in the Opposition brief.

In short, CAIR may never get what it bargained for in the Loomer/CAIR Settlement if

Plaintiffs do not accept the DLG Offer before the deadline. And Plaintiff Loomer does not dispute this. Instead, she simply demands more time to run out the clock — all because she simply does not *want* CAIR to receive the benefit of the Loomer/CAIR Settlement. That Loomer's goal is just more delay, which is clear from her papers, her approach in state court, and the docket. The Court need not — and should not — enable that approach.

Loomer attempts to rely on an argument about how that the Court should interpret the "Veto Power and Settlement Authority" provision of the Loomer/CAIR Settlement agreement. However, this attempt is unsupported by any law or statute and fails in its basic approach. Loomer seeks to add a provision of the Agreement by including the concept that CAIR's power only occurs once "settlement that has been worked out between Plaintiffs and the Defendants in the Malpractice" (ECF No. 137 at 2).

Loomer's other argument revolves around a newly introduced topic about the "Full Amount." Like every other portion of Loomer's brief it is unsupported by fact and law. The relevant term — titled "Amount and Priority" — provides a floor for what Plaintiffs owe CAIR "out of any recovery," not a limit on CAIR's ability to decide to take less, as made clear by its clause that "CAIR shall be entitled to be paid in full before any funds are used for any other purpose whatsoever." ECF No. 105-1 ¶ 3(c).[2] As a result, Loomer's Opposition brief fails to meet a basic degree of support and should result in the granting of CAIR's requested relief.

## II. The Court Should Deny the Motion to Stay.

### A. The Court Should Summarily Deny the Motion to Stay for Failure to Comply with the Local Rules, and Should Follow Through on its Caution that Failure to Follow the Local Rules will Result in Sanctions.

In a combined improper motion, Ms. Loomer says "Defendants' Motion must be stayed until the appeal to the Eleventh Circuit has been decided.".

---

[2] If it was intended to be a floor, the "Veto Power and Settlement Authority" term makes no sense, since it could simply be replaced by a term saying, "Plaintiffs shall settle upon receiving an offer for the Full Amount Due, and may not settle for less."

4

Not only does she cite no authority for this request, but she once again fails to comply with what the Local Rules require for motions, including a meet and confer prior to filing said motion and a certificate of conferral in the motion. No such certificate could be included by Loomer because she also violated the local rule by never meeting and conferring with counsel for each Defendant, let alone even requested such a conference. The Court has already denied multiple motions summarily for this reason (among others). *See, for example,* ECF No. 117 and 119. And in its substantive order, it repeatedly noted Ms. Loomer's continuing failure to follow the Local Rules, noting no fewer than three motions made "without conferral" on the same issue. ECF No. 128 at 2-3.

Per Local Rule 7.1(3), "Prior to filing any motion in a civil case... counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." Plaintiffs violated this rule's plain command and that violation merits denial. *See, e.g., Parker v Parker*, 829 F App'x 389, 392 (11th Cir 2020) ("We also see no abuse of discretion in the denial of Lori's motion to compel for failure to comply with Local Rule 3.01(g)"); *see also, Nanotech Entertainment, Inc. v R&T Sports Mktg.*, 2014 US Dist LEXIS 196418, at *9 (SD Fla Sep. 23, 2014) ("the impact of a party's failure to comply with Rule 7.1(a)(3) is ultimately left with the discretion of the Court").

This is not the first time for such failures by Plaintiffs. Previously, the Court warned Plaintiffs the effect it would have if they do not follow the Local Rules, including the imposition of sanctions. *See, e.g.*, ECF No. 115 ("Additionally, while Ms. Loomer is proceeding pro se she is still required to comply with the Local Rules and failure to do so may result in sanctions."); ECF No. 75 (striking another of Plaintiffs' motions for failure to follow Local Rule 7.1(3)). In short, the Court has summarily denied and stricken multiple motions, yet Plaintiffs' endless violation of the Local Rules continue apace.

For these reasons alone, the Court should summarily deny the motion.

### B. Plaintiff Cannot Meet the Standard for a Stay.[3]

A party seeking a stay must show "likelihood of success" as "the first prong of the stay standard." *NAACP v City of Jacksonville*, 2023 U.S. App. LEXIS 478, at *8 (11th Cir Jan. 6, 2023). And for multiple reasons, Loomer simply cannot do so here.

First, her motion — once again — attempts to write the core "substantive control" term out of the Loomer/CAIR Settlement. After listing that the consent decree provides that "CAIR shall have final sign off power on; veto power over, **and substantive control of** Plaintiffs' authority to settle *Coleman*," Plaintiff's recitation of the rights the consent decree provides simply omits "substantive control": "The plain language of this provision shows that Defendants have veto power and final say over whether to accept a settlement." ECF No. 137. Since Plaintiff cannot rewrite the consent decree, she has no possibility of success on the merits.

Second, the Eleventh Circuit is without jurisdiction to hear Plaintiff's appeal. *United States v Lang*, 836 F App'x 823, 824 (11th Cir 2020). Here, Plaintiff attempts to argue that this Court's Order was a "final order" under 28 U.S.C. § 636. ECF No. 137 at 2-3. As it happens, the Eleventh Circuit addressed and rejected exactly this argument, in the very case cited in the moving papers:

> "Unlike the reports and recommendations addressed in this Court's local rule 3-1, which the district court must adopt or reject, the magistrate judge's orders at issue here do not require the district court to take any action unless they are appealed. *See Schultz*, 565 F.3d at 1361. Absent an appeal to the district court, we lack jurisdiction to review the magistrate judge's orders in this case."

*Lang*, 836 F App'x at 825. That is, as explained in *Lang*, the distinction Loomer identifies goes to whether she was required to file objections (if the Court issued a Report and Recommendation) or an

---

[3] Given the continued failure to comply with the Local Rules, along with Plaintiffs' accusation that CAIR is "churning fees" (ECF No. 136-3 at 2), Defendants do not spend much additional time outlining the substantive standard on a stay motion that Ms. Loomer fails to cite here in support of her stay request (which she could not meet), since a party that "fail[s] to elaborate or provide any citation of authority in support" of an argument "ha[s] waived th[at] argument." *Flanigan's Enters. v Fulton County*, 242 F3d 976, 987, n 16 (11th Cir 2001); *see also, e.g., Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (an argument "without citation to authority is insufficient to raise the issue before this court").

appeal (to an Order).[4] *Compare* Fed. R. Civ. P. 72(a)[5] *with* Fed. R. Civ. P. 72(b).[6] But Loomer *was* required to file something within 14 days.  Once she failed to, per *Lang*, "[b]ecause the district court had no opportunity to review the magistrate judge's … there is no district court decision for [the Circuit] to review [a]nd [it] cannot review the magistrate judge's orders directly." 836 F App'x at 825. Since Loomer failed to appeal the Court's Order to Judge Ruiz, the Eleventh Circuit — as a matter of law — lacks jurisdiction.  Thus, here too, Loomer has no possibility (let alone probability) of success on the merits.

Next, Loomer argues that somehow the "Full Amount Due" term prohibits CAIR from exercising its "substantive control" to settle with any individual Defendant for less than the collective total owed to CAIR (ECF No. 137 at 2-3). However, the argument does not appear anywhere in Loomer's opposition to the previous contempt motion (*see* ECF No. 109 at 1-4 (not mentioning "Full Amount Due"), so, since the Eleventh Circuit may not consider it, it provides no basis for a showing of probability of success. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Beyond that, as stated above, the argument makes little sense. Loomer's argument on this concept is unsupported, and that reading is waived anyway.

Finally, Loomer is ***not*** seeking to stay anything that is on appeal:  She is attempting to stay enforcement of the un-appealed consent decree.  Nothing in the pending appeal could modify the underlying Loomer/CAIR Settlement, so Loomer has no probability of success relevant to the DLG

---

[4] While that distinction exists, contrary to Plaintiff's suggestion, SDFL Magistrate Rule 4(a) is not about ***objections***, but any "appeal of non-dispositive matters."
   Rule 4(a) refers back to any "order determining a motion or matter under subsection 1(c) of these rules," which in turn provides for how a magistrate "may hear and determine any procedural or discovery motion or other pretrial matter in a civil or criminal case" (SDFL Magistrate Rule 1(c)), by contrast to the non-final orders under SDFL Magistrate Rule 1(d).

[5] "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy."

[6] "A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."

7

Offer, regardless of what happens with the separate Young Settlement on appeal.

In sum, Loomer has shown no probability she will succeed on appeal, so she does not make the required showing for a stay.

### Conclusion

As set out above, Loomer's opposition fails to include factual or legal support and only emphasizes why contempt is essential here, given the time limits on the DLG Offer. Further, there is no reason for the Court to consider a stay when Plaintiffs have repeatedly violated the Court's Rules and Orders directing compliance with those rules. Instead, Defendants defer to this Court's determination of appropriate sanctions to compel future compliance with the Rules. Defendants request that the Court grant its underlying motion and deny Loomer's motion to stay.

Dated: November 4, 2024

Respectfully submitted,

BY: /s/ Darren Spielman
Darren Spielman (FBN 010868)
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue
Suite 500
Fort Lauderdale, FL 33309
(754) 300-1500
dspielman@conceptlaw.com
*Counsel for CAIR Florida, Inc.*

Remy Green (*admitted pro hac vice*)
COHEN&GREEN P.L.L.C
1639 Centre St.
Suite 216
Ridgewood, NY 11385
(929) 888-9480

CAIR LEGAL DEFENSE FUND
LEFA F. MASRI (DC: 1000019)
JUSTIN SADOWSKY (DC: 977642)
453 New Jersey Ave, SE

                                                Washington, DC 20003
                                                Phone: (202) 742-6420
                                                ldf@cair.com

*Counsel for CAIR Foundation*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 4, 2024, I have filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                */s/ Darren Spielman*

                                                Darren Spielman

via U.S. Mail to:
Pro Se
Laura Loomer
2046 Treasure Coast Plaza
Suite A #138
Vero Beach, FL 32960