IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY\_\_\_MC\_\_\_D.C.

NOV - 4 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ILLOOMINATE MEDIA, INC ET AL

Plaintiffs

v.

CAIR FLORIDA, INC., et al

Defendants.

Case Number:   9:19-cv-81179

**PLAINTIFF LAURA LOOMER'S MOTION TO STAY DEFENDANT'S EXPEDITED MOTION FOR CONTEMPT AND TO ENFORCE AND OPPOSITION TO MOTION FOR CONTEMPT**

Plaintiff Laura Loomer hereby moves to stay consideration of and preliminarily opposes Defendants CAIR Foundation and CAIR Florida's Expedited Motion for Contempt and to Enforce (the "Motion") until she has had a chance to appeal the September 10, 2024 Order of Magistrate Bruce Reinhart ("Magistrate Reinhart") on Defendants' Motion to Compel Compliance. A Notice of Appeal was docketed in this Court on October 11, 2024 and is currently pending before the U.S. Court of Appeals for the Eleventh Circuit (24-13324) ("Eleventh Circuit").

At issue in the appeal is Magistrate Reinhart's order compelling compliance with the Settlement Agreement—the same Settlement Agreement that Defendants are seeking enforcement of in their Motion. Thus, the issue raised by the Defendants is not "collateral" to the pending appeal. Instead, the Defendants' Motion raises the exact same issues that are directly involved in the appeal. Furthermore, Defendants' assertion that the Notice of Appeal is invalid because it involves the order of a magistrate judge is invalid. Magistrate Reinhart's September 10, 2024 order is a final, appealable order. 28 U.S. Code § 636 states that:

a judge may designate a magistrate judge to hear and determine any pretrial

1

matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

This statute provides a list of the types of motions where a magistrate judge is not permitted to issue a final order. Absent from this list is a Motion to Compel, and thus a magistrate such as Magistrate Reinhart has authority to issue a final order on a Motion to Compel.

Indeed, the ability to seek immediate appeal and relief from the Eleventh Circuit is necessary in the interests of justice and fundamental fairness as Magistrate Reinhart's September 10th order was erroneous. The finding that that the language of the settlement agreement between the parties in this case grants them authority to act in this unprecedented, illegal, and unethical fashion is simply untrue:

> **Veto Power and Settlement Authority**. CAIR shall have final sign off power on; veto power over, and substantive control of Plaintiffs' authority to settle *Coleman*, including through any offer of judgment. Plaintiffs may not settle *Coleman* without CAIR's written consent, and failure to obtain such consent is a substantive breach of this Settlement.

Nowhere in this provision are Defendants' granted authorization to secretly settle away Plaintiffs' substantive rights with the Defendants in the Malpractice Case. The plain language of this provision shows that Defendants have veto power and final say over whether to accept a settlement that has been worked out between Plaintiffs and the Defendants in the Malpractice Case. The practical effect of this provision – which is what both parties bargained for - is that both Plaintiffs and Defendants in this case must agree to any settlement in the Malpractice Case. It does not give the Defendants the right to accept a settlement in the Malpractice Case affecting Plaintiffs' rights that Plaintiffs would never have accepted. Even more, pursuant to subsection 3(c) of the Settlement Agreement, Exhibit A, "the amount due out of any recovery – whether by

2

settlement, judgment, or otherwise – **shall be the Full Amount Due....**" Defendants have violated the terms of the Settlement Agreement by attempting to settle away Craig Young's liability for a mere $5000.00, which is far short of the Total Amount Due. Thus, the illegal and unethical settlement agreement is void on this basis as well.

WHEREFORE, based on the foregoing, the Defendants' Motion must be stayed until the appeal to the Eleventh Circuit has been decided if it is not summarily denied as Ms. Loomer preliminarily opposes Defendants' Motion herein. If the stay is not granted by this Court Ms. Loomer will seek an immediate stay from the Eleventh Circuit and file a timely full opposition before this Court if the stay is not granted by the Eleventh Circuit.

Granting Ms. Loomer's motion herein is in the interests of justice and fundamental fairness.

Dated: October 31, 2024                           Respectfully Submitted,

*Laura Loomer*
Laura Loomer
P.O. Box 651444
Vero Beach, FL 32965
laura@loomered.com

*Pro Se*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of October, 2024 the foregoing was served on counsel for Defendants via U.S. mail at:

J. Remy Green
1639 Centre St., Ste. 216, Ridgewood NY 11385

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

| | |
|---|---|
| ILLOOMINATE MEDIA, INC., a Florida Corporation, and LAURA LOOMER, a Florida individual<br><br>Plaintiffs,<br><br>v.<br><br>CAIR FOUNDATION, a District of Columbia corporation, et. al.<br><br>Defendants. | Case No. 19-CV-81179<br><br>Judge Rodolfo A. Ruiz<br>U.S. District Judge<br><br>Judge Bruce E. Reinhart<br>U.S. Magistrate Judge |

## NOTICE OF FILING STIPULATION AND PROPOSED ORDER

Defendants, CAIR Florida, Inc. and CAIR Foundation (collectively, "CAIR" or "CAIR Defendants"), by and through undersigned counsel, and pursuant to this Court's orders dated May 3, 2013 (ECF 90) and July 26, 2023 (ECF 102), submit this Notice of Filing Stipulation and Proposed Order.

On May 3, 2023, this Court granted CAIR's motion to compel compliance (ECF 87) from Plaintiffs, Illoominate Media, Inc. and Laura Loomer (collectively, "Plaintiffs), with this Court's Order for final judgment issued February 13, 2023 (ECF 84).

On May 15, 2023, Plaintiffs filed their notice of compliance with ECF 90 (ECF 91) which the CAIR Defendants later objected to on May 19, 2023, (ECF 92) followed later by Plaintiffs' response to CAIRs' objection on May 19, 2023 (ECF 93).

Since then, CAIR has sought a total of three extensions of time (ECF 97, ECF 99, and ECF 101) to collectively extend the deadline to August 9, 2023 (ECF 102) for CAIR to file its reply in support of its original objection to Plaintiffs' Notice of Compliance (ECF 92).

1

CAIR now hereby files this Notice of Filing of an executed Stipulation and Proposed Order between the CAIR Defendants and Plaintiffs. A copy of the same is attached hereto as **Exhibit A**. Defendants request that this Court enter said attached Stipulation and Proposed Order.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(A)(3), undersigned counsel for Defendants certifies that their office has conferred with Plaintiffs via email and that Plaintiffs have indicated that they consent to the relief requested in accordance with the Stipulation.

Dated: August 9, 2023                                              Respectfully submitted,

BY: /s/ *Darren Spielman*
Darren Spielman
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue
Suite 500
Fort Lauderdale, FL 33309
(754) 300-1500
dspielman@conceptlaw.com

Remy Green (*admitted pro hac vice*)
COHEN&GREEN P.L.L.C
1639 Centre St.
Suite 216
Ridgewood, NY 11385
(929) 888-9480

CAIR LEGAL DEFENSE FUND

LEFA F. MASRI (DC: 1000019)
JUSTIN SADOWSKY (DC: 977642)
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
ldf@cair.com

*Counsel for CAIR-Florida, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2023, I have filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Darren Spielman*
Darren Spielman

**SERVICE LIST:**

Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Telephone: (561)558-5336
Email:leklayman@gmail.com
Ron Coleman
Dhillon Law Group, Inc.
347-996-4840
RColeman@dhillonlaw.com
646-358-8082
256 5th Ave., 4th Floor
New York, NY 10001

Craig W. Young, Esq.
CWY Legal & Consulting, LLC
2500 Quantum Lakes Dr., Suite 100,
Boynton Beach, FL 33426
Tel: (561) 568-1000
Email: Craig@cwylegal.com

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
─────────────────────────────────X
Illoominate Media, LLC,[1] et al.,

                Plaintiffs,

   - against -

CAIR Florida, Inc., et al.

                Defendants.
─────────────────────────────────X

Case No. 9:19-cv-81179

**STIPULATION AND
[PROPOSED] ORDER
OF SETTLEMENT**

WHEREAS, Plaintiffs Illoominate Media, LLC and Laura Loomer ("Illoominate" and "Loomer" respectively; together, "Plaintiffs") filed this suit against Defendants CAIR Florida, Inc., CAIR Foundation, Twitter, Inc., and John Does 1-5 (CAIR Florida and CAIR Foundation together, "CAIR");

WHEREAS, Plaintiff voluntarily dismissed Twitter without service, and never identified or served John Does 1-5 (*see* ECF No. 1 at 1);

WHEREAS, CAIR removed this case to the Southern District of Florida;

WHEREAS, CAIR has since obtained a final judgment in the amount of $124,423.37, plus interest, against Plaintiffs (ECF No. 84; the "Judgment");

WHEREAS, CAIR has incurred the following costs and attorneys' fees in enforcing the Judgment, totaling $20,508.50.00 (the "Enforcement Costs"), as follows:
- Attorneys' fees of $16,452.50:
    - Remy Green (@$500/hr, for 23.8 hours), $11,900.00;
    - Justin Sadowsky (@555/hr, for 3.5 hours), $1,942.50;
    - Darren Spielman (@$300/hr, for 9.7), $2,610.00;
- Costs of:
    - $3,150.00, from BitCoin expert fees;
    - $906.00 as taxed (ECF No. 47).

WHEREAS, with attorneys' fees, and costs, the full sum due as of the date of signing is $144,931.87.00, plus interest at the statutory rate of 5.52% per annum, from August 4, 2021 (ECF No. 66), until the date of payment (with interest, this is the "Full Amount Due");

---
[1] Misnamed in the initial filing as "Illoominate Media, Inc."

WHEREAS, Plaintiffs and CAIR (each a "Party"; together, the "Parties") wish now to settle the remaining disputes as to payment of that judgment, on the terms and conditions below;

WHEREAS, Plaintiffs have filed a suit against their prior counsel, styled *Loomer et al v. Coleman et al.*, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("*Coleman*");

WHEREAS, each Party in this matter has been represented by counsel, has had time to review the terms of this Stipulation and Order of Settlement, and agrees both Parties have received good and valuable consideration hereunder;

NOW THEREFORE, the parties agree as follows:

1. **Payment.** Plaintiffs shall make a total payment of $73,500.00, as follows:

   a. **Initial Payment.** Prior to the filing of this Stipulation and Proposed Order of Settlement ("Settlement"), Plaintiffs shall make a payment of $12,000.00 (the "Initial Payment"), by way of paper check sent to 453 New Jersey Ave SE, Washington, DC 20003, within 5 business days of receiving fully executed copy of this Settlement. Neither Party may file a copy of this Settlement until the Initial Payment is made, and this Settlement shall not be effective, even if filed, until the Initial Payment has been made. Failure to make the Initial Payment shall be a substantive breach of this Settlement.

   b. **Payment Over Time.** Plaintiffs shall, in monthly installments of $1,200 (or, in the case of the final payment, the remaining amount due), pay a total of $61,500.00. Those payments shall be due on the 5th of the month each month, starting with the first 5th of a month that is at least 20 days after the Initial Payment set out above.

   c. **Notice and Cure.** If Plaintiffs miss a payment under ¶ 1(b), Defendants may send a notice that the payment was missed, by email, to Plaintiffs' counsel at klaymanlaw@gmail.com. Once that email has been sent, Plaintiffs shall cure the missed payment within 5 business days. If the missed payment is not cured within those 5 business days, that missed payment is a substantive breach of this Settlement.

2. **Non-Disparagement.**

    a. **Disparagement Bar.** Plaintiffs shall never make any comments, of any kind, about CAIR in the future. Violation of this provision shall be a substantive breach of this Settlement.

    b. **Waiver.** To the extent this clause has any issues with enforceability, Plaintiffs waive all objections thereto that are waivable.

    c. **Voluntary Steps to Avoid Enforceability Objections.** Plaintiffs commit that they shall take any and all voluntary steps that are necessary to avoid creating any issues with enforceability of this agreement. This provision shall be enforceable through specific performance and in equity, subject to CAIR identifying such steps. Failure to take such voluntary steps, once they are identified, shall be a substantive breach of this Settlement.

    d. **Exceptions for Responses.** Plaintiffs may publicly respond to any specific statement by Defendants or their authorized agents that discuss Plaintiffs by name. Plaintiffs may not use the exception for such responses to begin making general comments about Defendants outside of responding to the specific statement.

3.    *Coleman* **Resolution.** Plaintiffs shall, upon any recovery in *Coleman*, become immediately liable for the Full Amount Due (with credit for all payments Plaintiff has made under ¶ 1 to that date) as follows:

    a. **Information.** Plaintiffs shall keep CAIR, by and through CAIR's undersigned counsel, up to date and informed about any settlement discussions, proceedings, and the like in *Coleman*; and Plaintiffs shall give CAIR reasonable notice before any settlement. Failure to provide such reasonable updates shall be a substantive breach of this Settlement.

    b. **Veto Power and Settlement Authority.** CAIR shall have final sign off power on; veto power over; and substantive control of Plaintiffs' authority to settle *Coleman*, including through any offer of judgment. Plaintiffs may not settle *Coleman* without CAIR's written consent, and failure to obtain such consent is a substantive breach of this Settlement.

    CAIR shall not exercise its rights under this paragraph to veto any settlement where the monetary component of the settlement provides CAIR with the Total Amount Due as of the date of such settlement.

3

    c. **Amount and Priority.** As set out above, the amount due out of any recovery — whether by settlement, judgment, or otherwise — shall be the Full Amount Due (less credit for any payments under ¶ 1 above), and CAIR shall be entitled to be paid in full before any funds are used for any other purpose whatsoever.

    d. **Escrow.** Any recovery, whether by settlement, judgment, or otherwise, in *Coleman* shall be paid into an escrow account established for this purpose by Plaintiffs' counsel (or otherwise, upon agreement), and shall not be paid to Plaintiffs, or to any other person with a direct interest in the funds. If for any reason, Plaintiffs, or their agents, assigns, employees, or other persons within their control receive the funds, Plaintiffs shall immediately place the funds into escrow. A failure to abide by this condition is a substantive breach of this settlement. CAIR shall be entitled to take the Full Amount Due (less credit for any payments under ¶ 1 above) from escrow without further notice to Plaintiffs, and the Full Amount Due shall be considered the property of CAIR at all times.

4. **Retention of Jurisdiction to Enforce.** The Court retains jurisdiction to enforce the confidential non-disparagement term of this Settlement.

The Parties recognize the Court has discretion to reject this term, and should the Court do so, this Settlement shall be held in abeyance while the Parties discuss in good faith whether another enforcement mechanism is effective to achieve the aims of this Settlement. The availability of a robust enforcement term and mechanism are both necessary parts of the consideration the Parties have agreed to exchange, and therefore the Settlement would be ineffective without some enforcement mechanism.

5. **Enforcement.** Enforcement of this Settlement may be by contempt, and any substantive breach hereof shall be contempt of court.

    a. **Compliance and Contempt.** For the avoidance of doubt, an intentional violation of this Settlement shall constitute contempt of Court, except that Plaintiffs may raise a defense that compliance is "factually impossible" to any contempt proceeding. *See generally, Yimby, Inc. v. Fedak,* 2017 U.S. Dist. LEXIS 96700, at *9-10 (S.D.N.Y. June 22, 2017) ("a party may defend against a contempt by showing that compliance is factually impossible, but that party bears the burden of

production in raising the defense") (cleaned up); *Ramgoolie v. Ramgoolie*, 2020 U.S. Dist. LEXIS 33145, at *7 (S.D.N.Y. Feb. 25, 2020) (similar).

b. **Costs and Fees.** CAIR shall be entitled to its reasonable costs and attorneys' fees for any motion to enforce, which shall include any other work required (for example, without limitation, sending notices under ¶ 1(c)) in advance of such a motion.

c. **Equity and Contempt Jurisdiction.** Plaintiffs stipulate to and waive any objections to the Court's jurisdiction over enforcement of this Settlement, including the Court's contempt and equity jurisdiction.

6.     **Signatures and Counterparts.** This Settlement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed one and the same instrument. Electronic signatures shall be the same as any other signature.

**[SIGNATURES ON FOLLOWING PAGE]**

Dated: 7/14/2023, 2023

*Laura Loomer* (signature)
Laura Loomer

Duly sworn to before me on the 14 day of July, 2023

*Mark Healy* (signature)
Notary Public

[Notary Seal: Notary Public State of Florida, Mark S Healy, My Commission HH 283343, Expires 7/4/2026]
14 July, 2023

ILLOOMINATE MEDIA, LLC

*Laura Loomer, CEO* (signature)
By:

Duly sworn to before me on the 14 day of July, 2023

*Mark Healy* (signature)
Notary Public

[Notary Seal: Notary Public State of Florida, Mark S Healy, My Commission HH 283343, Expires 7/4/2026]
14 July, 2023

CAIR FLORIDA, INC.

(signature)
By: OMAR SALEH

Duly sworn to before me on the 24th day of July, 2023

(signature)
Notary Public

[Notary Seal: JOSHUA MATTHEW BABOOLA, Notary Public - State of Florida, Commission # HH 204248, My Comm: Expires Dec 5, 202_, Bonded through National Notary As_]

CAIR FOUNDATION

(signature)
By:

Duly sworn to before me on the 21st day of July, 2023

(signature)
Notary Public

[Notary Seal: LENA F. MASRI, NOTARY PUBLIC - MICHIGAN, OAKLAND COUNTY, ACTING IN THE COUNTY OF OAKLAND, MY COMMISSION EXPIRES 11/22/2024]

SO ORDERED:

_____
U.S.D.J.

6

October 31, 2024

Via U.S Mail

Ms. Angela E. Noble
Clerk of the Court
400 N. Miami Avenue
Miami, FL 33128

**Re: Illoominate Media, Inc., et. al v. CAIR Florida, Inc., et. al | 19-CV-81179**

Dear Ms. Noble:

I am enclosing one original for filing and one courtesy copy of *Plaintiff Laura Loomer's Motion to Stay Defendant's Expedited Motion for Contempt and to Enforce and Opposition to Motion for Contempt.* A courtesy copy has also been provided to Magistrate Bruce E. Reinhart.

Thank you for your professional courtesy.

Sincerely,

Laura Loomer

*Pro Se*

cc: J. Remy Green, Esq.

FedEx shipping label, Priority Overnight, tracking 7796 6333 6426, dated FRI - 01 NOV, addressed to Clerk of the Court, United States District Court, 400 North Miami Avenue, Miami, FL 33128.