IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ILLOOMINATE MEDIA, INC ET AL

Plaintiffs

v.

CAIR FLORIDA, INC., et al

Defendants.

Case Number: 9:19-cv-81179

FILED BY _____ D.C.
JAN 21 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFFS' MOTION TO ENTER FINAL JUDGMENT

Plaintiff Laura Loomer ("Ms. Loomer") hereby respectfully requests that the Honorable Rodolfo Ruiz enter Magistrate Judge Bruce Reinhart's September 10, 2024 order as a final, appealable order so that Plaintiffs may appeal this matter to the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit"). Plaintiffs had initially appealed Magistrate Reinhart's September 10, 2024 order pursuant to 28 U.S. Code § 636, which states that:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Under this statute, Plaintiffs believed and still believe that Magistrate Reinhart's order was already a final, appealable order, but this motion is now necessary because of the Eleventh Circuit's December 4, 2024 order dismissing Plaintiffs' prior appeal for lack of jurisdiction on the grounds that "[d]ecisions by a magistrate [judge] pursuant to 28 U.S.C. § 636(b) are not final orders and may not be appealed until rendered final by a district court."

ACCORDINGLY, Plaintiffs respectfully request that the Court expeditiously issue a

1

final, appealable order as per the Eleventh Circuit's December 4, 2024 order so that this critical issue may be heard on appeal, given that Ms. Loomer was forced under threat of contempt by Magistrate Reinhart to sign an agreement with Defendants that has severely prejudiced her rights.

Dated: January 17, 2025                                Respectfully Submitted,

                                                       *Laura Loomer*
                                                       Laura Loomer
                                                       P.O. Box 651444
                                                       Vero Beach, FL 32965
                                                       laura@loomered.com

                                                       *Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January, the foregoing was served on counsel for Defendants via U.S. mail at:

J. Remy Green
1639 Centre St., Ste. 216, Ridgewood NY 11385

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 24-13324

Non-Argument Calendar

_____

ILLOOMINATE MEDIA, INC.,
A Florida Corporation,

                                                                                                                               Plaintiff,

LAURA LOOMER,
A Florida Individual,

                                                                                                                  Plaintiff-Appellant,

*versus*

CAIR FLORIDA, INC.,
A Florida Corporation,
CAIR FOUNDATION,
A Distirct of Columbia Corparation,
TWITTER INC.,
A Delaware Corporation,

2            Opinion of the Court            24-13324

JOHN DOES 1-5,
CRAIG W YOUNG,

                                               Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-81179-RAR

_____

Before JORDAN, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

       This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Laura Loomer, proceeding *pro se*, appeals from various post-judgment orders issued by a magistrate judge as well as from "all other orders adverse" to her. We lack jurisdiction over this appeal because "[d]ecisions by a magistrate [judge] pursuant to 28 U.S.C. § 636(b) are not final orders and may not be appealed until rendered final by a district court." *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982); 28 U.S.C. § 636. Additionally, we lack jurisdiction to review any adverse order that was issued by the district judge because Loomer's notice of appeal is untimely to appeal from the last such ruling, which was the final judgment entered on February 13, 2023. *See Green v. Drug Enf't Admin.*,

| 24-13324 | Opinion of the Court | 3 |
|---|---|---|

606 F.3d 1296, 1300 (11th Cir. 2010); 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), (a)(7)(A); Fed. R. Civ. P. 58(a).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 04, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-13324-GG
Case Style: Laura Loomer v. Cair Florida, Inc., et al
District Court Docket No: 9:19-cv-81179-RAR

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons.** See 11th Cir. R. 40-3.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers
General Information:    404-335-6100    Attorney Admissions:         404-335-6122
Case Administration:    404-335-6135    Capital Cases:               404-335-6200
CM/ECF Help Desk:       404-335-6125    Cases Set for Oral Argument: 404-335-6141

OPIN-1 Ntc of Issuance of Opinion

```
ORIGIN ID:FPRA    (520) 870-9791       SHIP DATE: 17JAN25
LAURA LOOMER                           ACTWGT: 0.30 LB
PO BOX 651444                          CAD: 105024589/INET4535

VERO BEACH, FL 32965                   BILL SENDER
UNITED STATES US

TO  MS. ANGELA E. NOBLE
    CLERK OF THE COURT
    UNITED STATES DISTRICT COURT
    S.D. FLORIDA
    400 NORTH MIAMI AVENUE
    MIAMI FL 33128
    (305) 523-5510       REF:
    INV:
    PO:                  DEPT:
```

FedEx Express

MON - 20 JAN 10:30A
PRIORITY OVERNIGHT

TRK# 7715 1474 4136
0201

3C MPBA                 33128
              FL-US     MIA

After printing this label:
CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.