## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

**ILLOOMINATE MEDIA, INC.**, a Florida Corporation, and

**LAURA LOOMER,** a Florida individual

        Plaintiffs,

  vs.

**CAIR FOUNDATION,** a District of Columbia Corporation, et. al.

        Defendants.

Case No. 19-CV-81179

Judge Rodolfo A. Ruiz
U.S. District Judge

Judge Bruce E. Reinhart
U.S. Magistrate Judge

### OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT

Defendants, CAIR FOUNDATION and CAIR FL Inc. (collectively CAIR or Defendants) submit this combined Opposition to Plaintiffs' Motion for Judgment. On September 9, 2024, this Court, through the honorable Magistrate Judge Bruce E. Reinhart, entered an Order directing Plaintiffs "to execute documentation to finalize the Young Settlement Agreement on or before October 11, 2024." Dkt. 128 at 6. Although Plaintiffs could have appealed that decision to the District Court Judge within 14 days under Rule 72, they did not. Instead, to Plaintiffs' credit, they executed the Young Settlement Agreement. *See* Exhibit A.

Plaintiff Laura Loomer, (herein "Loomer") appealed Magistrate Judge Reinhart's Order to the 11th Circuit Court of Appeals, and such appeal was recently fully dismissed for lack of jurisdiction. (See Dkt 146 pps. 4-5). As a result, this Court is now faced with a motion seeking a "final judgment" in connection with Magistrate Judge Reinhart's Order. Plaintiffs' motion should be denied because (1) the request is moot, (2) is untimely and improper, and (3) is just the latest failure to follow the Local Rules and this Court's prior Orders. Plaintiffs actions herein are forcing an endless fight on a consent decree which Defendants sought consideration they bargained for therein.

1

Procedural Concerns

This Court is faced with this ongoing saga, partially because Plaintiffs (who are unrepresented) continue to confuse final orders and orders the Eleventh Circuit would have jurisdiction over. As the Circuit has explained:

> Unlike the reports and recommendations addressed in this Court's local rule 3-1, which the district court must adopt or reject, the magistrate judge's orders at issue here do not require the district court to take any action unless they are appealed. See Schultz, 565 F.3d at 1361. [But a]bsent an appeal to the district court, we lack jurisdiction to review the magistrate judge's orders in this case.

*United States v Lang*, 836 F App'x 823, 824 (11th Cir 2020).

Indeed, the Eleventh Circuit has even had occasion to explain this to Plaintiffs directly, during their first flurry of appeals. See *Illoominate Media et al v. CAIR Florida et al*, 21-13018-JJ (11th Cir. Nov. 9, 2021) (dismissing one of the prior appeals in this case, saying "We lack jurisdiction to directly review magistrate judge orders, and an appeal from the magistrate judge's order must first be taken to the district court"). Plaintiffs' claim, at this stage, that they "believed and still believe that Magistrate Reinhart's order was already a final appealable order" is not credible. More to the point, it is not one the Court need take seriously, because Plaintiffs have already received an explanation of the process, in this case, directly from the Eleventh Circuit itself. Nonetheless, after another wasted appeal before the Eleventh Circuit, Defendants find themselves back before this honorable Court.

Discussion

*First,* and most importantly, this request is moot. The Order sought by Plaintiffs is moot because in the September 9, 2024 Order, the ordered result was injunctive in nature. When an injunctive order requires an individual to do something and they have complied, there is nothing this Court or the Court of Appeals can do. *See Newman v. State of Ala.*, 683 F.2d 1312, 1317 (11th Cir. 1982) ("No action by this court could change what has been done, and federal courts are without power to

2

decide questions that cannot affect the rights of litigants in the case before them") (cleaned up); *see generally* Burnett v. Kindt, 780 F.2d 952, 954-55 (11th Cir. 1986).

To be clear, Defendants continue to seek attorneys' fees as a result of the proceedings that resulted in the September 9, 2024 Order. This Court took the attorneys fees component under advisement. (Dkt. 128 at 6). But a claim for attorneys fees does not keep an otherwise moot matter alive. *See generally Jefferson Cnty. Bd. of Educ. v. Bryan M.*, No. 2:14-CV-01064-MHH, 2016 WL 5940254, at *5 (N.D. Ala. Oct. 13, 2016). Instead, because Defendants won on the merits, the subsequent mooting of this specific matters by Plaintiffs' actions in executing the Young Settlement Agreement simply renders Defendants prevailing parties for purpose of fees. *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009). Therefore, Plaintiffs' relief sought herein is moot, as their own stated purpose of seeking an appeal is already foreclosed by their own compliance.

*Second*, the Eleventh Circuit has directly "held that where, as here, a litigant fails to timely challenge a magistrate judge's nondispositive order in the district court, the litigant loses his right to appeal that order." *Sanders v Wal-Mart Stores E., LP*, 754 F App'x 935, 936 (11th Cir 2019). Unquestionably, Plaintiffs never timely objected to the original Order, and importantly do not object to it in the instant motion. Therefore, seeking this Court to enter a final Order on Magistrate Judge Reinhart's underlying Order is ministerial at best. Plaintiffs seek to have this Court enter a final Order, so that they can appeal this matter <u>again</u> to the Eleventh Circuit Court of Appeals. The result though is that it necessarily anticipates a facially frivolous appeal, given the Eleventh Circuit's clear rule that a litigant that follows the course as Plaintiffs have, waived and "lose[ their] right to appeal." *Id.* In short, in the appeal Plaintiffs seek to file, the Eleventh Circuit will necessarily "lack jurisdiction to reach the merits of [any] challenges, … because in each instance [Plaintiffs] failed to appeal the contested magistrate orders to the district court." *Weaver v Mateer & Harbert, P.A.*, 523 F App'x 565,

567 (11th Cir 2013). *See also, e.g.*, *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007) (similar); *Grimsley v Hammack*, 256 F App'x 271, 274 (11th Cir 2007) (similar).

Plaintiffs' motion — read generously in favor of Plaintiffs can only result in a hollow final Order because Plaintiffs missed the time to challenge the September 9, 2024 Order. A Magistrate Judge's order (as opposed to report and recommendation) must be challenged within 14 days. See SDFL Magistrate Rule 4(a)[1], *cf. also, e.g., States v Lang*, 836 F App'x 823, 824 (11th Cir 2020) (explaining how challenges to Magistrate Judges' orders — as opposed to reports — must be filed before an appeal). Plaintiffs makes no effort to justify the delay of far beyond that time, or their failure to seek an extension upon first learning of the mistake. Rather, they have been on notice for many months and if they wanted to challenge the Order, the correct path was to first seek a final Order from this Court. *See, e.g.,* ECF No. 136 at 9-10; ECF No. 130 at 6. Defendants' counsel repeatedly attempted to explain this to Plaintiffs — and her former counsel (and current state court counsel) — throughout the entire period since the Order, including in emails on October 11, 2024, November 18, 2024, November 22, 2024, and December 12, 2024. As a result, even if this Court grants the relief sought and enters a final Order, it will not magically solve Plaintiffs' desired outcome of seeking an appeal. Since Plaintiffs sole and stated reason for this motion practice is to file an appeal, which said appeal is dead upon arrival due to waiver, this Court can consider denying the relief sought.

*Finally*, despite repeated warnings that sanctions will follow for failure to follow Local Rule 7.1(3), Plaintiffs continue to refuse to follow the Federal Rules, Local Rules, and the Orders of this Court. Defendants have spent countless hours and pages seeking compliance by Plaintiffs with the Rules, yet they persist in ignoring them and this Court. For example, Plaintiffs continually fail to adhere to the pre-filing conference requirement under Local Rule 7.1(3), including regarding the instant

---

[1] "Any party may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) of these rules, supra, within fourteen (14) days after being served with the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or District Judge."

motion. Plaintiffs violated this rule's plain command and that violation merits denial. *See, e.g., Parker v Parker*, 829 F App'x 389, 392 (11th Cir 2020) ("We also see no abuse of discretion in the denial of Lori's motion to compel for failure to comply with Local Rule 3.01(g)"); *see also, Nanotech Entertainment, Inc. v R&T Sports Mktg.*, 2014 US Dist LEXIS 196418, at *9 (SD Fla Sep. 23, 2014) ("the impact of a party's failure to comply with Rule 7.1(a)(3) is ultimately left with the discretion of the Court"). The Court has repeatedly warned Plaintiffs that sanctions will follow for continued violations of Local Rule 7.1(3). *See, e.g.,* ECF No. 115 ("Additionally, while Ms. Loomer is proceeding pro se she is still required to comply with the Local Rules and failure to do so may result in sanctions."); ECF No. 75 (striking another of Plaintiffs' motions for failure to follow Local Rule 7.1(3)). These violations of the Local Rules also extend to Plaintiffs continued failure to include the required certificate of conferral, which is also missing from the instant motion.

Further, Plaintiffs continue to file documents on behalf of both parties. However, as this Court has made abundantly clear, corporate Plaintiff Illoominate Media, Inc. cannot file anything without counsel. Plaintiff Loomer signed the instant motion, and she is not an attorney admitted to practice before this honorable Court. At a minimum, this Court should not entertain any motion from corporate Plaintiff Illoominate Media, Inc. and should deny any requested relief in connection with that party. The entire motion at issue though consistently refers to "Plaintiffs" in the plural and it is both Plaintiffs that continue to ignore the Local Rules and Order of this Court.

The Court can and should deny the motion as a consequence of Ms. Loomer's repeated and persistent failure to follow the Local Rules. Defendants strongly **urge** this Court to sanction Plaintiffs, as the repeated warnings alone have not caused any change in behavior by Plaintiffs.

## CONCLUSION

In summary, the instant motion is untimely and essentially meaningless, since the only stated purpose is for Plaintiffs to file another appeal. However, since the appeal will fail on its face, due to

Plaintiffs failure to seek this Court's review of the Magistrate Judge's Order within 14 days, this Court's final Order is essentially a rubber stamp. Further, the Order sought by plaintiffs is moot, as the underlying Magistrate Judge's Order has been satisfied through compliance. Lastly, Plaintiffs continued and blatant failures to comply with the Local Rules and this Court's Orders should serve to deny the requested relief. Wherefore, Defendants request that the Court deny the requested relief and enter sanctions against Plaintiffs.

January 27, 2025

Respectfully submitted,

BY: /s/ Darren Spielman
Darren Spielman (FBN 010868)
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue, Suite 500
Fort Lauderdale, FL 33309
(754) 300-1500
dspielman@conceptlaw.com
*Counsel for CAIR Florida, Inc.*

Remy Green *(admitted pro hac vice)*
COHEN&GREEN P.L.L.C
1639 Centre St. Suite 216 Ridgewood, NY 11385 (929) 888-9480

CAIR LEGAL DEFENSE FUND
LEFA F. MASRI (DC: 1000019)
JUSTIN SADOWSKY (DC: 977642)
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
ldf@cair.com

*Counsel for CAIR Foundation, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2025, I have filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>*Darren Spielman*</u>

Darren Spielman

via U.S. Mail to:

Pro Se Laura Loomer

2046 Treasure Coast Plaza

Suite A #138

Vero Beach, FL 32960