UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ILLOMINATE MEDIA, INC., and LAURA
LOOMER,

    Plaintiffs,

v.                                                Case No.: 19-CV-81179-RAR

CAIR FLORIDA, INC., and CAIR
FOUNDATION,

    Defendants.
_____/

## **DHILLON LAW GROUP INC.'S, MOTION TO INTERVENE**

DHILLON LAW GROUP, INC. ("DLG"), through counsel and pursuant to Fed. R. Civ. P. 24(b), files its Moton to Intervene in this case. As grounds in support hereof, DLG States:

    1.    This action arises from Plaintiffs,' ILLOMINATE MEDIA, INC., and LAURA LOOMER (collectively, "Loomer") claims against Defendants, CAIR FLORIDA, INC., and CAIR FOUNDATION (collectively, "CAIR") relating to allegations that CAIR caused Loomer to be suspended from Twitter n/k/a X.

    2.    The Court granted CAIR's Motion to Dismiss, but not before CAIR served an Offer of Judgment on Loomer. CAIR subsequently filed a Motion for Entitlement to Attorney's Fees (based on the Loomers' rejection of the Offer for Judgment) seeking $152,943.72 in attorneys' fees and costs in its defense of that action. The Court also granted in part and denied in part the CAIR Parties' Joint Motion for Attorney's Fees.

    3.    Thereafter, Loomer filed a professional negligence action against DLG (and others) in the case caption *Loomer, et al., v. Coleman, et al*, 15th Circuit (Fla.) Case No. 502023CA010810XXXXMB (the "State Court Case").

1

4. DLG served Proposal for Settlement on Loomer (the "PFS") in the State Court case. DLG also served a Motion for Sanctions pursuant to §57.105, Fla. Stat. (the "57.105 Motion") in the State Court Case asserting that Loomer's claims are without good faith basis in law or fact.

5. CAIR became aware of the PFS and the 57.105 Motion and, pursuant its settlement with Loomer, CAIR sought to compel Loomer to accept the PFS or, alternatively, to otherwise settle with DLG.

6. As set forth in CAIR's Expedited Motion for Contempt and to Enforce (Doc. 136) ("Motion to Enforce"), CAIR effectively accepted DLG's settlement offer in the State Court Case and sought to compel Loomer to accept DLG's settlement pursuant to its settlement with Loomer.

7. Loomer resisted CAIR's efforts to compel her to accept DLG's settlement and opposed CAIR's motion (Doc. 138). Notably, at the same time Loomer was also resisting settlement with Craig Young. However, any questions about CAIR's ability to enforce its settlement with Loomer have since been resolved by this Court, the Eleventh Circuit Court of Appeal, and the State Court in the State Court Case. Thus, it is clear there is no impediment to the Court granting the relief sought in the Motion to Enforce.

8. While CAIR's Motion to Enforce is ripe for adjudication, unfortunately, it has yet to be ruled upon.[1]

9. In an effort to bring about resolution to the Motion to Enforce – and hopefully secure the granting of same – DLG files this Motion to Intervene.

## **ARGUMENT**

10. Pursuant to Fed. R. Civ. P. 24, a party may seek intervention either as a matter of right or through permissive intervention. Permissive intervention allows a party to file a motion for

---

[1] DLG notes that Mr. Young was counsel of record for Loomer and, thus was actively involved in the proceedings of this case.

intervention when "the applicant has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

11. There are two requirements for permissive intervention: (1) the application to intervene was timely; and (2) the intervenor's claim or defense and the main action have a question of law or fact in common. *Purcell v. BankAtlantic Financial Corp.,* 85 F.3d 1508 (11th Cir. 1996). "If there is no right to intervene as of right under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b). *Worlds*, 929 F.2d at 595. "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *EEOC v. Eastern Airlines, Inc.*, 736 F.2d 635 (11th Cir. 1984).

12. DLG's motion is timely, as this Court, only recently, fully and finally resolved any questions regarding CAIR's ability to compel Loomer to settle with Coleman (*see*, January 31, 2025 Paperless Order (Coc. 148)) and Loomer filed a Voluntary Dismissal with Prejudice as to Young in the State Court Case.

13. Here, the second requirement is also satisfied because DLG has questions of law and fact in common with the pending Motion to Enforce. To that end, the most significant legal issue is whether Loomer must accept DLG's settlement offer, and the determination of this issue is common to CAIR and Loomer.

14. For purposes of this Motion to Intervene DLG states that it fully supports CAIR's Motion to Enforce and has no intention of filing anything – unless the Court directs otherwise – as CAIR has sufficiently stated is position.

WHEREFORE Defendant, DHILLON LAW GROUP, INC., respectfully requests that the Court grant this Motion to Intervene so that it can, to the extent necessary, advocate in support of

3

Defendants, CAIR FLORIDA, INC., and CAIR FOUNDATION's, Motion to Enforce, and award any other relief the Court deems just and proper.

Respectfully submitted this 18th day of April, 2025

        **SHENDELL & POLLOCK, P.L.**
        *Attorneys for DLG*
        951 Yamato Road, Suite 280
        Boca Raton, Florida 33431-1809
        Tel: 561 241-2323
        Fax: 561-241-2330

By: */s/ Seth A. Kolton*
        **Seth A. Kolton, Esq.**
        Florida Bar No. 0021045
        seth@shendellpollock.com
        donna@shendellpollock.com
        grs@shendellpollock.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: */s/ Seth A. Kolton*
        **Seth A. Kolton, Esq.**
        Florida Bar No. 0021045
        seth@shendellpollock.com
        **SHENDELL & POLLOCK, P.L.**
        951 Yamato Road, Suite 280
        Boca Raton, Florida 33431-1809
        Tel: 561 241-2323
        Fax: 561-241-2330