**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION**

| | |
|---|---|
| ILLOOMINATE MEDIA, INC., a Florida Corporation, and <br><br> LAURA LOOMER, a Florida individual <br><br>   Plaintiffs, <br><br> v. <br><br> CAIR FOUNDATION, a District of Columbia corporation, et. al. <br><br>   Defendants. | Case No. 19-CV-81179 <br><br> Judge Rodolfo A. Ruiz <br> U.S. District Judge <br><br> Judge Bruce E. Reinhart <br> U.S. Magistrate Judge |

**NOTICE RE ORDER AT ECF 151**

Defendants, CAIR FOUNDATION and CAIR Florida, Inc. (collectively herein CAIR) file this notice of supplemental authority regarding the Court's Order ECF No. 151. advising the Court (1) whether (other than the request for attorneys' fees and costs) the Motion to Compel at ECF No. 136 is now moot and (2) if not, what further remedies (other than attorneys' fees and costs) Defendants seek and the legal basis for those remedies.

The motion to compel (ECF No 136) is not moot and Defendants still seek all the remedies (including contempt) requested in the motion. There have been two separate motions to enforce the settlement agreement and/or for contempt. Plaintiffs have not complied in any way with the direction to settle with this second motion regarding *Dhillon Law Group*, as opposed to the first motion regarding settlement with Craig Young. Plaintiffs' failures in connection with this second separate motion regarding Dhillon Law Group, are analogous should be appropriately compelled under the same reasoning the Court previously made with respect to Craig Young. Notwithstanding Judge Ruiz's "warn[ing] that any further dilatory actions on behalf of Plaintiffs to unnecessarily prolong this

1

litigation will result in sanctions," Plaintiffs persist with their refusal to comply. ECF No. 148.

The Court's Order that "Plaintiffs have complied with the terms of the [Consent Decree[1]]" is only partially accurate, as that relates to the Criag Young matter but not the Dhillon Law Group matter. ECF No. 151. Thus, Defendants still seek remedies from this Court as to the proposed settlement with Dhillon Law Group. The expedited motion at ECF No. 136 was about Dhillon's "combined offer to Plaintiffs to settle its portion of *Coleman* for $24,000.00." ECF No. 136 at 3. And — despite the Court's order explaining why the Consent Decree required them to comply with such a direction — Plaintiffs still refuse to sign the *separate* settlement with Dhillon Law Group to this date. *See* ECF No. 136 at 7; *see also,* ECF No. 139 ¶¶ 7-8. Dhillon had initially made an "exploding" offer — which was why Defendants sought relief before November 13, 2024.[2] But as Dhillon has clarified, the offer remains open, and all that remains is for Plaintiffs to do what the Court already said they have to with regard to Young: "execute documentation to finalize the [Dhillon] Settlement Agreement on or before [a date certain]." ECF No. 128 at 5 (Young-specific items edited).

Since Plaintiffs have categorically refused to do so, Plaintiffs therefore still seek (1) enforcement, (2) contempt, and finally, given Judge Ruiz's Order at ECF No. 148, (3) sanctions.[3]

As for the "legal basis for those remedies" (ECF no. 151 at 2), for enforcement, Plaintiffs are required to comply with that direction for the reasons explained in ECF No. 136, and in the Court's Order at ECF No. 128. And for contempt, given that Plaintiffs have in hand this Court's Order at ECF No. 128 and are still refusing to obey the Consent Decree's clear language, it is abundantly clear

---

[1] To disambiguate from the settlements in *Coleman*, this Notice refers to the Court Ordered settlement in *this* case as the "Consent Decree."
[2] To the extent the offer was now off the table, that would only make the amount of a penalty for contempt different — not end the need for the Court to enter relief for Plaintiffs deliberate violation of the Court's Order.
[3] Per the Court's Order, this list is "other than attorneys' fees and costs." ECF No. 151 at 2. However, Defendants reserve and maintain that attorneys fees and costs must still be awarded.

Plaintiffs' violations of the Consent Decree are willful, calling for clearer, coercive contempt.  Finally, for sanctions, Judge Ruiz was clear — with mandatory language — that "*any* further dilatory actions on behalf of Plaintiffs to unnecessarily prolong this litigation *will* result in sanctions."  ECF No. 148 (emphasis added).  Given that the legal issues here have already been resolved (and appealed unsuccessfully), Plaintiffs' refusals to sign the Dhillon settlement are "further dilatory actions" that the Court has already warned "*will* result in sanctions."  *Id.*

As for the form of contempt and sanctions, Defendants believe the Court should award a penalty for the long delay in Defendants getting the benefit of the bargain represented by the Consent Decree.  The motion sought "a daily fine, beginning at least as early as the date this Court enters an Order on this motion and set to escalate for continued non-compliance."  ECF No. 136 at 7; *see also* ECF No. 136-4 ¶ 4.  Since it was clear, at the absolute latest, that there was no basis for Plaintiffs to refuse to sign the Dhillon settlement as of January 31, 2025 (*see* ECF No. 148), and Plaintiffs even received a warning that "any further dilatory actions on behalf of Plaintiffs to unnecessarily prolong this litigation will result in sanctions" after that date (ECF No. 148), Defendants believe a penalty of $100 per day since then would be appropriate.

For all these reasons, Defendants request this Court revise its Order (ECF 151) and find Plaintiffs in civil contempt, ordering compliance with the settlement agreement in connection with Dhillon Law Group, and awarding attorneys' fees and costs.

Dated June 30, 2025

BY: /s/ Darren Spielman
Darren Spielman (FBN 010868)
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue, Suite 500
Fort Lauderdale, FL 33309
(754) 300-1500
dspielman@conceptlaw.com
*Counsel for CAIR Florida, Inc.*

Remy Green *(admitted pro hac vice)*
COHEN&GREEN P.L.L.C
1639 Centre St. Suite 216 Ridgewood, NY 11385
(929) 888-9480

CAIR LEGAL DEFENSE FUND
LEFA F. MASRI (DC: 1000019)
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
ldf@cair.com


*Counsel for CAIR Foundation, Inc.*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2025, I have filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<i><u>Darren Spielman</u></i>

Darren Spielman

via U.S. Mail to:
Pro Se Laura Loomer
2046 Treasure Coast Plaza
Suite A #138
Vero Beach, FL 32960