UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-cv-81179-RUIZ/REINHART

ILLOOMINATE MEDIA, INC., et al,

            Plaintiffs,

vs.

CAIR FLORIDA, INC., et al.,

            Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO COMPEL COMPLIANCE
## [ECF No. 136]

Plaintiffs Laura Loomer and Illoominate Media, Inc., and Defendants, CAIR Florida, Inc., CAIR Foundation, collectively ("Defendants") settled this case in July 2023. ECF No. 105. Section 3 of their Settlement Agreement discusses malpractice claims against Ms. Loomer and Illoominate's prior attorneys. Those claims are identified as "*Coleman.*" ECF No. 105 ¶3. (emphasis in original). According to the Settlement Agreement,

> CAIR shall have final sign off power on; veto power over; and substantive control of Plaintiff's authority to settle *Coleman* including through any offer of judgment.  Plaintiffs may not settle *Coleman* without CAIR's written consent and failure to obtain such consent is a substantive breach of this Settlement.

*Id*. ¶3a. This Court retained jurisdiction to enforce the Agreement. ECF No. 106. Section 5 of the Settlement Agreement calls for contempt for failure to comply unless

compliance is impossible. ECF No. 105 ¶5a. Section 5 also awards CAIR its "reasonable costs and attorneys' fees for any motion to enforce." *Id.* ¶5b.

Defendants move to compel compliance with the settlement agreement, specifically the *Coleman* provision. ECF No. 136. Defendants say Plaintiffs refuse to sign another settlement agreement with one of the *Coleman* Defendants, the Dhillon Law Group. ("Dhillon Settlement Agreement"). *Id.* Defendants argue Ms. Loomer and Illoominate's refusal violates the already-agreed term that gives CAIR "substantive control of [Ms. Loomer and Illoominate]'s authority to settle *Coleman.*" *Id.*

In response, Ms. Loomer says that Defendants did not have authority to attempt to settle *Coleman*. ECF No. 137.[1] Illoominate has not responded and the time to file a response has expired.

I have reviewed the Motion to Compel, Ms. Loomer's Response, the Reply, and the Settlement Agreement. ECF Nos. 105, 136, 137, 139. For the reasons stated below, Defendants' Motion to Compel Compliance is **GRANTED IN PART.** Defendants' request for contempt and attorneys' fees is taken under advisement.

I. DISCUSSION

When a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its

---

[1] In her response, Ms. Loomer also moved to stay Defendants' Motion to Compel Compliance while her appeal of this Court's prior Order compelling Plaintiffs to comply was pending. ECF No. 137. The Eleventh Circuit later dismissed the appeal for lack of jurisdiction. ECF No. 145.

terms, the court has the jurisdiction to enforce the terms of the settlement agreement even if the terms are outside the scope of the remedy sought in the original pleadings. *Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 803 (Fla. 2003). "However, the extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement." *Id.*

At the request of the parties, this Court retained jurisdiction to enforce the terms of the Settlement Agreement. The relevant binding terms in their Settlement Agreement are that Defendants have "sign off power on; veto power over; and substantive control of Plaintiff's authority to settle *Coleman*." ECF No. 105.

The Dhillon Law Group is one of the *Coleman* Defendants. Defendants reached a settlement with the Dhillon Law Group and both Ms. Loomer and Illoominate refused to sign off on it.

Ms. Loomer does not dispute that she refused to sign the Dhillon Settlement Agreement or that the terms of *her own* Settlement Agreement call for contempt for failure to comply. The Agreement says,

> **a. Compliance and Contempt.** For avoidance of doubt, an intentional violation of this Settlement shall constitute contempt of Court, except that Plaintiffs may raise a defense that compliance is "factually impossible" to any contempt proceeding. *See generally, Yimbly, Inc. v. Fedak,* 2017 U.S. Dist. LEXIS 96700, at *9-10 (S.D.N.Y. June 22, 2017) ("a party may defend against a contempt by showing that compliance is factually impossible, but that party bears the burden of producing in raising the defense") (cleaned up); *Ramgoolie v. Ramgoolie,* 2020 U.S. Dist. LEXIS 33145, at *7 (S.D.N.Y. Feb. 25, 2020) (similar).

> b. **Costs and Fees.** CAIR shall be entitled to its reasonable costs and attorneys' fees for any motion to enforce, which shall include any other work required [].
>
> c. **Equity and Contempt Jurisdiction.** Plaintiffs stipulate and waive any objections to the Court's Jurisdiction over enforcement of this Settlement, including the Court's contempt and equity jurisdiction.

ECF No. 105 ¶5a–c.

So, according to the Settlement Agreement, the next question is whether Ms. Loomer has shown her compliance "would have been impossible." She has not. She says the settlement agreement is "unethical and illegal" … and that Defendants "[were not] granted authorization to secretly settle away [her] rights []." ECF No. 137 at 2. But, she contracted her "sign off power, veto power over, and substantive control of [her] to settle *Coleman*" away when she entered into the Settlement Agreement with Defendants. ECF No. 105 (emphasis in original).

## II.     CONCLUSION

The Motion to Compel Compliance is GRANTED as to Ms. Loomer and GRANTED by default as to Illoominate. Plaintiff in her individual capacity and as Illoominate's corporate representative is hereby ORDERED to execute documentation to finalize the Dhillon Settlement Agreement on or before August 13, 2025.

The Plaintiffs are further cautioned that failure to comply with this order will constitute conduct potentially subject to additional contempt sanctions. I take Defendants' Motion for contempt and attorneys' fees under advisement.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of July 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE