IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ILLOOMINATE MEDIA, INC ET AL

Plaintiffs

v.

CAIR FLORIDA, INC., et al

Defendants.

FILED BY _____ PCS _____ D.C.

JUL 29 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Case Number:   9:19-cv-81179

## PLAINTIFF LAURA LOOMER'S OBJECTION TO MAGISTRATE BRUCE REINHART'S ORDER ON DEFENDANTS' MOTION TO COMPEL COMPLIANCE

Plaintiff Laura Loomer ("Ms. Loomer") hereby objects to Magistrate Judge Bruce Reinhart's ("Magistrate Reinhart") July 15, 2025 Order on Defendants' Motion to Compel Compliance (the "Order"). Ms. Loomer respectfully requests that the presiding judge, the Honorable Rodolfo Ruiz ("Judge Ruiz") expeditiously review this objection and issue a final order which, if necessary, can be appealed to the U.S. Court of Appeals for the Eleventh Circuit ("Eleventh Circuit")[1]

Similar to Craig Young ("Young"), Dhillon Law Group ("Dhillon") also has attempted to settle away their liability in the ongoing attorney malpractice case styled *Loomer v. Coleman et al*, 50-2023-CA-010810-XXXX-MB (15th Jud. Cir. Fla.) (the "Malpractice Case") in secret, without the knowledge and consent of Ms. Loomer. The sole basis for Dhillon and Defendants

---

[1] This issue arose in Ms. Loomer's appeal of Craig Young's having settled his liability away to in secret in the appeal to the Eleventh Circuit  24-13324. In that appeal the Eleventh Circuit found that ""[d]ecisions by a magistrate [judge] pursuant to 28 U.S.C. § 636(b) are not final orders and may not be appealed until rendered final by a district court." When Ms. Loomer moved Judge Ruiz to therefore issue a final order that could be appealed, Judge Ruiz, in his January 31, 2025 minute order denied this request because "Plaintiffs had a chance to, but did not, appeal the Order within fourteen days of receiving it." ECF No. 148. Here, there is no question that Ms. Loomer is timely objecting to Magistrate Reinhart's order.

1

CAIR's false assertion that they are entitled to settle away Dhillon's liability in the Malpractice Cases stems from one provision of the Settlement Agreement:

> **Veto Power and Settlement Authority**. CAIR shall have final sign off power on; veto power over, and substantive control of Plaintiffs' authority to settle *Coleman*, including through any offer of judgment. Plaintiffs may not settle *Coleman* without CAIR's written consent, and failure to obtain such consent is a substantive breach of this Settlement. Exhibit A.

On the other hand, there are numerous compelling reasons why such an illegal, unethical agreement between Dhillon and CAIR cannot be enforced in this Court, or anywhere else.

*First*, nowhere in this "Veto Power and Settlement Authority" provision is CAIR granted authorization to secretly settle away Ms. Loomer's substantive rights with the Defendants in the Malpractice Case. The plain language of this provision shows that CAIR has veto power and final say only over whether to accept a settlement that has been worked out between Ms. Loomer and the Defendants in the Malpractice Case. The practical effect of this provision – which is what both parties bargained for - is that **both Plaintiffs and CAIR must agree to any settlement**. It does not give CAIR the right to secretly negotiate and accept a settlement in this instant malpractice affecting Ms. Loomer's rights, which Ms. Loomer never would have accepted.

*Second*, pursuant to subsection 3(c) of the Settlement Agreement, Exhibit A, "the amount due out of any recovery – whether by settlement, judgment, or otherwise – **shall be the Full Amount Due….**" Here, CAIR has violated the terms of the Settlement Agreement by attempting to settle away Dhillon's liability for far less than the amount due. Thus, the illegal and unethical settlement agreement is void on this basis as well.

*Third*, as a matter of public policy, it is clear that this unethical, secret attempted settlement between Dhillon and CAIR cannot be allowed to stand. Parties cannot be permitted to

2

settle away their liabilities to parties which are completely uninvolved in the litigation. This creates a nonsensical precedent. Dhillon and CAIR are certainly aware of this, which is why they operated in secret and without the knowledge and consent of Ms. Loomer.

WHEREFORE, Dhillon and CAIR's attempted settlement, which was done in secret and without the knowledge and consent of Ms. Loomer cannot be allowed to stand. This settlement must be voided and Dhillon must be ordered to continue in the Malpractice Case.

Dated: July 28, 2025 　　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Laura Loomer*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Laura Loomer
　　　　　　　　　　　　　　　　　　　　　　　　　　　　PO Box 651444
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Vero Beach, FL 32965
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Laura.loomer93@gmail.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Pro Se*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 28, 2025, the foregoing was served on counsel for Defendants via U.S. mail at:

J. Remy Green
1639 Centre St., Ste. 216, Ridgewood NY 11385

　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Laura Loomer*

3

July 258 2025

Via Federal Express

U.S. District Court for the Southern District of Florida
Clerk of the Court
701 Clematis Street, Room 202
West Palm Beach, FL 33401

Re:   *Illoominate Media Inc et al v. CAIR Florida Inc et al*, **9:19-cv-81179**

Dear Clerk

Enclosed herein is Plaintiff's Objection to Order of Magistrate Judge Bruce Reinhart. This must be filed in the above referenced case on or before Tuesday, July 29, 2025

Sincerely,

Laura Loomer
Plaintiff Pro Se

cc: Hon. Rodolfo Ruiz
Wilkie D. Ferguson, Jr. United States Courthouse
400 N. Miami Avenue
Courtroom 11-2
Miami, FL 33128

Hon. Bruce Reinhart
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street
West Palm Beach, Florida 33401

*Orig. + one copy enclosed*

Align top of FedEx Express® shipping label here.

ORIGIN ID:MHRA  (561) 558-5336
LARRY KLAYMAN
7050 W PALMETTO PARK RD

BOCA RATON, FL 33433
UNITED STATES US

SHIP DATE: 28JUL25
ACTWGT: 0.20 LB
CAD: 6570960/ROSA2650

TO  U.S DISTRICT COURT FOR THE SOUTHERN
    DISTRICT OF FLORIDA — CLERK OF COURT
    701 CLEMATIS ST
    RM 202
    WEST PALM BEACH FL 33401
    (561) 558-5336      REF:
    INV:
    PO:                 DEPT:



FedEx Express
E

TRK# 8831 2606 9530     TUE — 29 JUL 10:30A
0201                    PRIORITY OVERNIGHT

XX PBIA                 33401
                        FL-US  PBI



Envelope
Recycle me.