UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-cv-81179-RUIZ/REINHART

ILLOOMINATE MEDIA, INC., et al,

        Plaintiff,

vs.

CAIR FLORIDA, INC., et al.,

        Defendant.

_____/

## ORDER ON DEFENDANTS' MOTION TO STAY [ECF No. 179]

Plaintiffs Laura Loomer and Illoominate Media, Inc., and Defendants CAIR-Florida, Inc. and CAIR Foundation settled this case in July 2023. ECF No. 105. One of the terms of the settlement was that Plaintiffs would pay $73,500 to Defendants. There was to be a $12,000 initial payment followed by monthly payments of $1,200 ("the settlement payments"). ECF No. 105-1 at 2. This Court approved the settlement and retained jurisdiction to enforce it. ECF No. 106. It appears that Plaintiffs still owe approximately $3,900. ECF No. 179 ¶6.

Plaintiffs now move to stay further settlement payments. *Id*. Defendants oppose a stay. ECF No. 181. The time for Plaintiffs to file a Reply has passed. I am fully advised and this matter is ripe for decision.

On December 8, 2025, the Governor of Florida issued an Executive Order designating the Council on American-Islamic Relations (CAIR) as a terrorist

organization. ECF No. 179-2.[1] The Executive Order directed the Florida Department of Law Enforcement and the Florida Highway Patrol to "undertake all lawful measures to prevent unlawful activities in Florida by [CAIR]." The Executive Order also said:

> Unless prohibited by federal or state law, all other Executive and Cabinet Agencies [of the State of Florida] shall further undertake all lawful action to prevent [CAIR] or any other person known to have provided material support or resources to [CAIR] as defined in section 775.33(1)(c), Florida Statutes, from receiving any contract, employment, funds, or other benefit or privilege from such Executive or Cabinet Agency or any entity regulated by such Executive or Cabinet Agency or from any County or Municipality of the State.

ECF No. 179-1 §2. Defendants have filed a suit for declaratory and injunctive relief in the Northern District of Florida that challenges the validity of the Executive Order. ECF No. 179-2.

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion," *Nken v. Holder*, 556 U.S. 416, 433-34 (2009). In exercising its discretion, the Court applies a four factor analysis: (1) whether the stay applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.*

---

[1] The Executive Order applies to CAIR. The Defendants in this lawsuit are CAIR-Florida, Inc. and the CAIR Foundation. No party has argued that the entity named in the Executive Order is different from the Defendants in this lawsuit. Therefore, I will assume the Executive Order applies to the Defendants.

> Among these four factors, the first and second "are the most critical." *Id.* at 434. "To satisfy its burden as to those [two] factors, the party seeking the stay must show more than the mere possibility of success on the merits or of irreparable injury." *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019); *accord Nken*, 556 U.S. at 434–35.
>
> Indeed, "[a] stay is not a matter of right" but rather "an exercise of judicial discretion," *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926), and so the "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion," *Nken*, 556 U.S. at 433–34. Where the balance of equities identified in the second, third, and fourth factors weighs heavily in favor of granting the stay, "we relax the likely-to-succeed-on-the-merits requirement" of the first factor. *League of Women Voters*, 32 F.4th at 1370; *accord Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

*Fla. v. United States,* No. 23-11528, 2023 WL 3813774, at *1 (11th Cir. June 5, 2023).

The first *Nken* factor is likelihood of success on the merits. Plaintiffs have not identified what the relevant "merits" are. Presumably, it is that the Executive Order will be found to be valid and enforceable. Plaintiffs have not addressed this factor, and the record is devoid of evidence or argument on whether the Executive Order is likely to be upheld. So, Plaintiffs have not met their burden of showing a strong likelihood of success on the merits.

Plaintiffs have not shown that they will suffer irreparable injury if they are required to continue making the settlement payments. The Executive Order mandates two things: (1) enforcement of existing laws against CAIR, and (2) denying government contracts or benefits to CAIR or persons who provide material support to

3

CAIR. I assume for purposes of this motion that the settlement payments would qualify as material support under Florida law.[2]

The only new potential harm to Plaintiffs arising from the Executive Order is that they could be denied government contracts or benefits if they make future settlement payments. They have not offered any evidence that they are seeking — or plan to seek — government contracts or benefits that could fall under the Executive Order.[3] Far from showing irreparable injury, Plaintiffs have not shown *any* injury that will result if the stay is denied.[4]

---

[2] Florida law defines "material support or resources" as:

> any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safe houses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, or transportation. The term does not include medicine or religious materials.

Fla. Stat. §775.33(1)(c).

[3] Outside of the Executive Order, Florida law criminalizes certain transaction with a "designated foreign terrorist organization," including providing material support or resources to that organization. Fla. Stat. §775.33 It defines "designated foreign terrorist organization" as "an organization designated as a terrorist organization under §219 of the Immigration and Nationality Act." 775.33(1)(a) (cross referencing 775.32(1)(b)). There is no evidence that Defendants are designated under §219 of the INA. So, Plaintiffs are not at risk of being prosecuted under this statute.

[4] If other Florida laws prohibit the settlement payments, those prohibitions existed before the Executive Order and were never invoked by Plaintiffs as a reason not to pay.

Granting a stay will substantially harm Defendants. Plaintiffs say Defendants will not be harmed because the money will be held in trust for later distribution. Plaintiffs ignore that delaying a payment causes harm. Here, as part of the settlement, Defendants agreed to reduce their attorneys' fee award in return for a certain payment schedule. Granting a stay will deprive them of the benefit of their bargain.

Finally, the public interest cuts against a stay. This case was filed in August 2019 and was dismissed three months later. ECF Nos. 1, 33. After that dismissal was affirmed on appeal, the case returned to this Court in February 2021. After two more years of post-judgment litigation, the parties reached a settlement. ECF No. 105. Almost three years later, there is ongoing litigation to enforce the settlement. Plaintiff is required to make approximately three more settlement payments. If a stay is granted, the parties will eventually have to return to the Court for further rulings. It is not in the public interest to continue expending judicial resources on this case.

The Motion to Stay is DENIED.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 29th day of January 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE